1  William J. Becker, Jr., Esq. (SBN: 134545)
2  Bill@FreedomXLaw.com
   **FREEDOM X**
3  11500 Olympic Blvd., Suite 400
   Los Angeles, California 90064
4  Telephone: (310) 636-1018

5
6  Counsel for Defendant, *Christian Epting*

7

8              **UNITED STATES DISTRICT COURT**
               **CENTRAL DISTRICT OF CALIFORNIA**
9                    **SOUTHERN DIVISION**

10

11 CHRISTOPHER KLUWE,                    Case No. 8:25-cv-1648 FWS (JDEx)

12           Plaintiffs,                 *Hon. Fred W. Slaughter*

13      vs.                              **DEFENDANT'S NOTICE OF**
                                         **MOTION AND MOTION TO**
14 HUNTINGTON BEACH UNION HIGH           **DISMISS PLAINTIFF'S FALSE**
   SCHOOL DISTRICT; CAROLEE              **LIGHT CLAIM PURSUANT TO**
15 OGATA, in her individual and official **FED. R. CIV. P. 12(b)(1) AND**
   capacities as Superintendent of      **12(b)(6)**
16 Huntington Beach Union High School
   District; SUSAN HENRY, in her
17 individual and official capacities as  Date:     September 18, 2025
   President of the Board of Trustees of the Time:  10:00 a.m.
18 Huntington Beach Union High School    Ctrm:     10D
   District; DANIEL BRYAN, in his
19 individual and official capacities as
   Assistant Superintendent, Human
20 Resources at Huntington Beach Union   Compl. Filed: August 8, 2025
   High School District; DANIEL
21 MORRIS, in his individual and official
   capacities as Principal of Edison High
22 School; EDWARD BEGANY, in his
   individual and official capacities as
23 Assistant Principal, Supervision at

24

25

26

27                                    1              Case No. 8:25-cv-1648 FWS (JDEx)

28 **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FALSE**
      **LIGHT CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

Edison High School; and CHRISTIAN EPTING, an individual,

Defendants.

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 18, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 10D of the Ronald Reagan Federal Building and United States Courthouse, located at 411 West Fourth Street, Santa Ana, California, before the Honorable Fred W. Slaughter, Defendant Christian Epting will and hereby does move this Court for an order dismissing Plaintiff's state law claim for false light invasion of privacy.

This motion is made pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). First, the Court lacks supplemental jurisdiction under 28 U.S.C. § 1367 because the false light claim does not share a "common nucleus of operative fact" with Plaintiff's federal § 1983 claims, and alternatively jurisdiction should be declined under § 1367(c). Second, even if jurisdiction were proper, dismissal is warranted under Rule 12(b)(6) because the Complaint fails to allege facts sufficient to state a plausible false light claim, including facts establishing falsity, offensiveness, actual malice, causation, or damages.

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the pleadings and records on file in this action, the

2

Case No. 8:25-cv-1648 FWS (JDEx)

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

concurrently submitted [Proposed] Order, and any further argument or evidence presented at or before the hearing.

DATED: August 27, 2025              Respectfully submitted,

                                    **FREEDOM X**

                            By:  /s/ William J. Becker, Jr.
                                 William J. Becker, Jr., Esq.
                                 Attorney for Plaintiffs

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

I.    INTRODUCTION ........................................................................................... 1

II.   LEGAL STANDARD ..................................................................................... 2

III.  BACKGROUND .............................................................................................. 3

    A.    Plaintiff's Relevant Background ................................................................. 3

    B.    Defendant Christian Epting's Relevant Background ............................... 4

    C.    The City Council Incident .......................................................................... 4

    D.    The Bluesky Post and the Complaint's Allegations Against Epting ......... 6

    E.    Plaintiff's History of Provocative Online Statements ............................... 9

IV.   ARGUMENT .................................................................................................. 10

    A.    The Court Lacks Supplemental Jurisdiction Over Plaintiff's False Light Claim ................................................................................................. 10

    B.    Plaintiff's False Light Claim Fails to State a Claim Under Rule 12(b)(6) ...................................................................................................... 12

        1.    Introduction ....................................................................................... 12

        2.    Plaintiff Fails to Allege Facts Showing Defendant Created a False Impression .............................................................................. 13

        3.    Plaintiff Fails to Allege a "Highly Offensive" Portrayal ............. 18

        4.    Plaintiff Cannot Plausibly Allege That Defendant Caused His Termination ................................................................................ 21

        5.    Plaintiff's Damages Claim Is Barred by Statute and Fatally Deficient ............................................................................................ 22

V.    CONCLUSION ............................................................................................... 23

i

Case No. 8:25-cv-1648 FWS (JDEx)

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

# TABLE OF AUTHORITIES

## Cases

*Acri v. Varian Assocs., Inc.*
    114 F.3d 999 (9th Cir. 1997)..............................................................2

*Ashcroft v. Iqbal*
    556 U.S. 662, 678 (2009)...............................................2, 12, 13, 15

*Bahrampour v. Lampert*
    356 F.3d 969 (9th Cir. 2004)....................................................10, 12

*Barger v. Playboy Enters., Inc.*
    564 F. Supp. 1151 (N.D. Cal. 1983), aff'd, 732 F.2d 163 (9th Cir. 1984) ...17

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007)......................................................2, 3, 12, 15

*De Havilland v. FX Networks, LLC*
    21 Cal. App. 5th 845 (2018) ................................................18

*Evans v. Unkow*
    38 Cal. App. 4th 1490 (1995) ...............................................23

*Executive Software N. Am., Inc. v. U.S. Dist. Court*
    24 F.3d 1545 (9th Cir. 1994)................................................11

*Fellows v. Nat'l Enquirer, Inc.*
    42 Cal. 3d 234 (1986) ................................................13, 18

*Flowers v. Carville*
    310 F.3d 1118 (9th Cir. 2002).........................................13, 18, 21

*Harris v. City of Seattle*
    315 F. Supp. 2d 1112 (W.D. Wash. 2004)..............................13, 18

*Herman Family Revocable Trust v. Teddy Bear*
    254 F.3d 802 (9th Cir. 2001)................................................11

Case No. 8:25-cv-1648 FWS (JDEx)

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

*Jackson v. Mayweather*
    10 Cal. App. 5th 1240 (2017) ................................................................18, 20

*Masson v. New Yorker Magazine, Inc.*
    501 U.S. 496 (1991) ........................................................................14, 19

*Milkovich v. Lorain Journal Co.*
    497 U.S. 1 (1990) ............................................................................15, 19

*Moore v. City of Vallejo*
    73 F.4th 781, 794 (9th Cir. 2023) ...................................................11, 12

*New York Times Co. v. Sullivan*
    376 U.S. 254 (1964) ...............................................................................13

*Newcombe v. Adolf Coors Co.*
    157 F.3d 686 (9th Cir. 1998) .................................................................23

*Safe Air for Everyone v. Meyer*
    373 F.3d 1035 (9th Cir. 2004) .................................................................2

*Selleck v. Globe Int'l, Inc.*
    166 Cal. App. 3d 1123 (1985) .........................................................18, 20

*Snyder v. Phelps*
    562 U.S. 443 (2011) ...............................................................................21

*Standing Comm. on Discipline v. Yagman*
    55 F.3d 1430 (9th Cir. 1995) ...........................................................15, 19

*United Mine Workers v. Gibbs*
    383 U.S. 715 (1966) .................................................................................2

**Statutes**

28 U.S.C. § 1367 ...................................................................................passim

28 U.S.C. § 1367(a) ....................................................................................10

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

28 U.S.C. § 1367(c)(2) ................................................................2

42 U.S.C. § 1983 ..............................................................1, 10

Calif. Civ. Code § 48a ......................................................22, 23

**Rules**

Fed. R. Civ. P. Rule 12(b)(1) ..........................................2, 12, 24

Fed. R. Civ. P. Rule 12(b)(6) ..............................................passim

Case No. 8:25-cv-1648 FWS (JDEx)

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This motion seeks dismissal of Plaintiff's state-law false light claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The claim should be dismissed for two independent reasons.

First, the Court lacks supplemental jurisdiction under 28 U.S.C. § 1367. Plaintiff's federal claims allege constitutional retaliation and due process violations under 42 U.S.C. § 1983 against the Huntington Beach Union High School District and its officials. Those claims require proof of state action, viewpoint discrimination, and unconstitutional employment decisions. By contrast, the false light claim against Defendant Epting—a private citizen—turns on whether his republication of Plaintiff's own social-media words was false or misleading, highly offensive, made with actual malice, and proximately caused damages. These elements and the facts underlying them are wholly distinct, and thus the state and federal claims do not share a "common nucleus of operative fact" as required by § 1367(a).

Second, even if jurisdiction were proper, the false light claim fails under Rule 12(b)(6). The Complaint does not allege facts showing that Defendant altered Plaintiff's words, that his brief commentary was "highly offensive" to a reasonable person, that he acted with actual malice, that his post proximately caused

Case No. 8:25-cv-1648 FWS (JDEx)

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

Plaintiff's alleged harms, or that Plaintiff suffered cognizable damages. Conclusory assertions are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Because the Court lacks subject matter jurisdiction, and because Plaintiff's allegations fail to state a claim even if jurisdiction existed, the false light claim should be dismissed with prejudice.

## II.    LEGAL STANDARD

A complaint may be dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1). The party invoking federal jurisdiction bears the burden of establishing it, and courts may consider evidence outside the pleadings when jurisdiction is challenged. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Supplemental jurisdiction extends only to state-law claims sharing a "common nucleus of operative fact" with the federal claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Even when that test is met, a court may decline jurisdiction where the state claim substantially predominates or other compelling reasons exist. 28 U.S.C. § 1367(c)(2), (4); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

Separately, dismissal is warranted under Rule 12(b)(6) where the complaint fails to state a claim upon which relief can be granted. To survive, a plaintiff must plead sufficient factual matter to state a claim that is plausible on its face. *Iqbal*,

2

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

556 U.S. at 678; *Twombly*, 550 U.S. at 555. Conclusory allegations or those based only on information and belief do not suffice. *Iqbal*, 556 U.S. at 678.

## III.    BACKGROUND

### A.    Plaintiff's Relevant Background

The Complaint alleges Plaintiff is a former NFL punter who was released from the Minnesota Vikings in 2013. (Compl., ¶¶ 2, 53.) He is a public figure and political activist who regularly uses social media to express his political and ideological views. (Compl., ¶ 131.) Plaintiff has also announced his candidacy for a seat on the Huntington Beach City Council, further establishing his role as a public figure actively engaged in political controversy.[1]

In 2019, Plaintiff was hired by the Huntington Beach Union High School District ("HBUHSD") as a freshman football assistant coach at Edison High School. (Compl., ¶ 51.) His role was classified as a seasonal "expert assignment specialist," renewed annually at the discretion of school officials and coaching staff, and did not include teaching duties or tenure protections. (*Id.*) The Complaint alleges Plaintiff continued in that role through February 2025, when his

---

[1]  Matt Szabo, Los Angeles Times,  "Huntington Beach activist Chris Kluwe planning state Assembly District 72 run," June 18, 2025: https://www.latimes.com/socal/daily-pilot/news/story/2025-06-18/huntington-beach-activist-chris-kluwe-planning-state-assembly-district-72-run

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

employment ended following the controversy surrounding his public statements and his appearance at a Huntington Beach City Council meeting. (*Id.*, ¶ 4.)

## B.    Defendant Christian Epting's Relevant Background

Defendant Christian Epting is a published author and local writer who resides in Long Beach, California. His work includes books on music, sports, and popular culture, and he maintains a personal website, chrisepting.com, where he describes his publications and professional activities. (Decl. Epting ¶ 3.) In addition to his published writing, Epting participates in online forums and social media discussions concerning local history, the classes he teaches, and other professional issues. (Decl. Epting ¶ 4.)

The Complaint attempts to portray Epting as a social media "provocateur" with a supposed reputation for instigating fights online. (Compl. ¶¶ 83–100.) Epting denies these allegations, explaining they are strident, irrelevant, and misleading, and instead reflect Plaintiff's effort to demonize those who disagree with him politically or ideologically. (Decl. Epting ¶ 5.)

## C.    The City Council Incident

On February 18, 2025, Plaintiff appeared during public comment at a Huntington Beach City Council meeting to oppose the "MAGA"-themed acrostic plaque at the city library. He read a prepared script that denounced "MAGA" and equated it with "a Nazi movement," then announced he would engage in "peaceful,

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

civil disobedience," stepped toward the dais where city council members were seated, despite not being recognized to do so.[2]

The incident led to his removal and arrest for disrupting the meeting by unlawfully approaching the dais. (Compl., ¶¶ 107-11.)[3] Plaintiff later appeared on national television, claiming he had been arrested for "speaking out against MAGA." (Compl. ¶¶ 5, 9.)[4] That characterization was misleading: no one cut off his speech, and no one arrested him for the content of his words. His arrest followed his disruptive approach toward councilmembers, a tactic that appeared deliberately choreographed to generate headlines. (*Id.*)

Shortly thereafter, Plaintiff confirmed public reports of his intention to run for the California State Assembly in District 72.[5] The City Council incident, and the ensuing media coverage, coincided with the launch of his candidacy—further underscoring its political theater.

---

[2] Rachel Brown, KABC, "Former NFL player Chris Kluwe loses job after protesting Huntington Beach library's 'MAGA' plaque," February 28, 2025: https://abc7.com/post/former-nfl-player-chris-kluwe-fired-arrest-protesting-huntington-beach-librarys-maga-plaque/15964279/

[3] *Id.*

[4] CNN, "Ex-NFL player who was arrested for protesting MAGA plaque speaks out,": https://www.cnn.com/2025/02/21/politics/video/chris-kluwe-maga-plaque-arrest-interview-digvid

[5] *See* n. 2.

Case No. 8:25-cv-1648 FWS (JDEx)

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

**D.    The Bluesky Post and the Complaint's Allegations Against Epting**

On February 23, 2025, Plaintiff posted a message on Bluesky labeled as a "PSA." In full, it stated:

Also, PSA, and I can't believe I have to say this: Stop fucking with the library. That's what the city council is doing. The library is great, as are the people who work there. Go fuck with the city council. Find where they work, and blow *those* places up.

(Compl., ¶ 146, Exh. 12.)

The Complaint alleges that Plaintiff originally posted the PSA with a video of himself and library employees, but that he later deleted the post. (*Id.*, ¶¶ 155, 162-63, 232.) It further alleges that Defendant altered the PSA by cropping out the video and reposting it. (*Id.*, ¶¶ 146, 149-50, 156, 157.)

On February 24, 2025, the Pride at the Pier Bluesky account posted in the same thread, urging readers not to harass librarians and instead to "direct your concerns to the council members." That post included the councilmembers' contact information. (Compl., Exh. 8.)

On February 26, 2025, Defendant reposted a screenshot of Plaintiff's PSA to the Huntington Beach Insider Facebook group. The screenshot showed Plaintiff's words as they then appeared online. Defendant added the comment: *"I hope the*

6

Case No. 8:25-cv-1648 FWS (JDEx)

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

*library renounces this kind of language and behavior."* (Decl. Epting ¶ 7; Compl., Ex. 12.)

In February 2025, Epting saw reports that Plaintiff had been arrested at a Huntington Beach City Council meeting after approaching the dais and disrupting the proceedings. (Decl. Epting ¶ 6.) A few days later, he observed Plaintiff's "PSA" post circulating online.

Epting did not crop, alter, or edit the post in any way. (Decl. Epting, ¶ 8.) The screenshot he shared was exactly what he saw online. (*Id.*) He had no knowledge of any video attached to Plaintiff's original, and to his understanding, Plaintiff deleted that original post. (*Id.*)

Community members also reposted Plaintiff's words, including the phrase "blow *those* places up," and debated whether it was meant literally or figuratively as "review bombing." (Compl., Exhs. 25, 31.)

That same day, Plaintiff had, in fact, deleted the PSA and posted clarifying remarks, writing that his earlier words were taken "out of context" and that he did not intend violence. (Compl., Exh. 18.)

On March 2 and 3, Defendant added clarifying posts, stating that he "never thought [Plaintiff] literally was threatening to blow up buildings." He explained that his concern was Plaintiff's suggestion of retaliatory action against businesses

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

connected to city officials, even if only by online review campaigns. (Compl., Exhs. 28.)

On March 3, 2025, the Huntington Beach Union High School District issued a ParentSquare release to parents, students, and staff. It announced that Plaintiff's discharge "was based on a public social media post made by Mr. Kluwe, which included a statement suggesting violence (see below)." (Compl., Exh. 29.)The release included a screenshot of Plaintiff's PSA, edited only to redact profanity. (*Id.*)

The Complaint is thick on conclusory and unsubstantiated allegations, and thin on evidence. For example, it alleges that "Defendant Christian Epting instigated the mob mentality that triggered the string of events leading to Kluwe's discharge." (Compl., ¶ 14.) It further alleges, without establishing any foundational basis, that "Epting did so first by altering the social media post at issue in a way that made it susceptible to an interpretation of promoting violence. He then transferred Kluwe's now-altered post from a platform friendly to Kluwe (the Democratic-leaning Bluesky) to a hostile audience in a MAGA-dominated Facebook group focused on Huntington Beach politics." (Compl., ¶ 15.)

The Complaint additionally asserts: "Mimicking a pattern of prior hit jobs, Epting then encouraged group members to amplify the notion that Kluwe is violent and unfit to be a high school football coach or City Council member." (Compl., ¶

Case No. 8:25-cv-1648 FWS (JDEx)

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

16.) And it continues: "Despite an utter lack of fair process or genuine effort to understand the truth, the School District's March 3rd press release attached the version of Kluwe's social media post that Epting had altered and repeated the political propaganda that Kluwe had promoted violence." (Compl., ¶ 17.)

### E.    Plaintiff's History of Provocative Online Statements

Plaintiff maintains an active online presence and has repeatedly used social media to make provocative and incendiary statements. For example, in a widely circulated post, he urged Dodger fans to make the stadium "a fucking nightmare" by "constantly" throwing "bags of oranges" onto the field. (Decl. Epting ¶ 10, Exh. 1.)

He has also directed hostility toward federal immigration officers. In separate posts, Plaintiff suggested triggering fire alarms in hotels where ICE agents were staying, encouraging simultaneous protests in multiple states to overwhelm law enforcement, and humiliating federal agents by smearing them with mayonnaise. (*Id.*, ¶¶ 11–12, Exhs. 2–3.)

Plaintiff has likewise engaged in online impersonation. On one occasion, he posed as Elon Musk and published a crude "urine" tweet, which was later reported publicly as a prank. For reasons unexplained, Plaintiff himself attached this "prank" post to his Complaint. (*Id.*, ¶ 13, Exh. 4.)

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FALSE
LIGHT CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

Plaintiff has also acknowledged and apologized for a prior "child rape" joke directed at his former Vikings coach, Mike Priefer, invoking convicted pedophile Jerry Sandusky. (*Id.*, ¶ 14, Exh. 5.)

In addition, Plaintiff frequently employs profanity-laced invective and Nazi analogies in his writings directed at political opponents. (*Id.*, ¶ 15, Exh. 6.) He has publicly referred to himself as "Troublemaker Extraordinaire," adopting that moniker as part of his online persona. (*Id.*, ¶ 16, Exh. 7.)

## IV.    ARGUMENT

### A.    The Court Lacks Supplemental Jurisdiction Over Plaintiff's False Light Claim

Supplemental jurisdiction extends only to state-law claims that form part of the same Article III "case or controversy" as the federal claims. 28 U.S.C. § 1367(a). This requires that the claims arise from a "common nucleus of operative fact" such that a plaintiff would ordinarily be expected to try them together. *Gibbs*, 383 U.S. at 725. Where the claims involve different conduct by different defendants and rest on distinct legal theories, supplemental jurisdiction is absent. *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004).

That principle controls here. Plaintiff's federal claims under 42 U.S.C. § 1983 allege constitutional retaliation and due-process violations by the Huntington Beach Union High School District and its officials. To prove those claims, Plaintiff must establish state action, viewpoint discrimination, protected speech, and

10                    Case No. 8:25-cv-1648 FWS (JDEx)

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

adverse employment decisions. By contrast, the sole state-law claim against Defendant Epting is for false light. That claim requires Plaintiff to prove that Epting's republication of his words was false or misleading, that the portrayal would be highly offensive, that Epting acted with actual malice, and that the republication proximately caused damages. These elements bear no resemblance to the proof required for the federal claims.

The Ninth Circuit has rejected supplemental jurisdiction where the overlap between state and federal claims is only tangential. In *Executive Software N. Am., Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1556 (9th Cir. 1994), the court held that jurisdiction fails where the claims "are only tangentially related" and would require "substantial additional evidence." Similarly, in *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806–07 (9th Cir. 2001), the court concluded that factually unrelated state claims fall outside § 1367 altogether. And just last year, the Ninth Circuit reaffirmed in *Moore v. City of Vallejo*, 73 F.4th 781, 794 (9th Cir. 2023), that "mere factual overlap" does not suffice; the question is whether the claims are so related that one would normally expect to try them together.

Here, no such relationship exists. The federal claims turn on the actions of school officials acting under color of state law. The false light claim turns on the independent actions of a private citizen, Epting, in reposting Plaintiff's social-media commentary. Trying those claims together would conflate unrelated

11

Case No. 8:25-cv-1648 FWS (JDEx)

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

evidence, involve entirely different witnesses, and risk jury confusion. As in *Bahrampour* and *Moore*, the claims are too distinct to support supplemental jurisdiction.

Because Plaintiff's false light claim does not share a common nucleus of operative fact with his § 1983 claims, this Court lacks jurisdiction under § 1367 (a). The claim should be dismissed under Rule 12(b)(1).

### B.    Plaintiff's False Light Claim Fails to State a Claim Under Rule 12(b)(6)

#### 1.    Introduction

Even if the Court were to exercise jurisdiction, Plaintiff's false light claim should be dismissed because it fails to state a claim upon which relief can be granted. To survive dismissal under Rule 12(b)(6), a complaint must plead sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Conclusory assertions, labels, and formulaic recitations of elements do not suffice. *Iqbal*, 556 U.S. at 678.

In California, a false light claim requires Plaintiff to allege: (1) that Defendant publicized information placing Plaintiff in a false light; (2) that the false light would be highly offensive to a reasonable person; (3) that Defendant acted with actual malice where, as here, Plaintiff is a public figure; and (4) that the publication proximately caused Plaintiff to suffer damages. *Fellows v. Nat'l*

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

12    Case No. 8:25-cv-1648 FWS (JDEx)

1    *Enquirer, Inc.*, 42 Cal. 3d 234, 238–39 (1986); *Flowers v. Carville*, 310 F.3d 1118,

2    1132–33 (9th Cir. 2002).

3         The Complaint fails at every step. It does not allege facts showing that

4    Defendant altered or falsified Plaintiff's own words; it does not plausibly allege

5    that Defendant's brief comments were "highly offensive" to an average reader; it

6    alleges no facts supporting actual malice, as required by *New York Times Co. v.*

7    *Sullivan*, 376 U.S. 254, 279–80 (1964); and it pleads neither causation nor

8    damages with the specificity Rule 8 requires. At most, the Complaint offers

9    conclusory assertions unsupported by factual allegations. Such pleading is

10   inadequate as a matter of law.

11

12             **2.    Plaintiff Fails to Allege Facts Showing Defendant Created a**
                        **False Impression**

13

14        A threshold element of false light is that the defendant publicized

15   information creating a false or misleading impression about the plaintiff. *Fellows*,

16   *supra*, 42 Cal. 3d at 238–39. Courts applying Rule 12(b)(6) routinely dismiss false

17   light claims where the complaint fails to allege facts showing that the defendant

18   materially altered or misrepresented the plaintiff's own words. *Flowers*, 310 F.3d

19   at 1133 (no false light where defendants merely repeated plaintiff's own

20   statements); *Harris v. City of Seattle*, 315 F. Supp. 2d 1112, 1123 (W.D. Wash.

21   2004) (conclusory allegations of falsity insufficient under *Iqbal*).

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FALSE
LIGHT CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

Here, Plaintiff's falsity theory rests entirely on bare assertions. He alleges: "Defendant Christian Epting instigated the mob mentality that triggered the string of events leading to Kluwe's discharge" (Compl. ¶ 14); that Epting "alter[ed] the social media post at issue in a way that made it susceptible to an interpretation of promoting violence" and then "transferred Kluwe's now-altered post" to a Facebook group (*id.* ¶ 15); that Epting "encouraged group members to amplify the notion that Kluwe is violent" (*id.* ¶ 16); and that the School District's press release attached "the version of Kluwe's social media post that Epting had altered" (*id.* ¶ 17). But these are threadbare recitals without factual support. The Complaint nowhere alleges how the post was supposedly "altered," what was cropped, who cropped it, or that Epting himself played any role in altering content.

The exhibits defeat rather than support the allegation. The post for which Epting is being sued (Compl. Ex. 12) is a screenshot of Plaintiff's own words — "find where they work, and blow *those* places up" — reposted verbatim, accompanied only by Epting's mild comment: "I hope the library renounces this kind of language and behavior." That is not an alteration; it is a republication. Accurate quotations cannot create falsity unless omission of surrounding material materially changes meaning. *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 510–17 (1991). Plaintiff cannot meet that standard here.

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

Even if one accepts Plaintiff's assertion that the "original" Bluesky post also contained a video, he concedes he deleted that post, and his only evidence is after-the-fact "recreations" he produced months later (Compl. Exs. 15–16, 30). Such recreations are not contemporaneous proof and cannot plausibly support an inference that Epting altered anything. Absent nonconclusory allegations tying Epting to an actual alteration, the claim fails under *Iqbal* and *Twombly*.

Moreover, even taking Plaintiff's version at face value, Epting's republication would not have changed the meaning. Plaintiff's own words—"blow *those* places up"—reasonably lend themselves to a literal interpretation, particularly given the emphasized asterisks. Epting was entitled to read them as reckless and inflammatory, and his single-sentence comment did nothing more than urge that the library should disavow such rhetoric. That is constitutionally protected opinion based on disclosed facts. *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20 (1990); *Standing Comm. on Discipline v. Yagman*, 55 F.3d 1430, 1439 (9th Cir. 1995).

Nor do Epting's later clarifications (Compl. Exs. 28, 32) show otherwise. In Exhibit 28, he explained at length why he viewed Plaintiff's phrasing as harmful, and in Exhibit 32, he stated that he "never thought [Kluwe] literally was threatening to blow up buildings" but objected even to the "review bombing" rationale because coordinated reputational attacks still harm innocent people.

Case No. 8:25-cv-1648 FWS (JDEx)

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FALSE
LIGHT CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

Those explanations confirm Epting's good faith understanding of Plaintiff's own words; they do not support falsity.

Finally, Plaintiff cannot plausibly claim that republication cast him in a "false" light when his own history demonstrates a consistent pattern of incendiary, vulgar, and provocative speech. As documented in public sources, Plaintiff has called local officials "Nazis," (Exh. ) suggested humiliating federal agents by smearing them with condiments (Exh. ), impersonated Elon Musk to mock him (Exh. ), and told legislators to "shove it in your … piehole and choke on it. Asshole." (Exh. ).

Indeed, Plaintiff has a record of encouraging his social media audience to perform violent acts against his political enemy. In one post, he suggested that fans at Dodger Stadium should "bring a bag of oranges, then start chucking them on the field in the first inning" to protest the Dodgers' White House visit with President Trump. (Exh. .) In another, he posted instructions for harassing federal agents, urging:

> If you want to really stick it to the tactical HGH5 bros on the "front line," just spray mayo all over their faces/body armor (ideally from behind a front line of your own locking arms and no aggressive intent.

(Exh.)

In another he suggested that people to harass federal agents by triggering fire alarms at the hotels where they are staying and to overwhelm law enforcement by

Case No. 8:25-cv-1648 FWS (JDEx)

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

sparking simultaneous protests in multiple states, thereby interfering with and obstructing federal operations, not to mention the operations of the hotels and the lives of innocent staff and visitors. (Exh. )

Plaintiff's pattern of summoning his social media supporters to unlawful or action or harassment, coupled with his behavior at the city council meeting, calling his political opponents "nazis," then unlawfully approaching the council, established Plaintiff as a militant firebrand who very well could be expected to want to encourage acts of domestic terrorism.

Reposting Plaintiff's own words—without alteration—could not possibly misrepresent his persona. It was wholly consistent with the provocative image he has cultivated. Because Plaintiff's online history shows he embraces incendiary, provocative rhetoric, accurate republication of his own words could not place him in a false light beyond the reputation he himself created. Courts reject false light claims where the challenged publication merely reinforces the plaintiff's self-created reputation. *See*, *e.g.*, *Barger v. Playboy Enters., Inc.*, 564 F. Supp. 1151, 1154–55 (N.D. Cal. 1983), aff'd, 732 F.2d 163 (9th Cir. 1984).

In short, the Complaint fails the falsity element at every level. Plaintiff deleted his original post, offers only self-serving recreations, alleges alteration without facts, and admits the words at issue are his own. Epting accurately

Case No. 8:25-cv-1648 FWS (JDEx)

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

reposted them with a benign civic comment. That is not falsity. It is protected speech.

### 3.    Plaintiff Fails to Allege a "Highly Offensive" Portrayal

The second element of a false light claim requires that the challenged publication place the plaintiff in a light that would be "highly offensive to a reasonable person." *Fellows*, *supra*, 42 Cal. 3d at 238–39. This is an objective standard. The question is not whether Plaintiff was subjectively offended, but whether an ordinary, reasonable reader would view the portrayal as so egregious as to warrant liability. *Flowers*, 310 F.3d 1133. Courts dismiss false light claims at the pleading stage when the alleged portrayal is either not misleading or not sufficiently offensive as a matter of law. *Harris v. City of Seattle*, 315 F. Supp. 2d at 1124.

California decisions confirm that false light is a demanding standard. In *Jackson v. Mayweather*, 10 Cal. App. 5th 1240, 1264 (2017), the court rejected a false light claim because the allegedly unflattering statements were substantially accurate and "would not be considered highly offensive by a reasonable person." Likewise, in *De Havilland v. FX Networks, LLC*, 21 Cal. App. 5th 845, 864–65 (2018), the court explained that where a portrayal is consistent with the plaintiff's public persona, it cannot be deemed highly offensive. And *Selleck v. Globe Int'l, Inc.*, 166 Cal. App. 3d 1123, 1133–34 (1985), underscores that false light is

18

Case No. 8:25-cv-1648 FWS (JDEx)

coextensive with defamation: if the challenged statement would not be defamatory, it cannot sustain a false light claim.

Measured against this authority, Plaintiff's allegations fall well short. The publication at issue — Exhibit 12 — is Plaintiff's own statement: *"find where they work, and blow those places up"* accompanied by Defendant's brief commentary: *"I hope the library renounces this kind of language and behavior."* That remark is mild and civic-minded. It does not accuse Plaintiff of criminality or terrorism. It simply calls for public disavowal of rhetoric that could reasonably be seen as reckless. Such opinion based on disclosed facts is constitutionally protected. *Milkovich*, *supra*, 497 U.S. at 20; *Yagman*, *supra*, 55 F.3d at 1439.

Even crediting Plaintiff's claim that his "original" post contained an embedded video, Defendant's repost did not change the meaning of his words. Under *Masson*, *supra*, 501 U.S. at 510–17, omission is actionable only if it materially alters meaning. Here, the words "blow *those* places up," especially with the emphasized asterisks, remain capable of a literal reading regardless of context. Indeed, Defendant later clarified (Ex. 32): *"I never thought [Kluwe] literally was threatening to blow up buildings"* but noted that even Plaintiff's claimed figurative meaning ("review bombing") still involves harming innocent businesses. Far from a smear, this shows Defendant gave Plaintiff the benefit of the doubt while expressing concern about the language's effect.

Case No. 8:25-cv-1648 FWS (JDEx)

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FALSE
LIGHT CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)

Most importantly, the alleged portrayal is not inconsistent with Plaintiff's own history of rhetoric. Plaintiff has repeatedly invited his followers to engage in disruptive, harassing, or even violent conduct: encouraging smearing mayonnaise on ICE agents, throwing oranges at the Dodgers, and pulling fire alarms at hotels where ICE personnel were staying. Each of these statements urges real-world actions with potentially harmful consequences. Plaintiff has also publicly called officials "Nazis" and used vulgar insults against legislators. These incidents establish a self-fashioned persona as a militant provocateur. In that context, reposting Plaintiff's own words urging readers to "blow *those* places up" did not create a "false light." It merely reflected the same incendiary persona Plaintiff has long embraced.

As *De Havilland*, *supra*, makes clear, false light requires a portrayal that distorts reality by painting the plaintiff in an image contrary to their established identity. 21 Cal. App. 5th at 864–65. Here, there is no distortion. Defendant's republication matched Plaintiff's persona and echoed his own words. Under *Jackson* and *Selleck*, *supra*, that cannot be "highly offensive" as a matter of law.

Because Plaintiff cannot plausibly allege that the republication placed him in a false and highly offensive light, the claim fails on the second element.

20

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

### 4. Plaintiff Cannot Plausibly Allege That Defendant Caused His Termination

A false light claim requires a direct causal connection between the challenged publication and the alleged injury. *Flowers*, 310 F.3d at 1132–33. Liability does not attach where the alleged harm results from the independent acts of others, or where the causal chain is too attenuated.

Plaintiff alleges that Defendant "instigated the mob mentality that triggered the string of events leading to Kluwe's discharge." (Compl. ¶ 14.) But Exhibit 29, the School District's March 3, 2025 press release announcing Plaintiff's removal, does not mention Defendant at all. It refers only to Plaintiff's own words. That omission is telling: the District acted on the content of Plaintiff's statement — "find where they work, and blow those places up" — not on Defendant's brief commentary.

The causal chain Plaintiff advances — that Defendant reposted his words, others reacted online, and then the District acted — is far too remote to establish proximate cause. Courts do not impose liability for consequences resting on intervening audience reactions. Cf. *Snyder v. Phelps*, 562 U.S. 443, 458 (2011) (speech cannot be the basis for liability merely because it provokes strong reactions).

More fundamentally, the proximate cause of Plaintiff's termination was his own language. Just as an employee who posts "I want to murder that guy" cannot

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

shift blame to someone who republishes the statement, Plaintiff cannot deflect responsibility for the natural consequences of his own reckless words. Defendant's republication did not transform those words into something they were not; it simply repeated them and added a restrained opinion.

Because Plaintiff's theory of causation depends on speculative chains of events and ignores the self-inflicted nature of his injury, the Complaint fails to state a plausible causal link between Defendant's post and any alleged harm.

### 5.    Plaintiff's Damages Claim Is Barred by Statute and Fatally Deficient

Even if Plaintiff could establish falsity, offensiveness, and causation, his claim still fails because he has not adequately pled damages. Cal. Civ. Code § 48a governs recovery in defamation and false light cases. It provides that a plaintiff may not recover general damages unless, within 20 days of learning of the publication, he serves the defendant with a written demand for correction. Cal. Civ. Code § 48a(a). If no correction demand is made, the plaintiff is limited to special damages, which must be pled and proved with specificity. Cal. Civ. Code § 48a(d)(2).

Plaintiff made no such correction demand here. The Complaint does not allege that he ever requested a retraction or correction from Defendant within the statutory period. Accordingly, he cannot recover general damages such as pain, suffering, or reputational injury.

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

Nor has Plaintiff pled any special damages with the requisite specificity. To recover special damages, a plaintiff must allege actual, quantifiable pecuniary loss proximately caused by the publication. *Evans v. Unkow*, 38 Cal. App. 4th 1490, 1497–98 (1995). Conclusory assertions of reputational harm or emotional distress are insufficient. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 694 (9th Cir. 1998). The Complaint here alleges no concrete economic injury attributable to Defendant's post.

Without a timely correction demand or particularized special damages, Plaintiff's damages claim is barred as a matter of law under § 48a.

## V.    CONCLUSION

Plaintiff's false light claim collapses under every element. He cannot show falsity, because Defendant merely republished Plaintiff's own words. He cannot show a highly offensive portrayal, because the republication was restrained, opinion-based, and consistent with Plaintiff's own established persona of provocative rhetoric. He cannot show causation, because his termination was the direct and foreseeable consequence of his own words, not of Defendant's brief commentary. And he cannot show damages, because he never demanded a correction and has not pled any special damages as required by statute.

At bottom, Plaintiff seeks to shift responsibility for the consequences of his own speech onto a critic who accurately repeated it. The law does not allow that.

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

The Court should dismiss the claim with prejudice under Rule 12(b)(1) and 12(b)(6).

DATED: August 27, 2025                    Respectfully submitted,

**FREEDOM X**

By:  /s/ William J. Becker, Jr.
     William J. Becker, Jr., Esq.
     Attorney for Plaintiffs

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**