1  William J. Becker, Jr., Esq. (SBN: 134545)
2  Bill@FreedomXLaw.com
   **FREEDOM X**
3  11500 Olympic Blvd., Suite 400
   Los Angeles, California 90064
4  Telephone: (310) 636-1018

5
6  Counsel for Defendant, *Christian Epting*

7

8            **UNITED STATES DISTRICT COURT**
             **CENTRAL DISTRICT OF CALIFORNIA**
9                  **SOUTHERN DIVISION**

10

CHRISTOPHER KLUWE,                          Case No. 8:25-cv-1648 FWS (JDEx)
11
                                            *Hon. Fred W. Slaughter*
12            Plaintiffs,

              vs.                           **NOTICE OF MOTION AND**
13                                          **SPECIAL MOTION TO STRIKE**
                                            **PLAINTIFF'S FALSE LIGHT**
14  HUNTINGTON BEACH UNION HIGH             **CLAIM PURSUANT TO**
    SCHOOL DISTRICT; CAROLEE                **CALIFORNIA CODE OF CIVIL**
15  OGATA, in her individual and official   **PROCEDURE § 425.16 (ANTI-**
    capacities as Superintendent of         **SLAPP); MEMORANDUM OF**
16  Huntington Beach Union High School      **POINTS AND AUTHORITIES IN**
    District; SUSAN HENRY, in her           **SUPPORT THEREOF**
17  individual and official capacities as
    President of the Board of Trustees of the
18  Huntington Beach Union High School      Date:      September 18, 2025
    District; DANIEL BRYAN, in his          Time:      10:00 a.m.
19                                          Ctrm:      10D
    individual and official capacities as
20  Assistant Superintendent, Human
    Resources at Huntington Beach Union
21  High School District; DANIEL
    MORRIS, in his individual and official  Compl. Filed: August 8, 2025
22  capacities as Principal of Edison High
23  School; EDWARD BEGANY, in his
24  individual and official capacities as
    Assistant Principal, Supervision at
25

26

27                                    1                   Case No. 8:25-cv-1648 FWS (JDEx)
    **NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFF'S FALSE LIGHT**
28    **CLAIM PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16**
                                  **(ANTI-SLAPP)**

Edison High School; and CHRISTIAN EPTING, an individual,

Defendants.

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Thursday, September 18, 2025, at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 10D of the United States District Court, Central District of California, Southern Division, located at 411 West Fourth Street, Santa Ana, California, before the Honorable Fred W. Slaughter, Defendant Christian Epting will and hereby does move the Court for an order striking Plaintiff's Fifth Cause of Action for False Light Invasion of Privacy from the Complaint.

This motion is brought pursuant to California Code of Civil Procedure § 425.16 and made applicable in federal court through 28 U.S.C. § 1367 and controlling Ninth Circuit authority (*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963 (9th Cir. 1999)). The challenged claim arises from Epting's exercise of his constitutional right to free speech in connection with an issue of public interest, and Plaintiff cannot demonstrate a probability of prevailing on that claim.

/ / /

/ / /

/ / /

**NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16 (ANTI-SLAPP)**

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings and records on file in this action, and any oral argument permitted by the Court.

DATED: August 27, 2025

Respectfully submitted,

By: /s/ William J. Becker, Jr.
William J. Becker, Jr., Esq.
Attorney for Plaintiffs

**NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16 (ANTI-SLAPP)**

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

I.  INTRODUCTION .......................................................................................... 1

II.  FACTUAL BACKGROUND ......................................................................... 1

    A.  Plaintiff's Relevant Background .................................................... 1

    B.  Defendant Christian Epting's Relevant Background................................. 2

    C.  The City Council Incident .................................................................... 3

    D.  The Bluesky Post and the Complaint's Allegations Against Epting ......... 4

    E.  Plaintiff's History of Provocative Online Statements .............................. 7

III.  LEGAL STANDARD ................................................................................... 8

IV.  ARGUMENT ............................................................................................... 10

    A.  The Anti-SLAPP Remedy ................................................................. 10

    B.  Plaintiff's Invasion Of Privacy Claim Arises From Defendant's Protected Conduct................................................................................. 11

    C.  Plaintiff Cannot Demonstrate a Probability of Prevailing..................... 14

        1.  Plaintiff Must Establish The Elements OF False Light Invasion of Privacy With Admissible Evidence........................... 14

        2.  Plaintiff Cannot Establish Falsity ................................................. 15

        3.  Plaintiff Cannot Show Highly Offensive Portrayal..................... 17

        4.  Plaintiff Cannot Establish Actual Malice ..................................... 18

    D.  Plaintiff Cannot Establish Causation......................................................21

    E.  Plaintiff's Damages Claim Is Barred by Civil Code § 48a.....................24

    F.  Attorneys' Fees Are Mandatory ..............................................................25

V.  CONCLUSION ............................................................................................26

i    Case No. 8:25-cv-1648 FWS (JDEx)

**NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16 (ANTI-SLAPP)**

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ........................................................10, 16, 21, 23

*Baral v. Schnitt*
   1 Cal. 5th 376 (2016) ................................................................13

*Barger v. Playboy Enters., Inc.*
   564 F. Supp. 1151 (N.D. Cal. 1983) ......................................16, 20

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007) ................................................................16

*Chamndany v. Harding* No.
   8:22-cv-01473-FWS-KES, 2022 WL 19263348 (C.D. Cal. Oct. 4, 2022). ................................................................14

*Doe v. Gangland Prods., Inc.*
   730 F.3d 946 (9th Cir. 2013) ...............................................21, 22

*Elias v. Rolling Stone LLC*
   872 F.3d 97 (2d Cir. 2017) ...........................................................24

*Equilon Enters., LLC v. Consumer Cause, Inc.*
   29 Cal. 4th 53 (2002) ................................................................12

*Evans v. Unkow*
   38 Cal. App. 4th 1490 (1995) ........................................10, 11, 14

*Fellows v. Nat'l Enquirer, Inc.*
   42 Cal. 3d 234 (1986) ........................................................15, 17

*Flowers v. Carville*
   310 F.3d 1118 (9th Cir. 2002).............................15, 16, 17, 18

*Franklin v. Dynamic Details, Inc.*
   116 Cal. App. 4th 375 (2004) ........................................................22

*Gilman v. McClatchy*
   111 Cal. App. 4th 745 (2003) ........................................................25

Case No. 8:25-cv-1648 FWS (JDEx)

NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFF'S FALSE LIGHT
CLAIM PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16
(ANTI-SLAPP)

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

*Greater L.A. Agency on Deafness, Inc. v. Cable News Network, Inc.*
    742 F.3d 414 (9th Cir. 2014)...................................................................13

*Hustler Magazine, Inc. v. Falwell*
    485 U.S. 46 (1988) ...............................................................................18

*Kapellas v. Kofman*
    1 Cal. 3d 20 (1969) ..............................................................................24

*Ketchum v. Moses*
    24 Cal. 4th 1122 (2001) ..................................................................10, 25

*Khawar v. Globe Int'l, Inc.*
    19 Cal. 4th 254 (1998) .........................................................................16

*Larsen v. City of Beloit*
    130 F.3d 1278 (7th Cir. 1997)..............................................................18

*Makaeff v. Trump Univ. LLC*
    715 F.3d 254 (9th Cir. 2013)...........................................................11, 12

*Masson v. New Yorker Magazine, Inc.*
    501 U.S. 496 (1991) ........................................................................15, 16

*Metabolife Int'l, Inc. v. Wornick*
    264 F.3d 832 (9th Cir. 2001)..............................................10, 11, 14, 26

*Navellier v. Sletten*
    29 Cal. 4th 82 (2002..........................................................................9, 10, 12

*New York Times Co. v. Sullivan*
    376 U.S. 254 (1964).........................................................................15, 19

*Newsham v. Lockheed Missiles & Space Co.*
    190 F.3d 963 (9th Cir. 1999)..................................................................8

*Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*
    890 F.3d 828 (9th Cir. 2018)..............................................9, 11, 12, 14

*Pope v. Chronicle Publ'g Co.*
    95 Cal. App. 3d 607 (1979)...................................................................24

**NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16 (ANTI-SLAPP)**

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

*Reader's Digest Ass'n v. Superior Court*
    37 Cal. 3d 244 (1984) ...................................................................................24

*Shively v. Bozanich*
    31 Cal. 4th 1230 (2003) ...............................................................................21

*St. Amant v. Thompson*
    390 U.S. 727 (1968)..............................................................................15, 19

*Staub v. Proctor Hosp.*
    562 U.S. 411 (2011)......................................................................................23

*Taus v. Loftus*
    40 Cal. 4th 683 (2007) .................................................................................21

*Time, Inc. v. Pape*
    401 U.S. 279 (1971)......................................................................................19

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*
    190 F.3d 963 (9th Cir. 1999)..................................................................11, 12

*Verizon Del., Inc. v. Covad Commc'ns Co.*
    377 F.3d 1081 (9th Cir. 2004).......................................................................26

**Statutes**

Cal. Civ. Proc. Code § 425.16...................................................................passim

Cal. Civ. Proc. Code § 425.16(a) ..................................................9, 10, 12

Cal. Civ. Proc. Code § 425.16(b)(1) ......................................9, 10, 11, 12

Cal. Civ. Proc. Code § 425.16(e) ..................................................9, 12, 13

Civil Code § 48a..........................................................................24, 25

Case No. 8:25-cv-1648 FWS (JDEx)

**NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFF'S FALSE LIGHT
CLAIM PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16
(ANTI-SLAPP)**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiff Chris Kluwe—a public figure, former NFL player, activist, and declared political candidate—has sued Defendant Christian Epting for false light invasion of privacy based on Epting's reposting of Kluwe's own social-media post concerning the Huntington Beach library controversy. The claim seeks to punish commentary on a matter of undeniable public concern: the City Council's handling of library governance, free speech in public forums, and political rhetoric.

California's anti-SLAPP statute was designed for precisely this situation. Because Plaintiff's false light claim targets protected speech in a public forum about a public issue, and because Plaintiff cannot establish a probability of success on the merits, the claim must be stricken.

## II.    FACTUAL BACKGROUND

### A.    Plaintiff's Relevant Background

The Complaint alleges Plaintiff is a former NFL punter who was released from the Minnesota Vikings in 2013. (Compl., ¶¶ 2, 53.) He is a public figure and political activist who regularly uses social media to express his political and ideological views. (*Id.*, ¶ 131.) Plaintiff has also announced his candidacy for a seat

**NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16 (ANTI-SLAPP)**

on the Huntington Beach City Council, further establishing his role as a public figure actively engaged in political controversy.[1]

In 2019, Plaintiff was hired by the Huntington Beach Union High School District ("HBUHSD") as a freshman football assistant coach at Edison High School. (*Id.*, ¶ 51.) His role was classified as a seasonal "expert assignment specialist," renewed annually at the discretion of school officials and coaching staff, and did not include teaching duties or tenure protections. (*Id.*) The Complaint alleges Plaintiff continued in that role through February 2025, when his employment ended following the controversy surrounding his public statements and his appearance at a Huntington Beach City Council meeting. (*Id.*, ¶ 4.)

## B.    Defendant Christian Epting's Relevant Background

Defendant Christian Epting is a published author and local writer who resides in Long Beach, California. His work includes books on music, sports, and popular culture, and he maintains a personal website, chrisepting.com, where he describes his publications and professional activities. (Decl. Epting ¶ 3.) In addition to his published writing, Epting participates in online forums and social

---

[1]  Matt Szabo, Los Angeles Times,  "Huntington Beach activist Chris Kluwe planning state Assembly District 72 run," June 18, 2025: https://www.latimes.com/socal/daily-pilot/news/story/2025-06-18/huntington-beach-activist-chris-kluwe-planning-state-assembly-district-72-run

2    Case No. 8:25-cv-1648 FWS (JDEx)

**NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16 (ANTI-SLAPP)**

media discussions concerning local history, the classes he teaches, and other professional issues. (*Id.*, ¶ 4.)

The Complaint attempts to portray Epting as a social media "provocateur" with a supposed reputation for instigating fights online. (Compl. ¶¶ 83–100.) Epting denies these allegations, explaining they are strident, irrelevant, and misleading, and instead reflect Plaintiff's effort to demonize those who disagree with him politically or ideologically. (Decl. Epting ¶ 5.)

## C.    The City Council Incident

On February 18, 2025, Plaintiff appeared during public comment at a Huntington Beach City Council meeting to oppose the "MAGA"-themed acrostic plaque at the city library. He read a prepared script that denounced "MAGA" and equated it with "a Nazi movement," then announced he would engage in "peaceful, civil disobedience," stepped toward the dais where city council members were seated, despite not being recognized to do so.[2]

The incident led to his removal and arrest for disrupting the meeting by unlawfully approaching the dais. (Compl., ¶¶ 107-11.)[3] Plaintiff later appeared on national television, claiming he had been arrested for "speaking out against

---

[2] Rachel Brown, KABC, "Former NFL player Chris Kluwe loses job after protesting Huntington Beach library's 'MAGA' plaque," February 28, 2025: https://abc7.com/post/former-nfl-player-chris-kluwe-fired-arrest-protesting-huntington-beach-librarys-maga-plaque/15964279/

[3] *Id.*

**NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16 (ANTI-SLAPP)**

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

MAGA." (*Id.*, ¶¶ 5, 9.)[4] That characterization was misleading: no one cut off his speech, and no one arrested him for the content of his words. His arrest followed his disruptive approach toward councilmembers, a tactic that appeared deliberately choreographed to generate headlines. (*Id.*)

Shortly thereafter, Plaintiff confirmed public reports of his intention to run for the California State Assembly in District 72.[5] The City Council incident, and the ensuing media coverage, coincided with the launch of his candidacy—further underscoring its political theater.

### D.    The Bluesky Post and the Complaint's Allegations Against Epting

On February 23, 2025, Plaintiff posted a message on Bluesky labeled as a "PSA." In full, it stated:

> Also, PSA, and I can't believe I have to say this: Stop fucking with the library. That's what the city council is doing. The library is great, as are the people who work there. Go fuck with the city council. Find where they work, and blow *those* places up.

(Compl., ¶ 146, Exh. 12.)

The Complaint alleges that Plaintiff originally posted the PSA with a video of himself and library employees, but that he later deleted the post. (*Id.*, ¶¶ 155,

---

[4] CNN, "Ex-NFL player who was arrested for protesting MAGA plaque speaks out,": https://www.cnn.com/2025/02/21/politics/video/chris-kluwe-maga-plaque-arrest-interview-digvid

[5] *See* n. 2.

**NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16 (ANTI-SLAPP)**

162-63, 232.) It further alleges that Defendant altered the PSA by cropping out the video and reposting it. (*Id.*, ¶¶ 146, 149-50, 156, 157.)

On February 24, 2025, the Pride at the Pier Bluesky account posted in the same thread, urging readers not to harass librarians and instead to "direct your concerns to the council members." That post included the councilmembers' contact information. (Compl., Exh. 8.)

On February 26, 2025, Defendant reposted a screenshot of Plaintiff's PSA to the Huntington Beach Insider Facebook group. The screenshot showed Plaintiff's words as they then appeared online. Defendant added the comment: *"I hope the library renounces this kind of language and behavior."* (Decl. Epting ¶ 7; Compl., Ex. 12.)

In February 2025, Epting saw reports that Plaintiff had been arrested at a Huntington Beach City Council meeting after approaching the dais and disrupting the proceedings. (Decl. Epting ¶ 6.) A few days later, he observed Plaintiff's "PSA" post circulating online.

Epting did not crop, alter, or edit the post in any way. (Decl. Epting, ¶ 8.) The screenshot he shared was exactly what he saw online. (*Id.*) He had no knowledge of any video attached to Plaintiff's original, and to his understanding, Plaintiff deleted that original post. (*Id.*)

**NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFF'S FALSE LIGHT
CLAIM PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16
(ANTI-SLAPP)**

Community members also reposted Plaintiff's words, including the phrase "blow *those* places up," and debated whether it was meant literally or figuratively as "review bombing." (Compl., Exhs. 25, 31.)

That same day, Plaintiff had, in fact, deleted the PSA and posted clarifying remarks, writing that his earlier words were taken "out of context" and that he did not intend violence. (*Id.*, Exh. 18.)

On March 2 and 3, Defendant added clarifying posts, stating that he "never thought [Plaintiff] literally was threatening to blow up buildings." He explained that his concern was Plaintiff's suggestion of retaliatory action against businesses connected to city officials, even if only by online review campaigns. (*Id.*, Exhs. 28.)

On March 3, 2025, the Huntington Beach Union High School District issued a ParentSquare release to parents, students, and staff. It announced that Plaintiff's discharge "was based on a public social media post made by Mr. Kluwe, which included a statement suggesting violence (see below)." (Id.., Exh. 29.)The release included a screenshot of Plaintiff's PSA, edited only to redact profanity. (*Id.*)

The Complaint is thick on conclusory and unsubstantiated allegations, and thin on evidence. For example, it alleges that "Defendant Christian Epting instigated the mob mentality that triggered the string of events leading to Kluwe's discharge." (*Id.*, ¶ 14.) It further alleges, without establishing any foundational

**NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16 (ANTI-SLAPP)**

FREEDOM X
11500 OLYMPIC BLVD., SUITE 400
LOS ANGELES, CA 90064

basis, that "Epting did so first by altering the social media post at issue in a way that made it susceptible to an interpretation of promoting violence. He then transferred Kluwe's now-altered post from a platform friendly to Kluwe (the Democratic-leaning Bluesky) to a hostile audience in a MAGA-dominated Facebook group focused on Huntington Beach politics." (*Id.*, ¶ 15.)

The Complaint additionally asserts: "Mimicking a pattern of prior hit jobs, Epting then encouraged group members to amplify the notion that Kluwe is violent and unfit to be a high school football coach or City Council member." (*Id.*, ¶ 16.) And it continues: "Despite an utter lack of fair process or genuine effort to understand the truth, the School District's March 3rd press release attached the version of Kluwe's social media post that Epting had altered and repeated the political propaganda that Kluwe had promoted violence." (*Id.*, ¶ 17.)

### E.    Plaintiff's History of Provocative Online Statements

Plaintiff maintains an active online presence and has repeatedly used social media to make provocative and incendiary statements. For example, in a widely circulated post, he urged Dodger fans to make the stadium "a fucking nightmare" by "constantly" throwing "bags of oranges" onto the field. (Decl. Epting ¶ 10, Exh. 1.)

FREEDOM×
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

7                    Case No. 8:25-cv-1648 FWS (JDEx)

**NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16 (ANTI-SLAPP)**

He has also directed hostility toward federal immigration officers. In separate posts, Plaintiff suggested triggering fire alarms in hotels where ICE agents were staying, encouraging simultaneous protests in multiple states to overwhelm law enforcement, and humiliating federal agents by smearing them with mayonnaise. (*Id.*, ¶¶ 11–12, Exhs. 2–3.)

Plaintiff has likewise engaged in online impersonation. On one occasion, he posed as Elon Musk and published a crude "urine" tweet, which was later reported publicly as a prank. For reasons unexplained, Plaintiff himself attached this "prank" post to his Complaint. (*Id.*, ¶ 13, Exh. 4.)

Plaintiff has also acknowledged and apologized for a prior "child rape" joke directed at his former Vikings coach, Mike Priefer, invoking convicted pedophile Jerry Sandusky. (*Id.*, ¶ 14, Exh. 5.)

In addition, Plaintiff frequently employs profanity-laced invective and Nazi analogies in his writings directed at political opponents. (*Id.*, ¶ 15, Exh. 6.) He has publicly referred to himself as "Troublemaker Extraordinaire," adopting that moniker as part of his online persona. (*Id.*, ¶ 16, Exh. 7.)

## III.    LEGAL STANDARD

California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16, applies in federal court to state law claims. *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972–73 (9th Cir. 1999). The statute was

**NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16 (ANTI-SLAPP)**

enacted to protect defendants from meritless lawsuits "brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition." Cal. Civ. Proc. Code § 425.16(a). To achieve this purpose, the statute "shall be construed broadly." *Id.*

The analysis proceeds in two steps. First, the defendant must make a prima facie showing that the plaintiff's claims arise from acts "in furtherance of [the] right of petition or free speech under the United States or California Constitution in connection with a public issue." Cal. Civ. Proc. Code § 425.16(b)(1). The statute expressly covers statements made "in a place open to the public or a public forum in connection with an issue of public interest" and "any other conduct in furtherance of the exercise of the constitutional right of free speech in connection with a public issue." § 425.16(e)(3)–(4). The inquiry focuses on the nature of the defendant's act, not the merits of the plaintiff's claim. *Navellier v. Sletten*, 29 Cal. 4th 82, 89 (2002).

If the defendant makes this showing, the burden shifts to the plaintiff to establish a "reasonable probability" of prevailing on the claim. *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018). This standard is akin to summary judgment: the plaintiff must demonstrate both legal sufficiency and a prima facie case supported by admissible evidence which, if credited, would sustain a judgment in the plaintiff's favor.

**NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16 (ANTI-SLAPP)**

FREEDOM×
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

*Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 840 (9th Cir. 2001). Conclusory allegations or speculation cannot meet this burden. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring "factual content that allows the court to draw the reasonable inference that the defendant is liable"); *Evans v. Unkow*, 38 Cal. App. 4th 1490, 1497–98 (1995) (allegations "on information and belief" insufficient).

If the plaintiff fails to meet this burden, the claim must be stricken and the defendant awarded attorneys' fees and costs. Cal. Civ. Proc. Code § 425.16(c)(1); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001).

## IV.    ARGUMENT

### A.    The Anti-SLAPP Remedy

The California anti-SLAPP statute protects individuals who exercise their rights of petition or free speech from the burdens of meritless and retaliatory litigation by subjecting such lawsuits to a special motion to strike at an early stage. Cal. Civ. Proc. Code § 425.16(b)(1). To achieve its purpose, the statute must be "construed broadly." Id. § 425.16(a). The California Supreme Court has made clear that the statute is not limited to any particular cause of action but applies to any claim arising from protected activity. *Navellier v. Sletten*, 29 Cal. 4th 82, 89 (2002).

The Ninth Circuit has long recognized that § 425.16 applies in federal court. *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963,

972–73 (9th Cir. 1999). The statute requires a two-step process. First, the defendant must make a prima facie showing that the plaintiff's claims arise from protected activity as defined by the statute. *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 261 (9th Cir. 2013) (per curiam). If the defendant satisfies this burden, the burden shifts to the plaintiff to establish a reasonable probability of prevailing on the claim. Cal. Civ. Proc. Code § 425.16(b)(1); *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833 (9th Cir. 2018).

At this second step, the plaintiff must demonstrate both that the claim is legally sufficient and that there is admissible evidence which, if credited, would support a judgment in the plaintiff's favor. *Metabolife*, 264 F.3d at 840. Conclusory allegations and averments on "information and belief" are insufficient. *See Evans v. Unkow*, 38 Cal. App. 4th 1490, 1497–98 (Ct. App. 1995). The standard parallels that applicable to motions for summary judgment. *Planned Parenthood*, 890 F.3d at 833–34. In making this assessment, the Court considers both the legal sufficiency and the evidentiary support for the claims, and whether any constitutional or statutory defenses bar recovery. Id. The plaintiff must present admissible evidence to overcome all applicable privileges and defenses.

**B.    Plaintiff's Invasion Of Privacy Claim Arises From Defendant's Protected Conduct**

A defendant bears the initial burden of demonstrating that the suit against him arises from conduct protected under the anti-SLAPP statute. Cal. Civ. Proc.

**NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16 (ANTI-SLAPP)**

Code § 425.16(b)(1). To satisfy this requirement, a defendant need only make a prima facie showing that the plaintiff's claim "arises from" the defendant's exercise of the right of free speech or petition. *Equilon Enters., LLC v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 61 (2002). The statute defines protected activity broadly to include: (1) statements made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) communications made in connection with an issue under consideration or review by such a body; (3) statements made in a public forum in connection with an issue of public interest; and (4) any other conduct in furtherance of the constitutional right of petition or free speech in connection with an issue of public interest. Cal. Civ. Proc. Code § 425.16(e). The Legislature directed that the statute be "construed broadly." *Id.* § 425.16(a).

Federal courts have consistently applied this framework in evaluating anti-SLAPP motions. *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972–73 (9th Cir. 1999); *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 261 (9th Cir. 2013) (per curiam). In determining whether a claim arises from protected activity, courts look to the "act underlying the plaintiff's cause of action" and not to the plaintiff's characterization of the act as illegitimate. *Navellier v. Sletten*, 29 Cal. 4th 82, 94 (2002); *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018).

Case No. 8:25-cv-1648 FWS (JDEx)

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

Here, Plaintiff's false light invasion of privacy claim arises directly from Defendant's reposting of Plaintiff's own words in a Facebook group devoted to Huntington Beach civic issues. (Compl. ¶¶ 9, 14–17.) That act was a statement "made in a place open to the public or a public forum in connection with an issue of public interest," squarely within the scope of § 425.16(e)(3). Online forums such as Facebook qualify as "public forums" for purposes of the statute, and political speech concerning local government and civic controversies is the core of what § 425.16 protects. See *Greater L.A. Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414, 424 (9th Cir. 2014) (CNN broadcasts qualified as statements in a public forum about issues of public interest); *Baral v. Schnitt*, 1 Cal. 5th 376, 384 (2016) (anti-SLAPP applies to "any claim that arises from protected speech").

The controversy here—the Huntington Beach City Council's decision to install a "MAGA" plaque in the public library—was a matter of intense local and national debate, widely covered in the press and the subject of vigorous public comment at City Council meetings. Plaintiff himself injected his views into this controversy by making public social-media posts and appearing at public meetings. Defendant's repost of Plaintiff's words was therefore not only speech in a public forum, but also "in connection with an issue of public interest." Cal. Civ. Proc. Code § 425.16(e)(3)–(4).

13

Case No. 8:25-cv-1648 FWS (JDEx)

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

Because Plaintiff's invasion of privacy claim arises entirely from this protected activity, Defendant has satisfied his burden under the first prong of the anti-SLAPP analysis.

## C.   Plaintiff Cannot Demonstrate a Probability of Prevailing

### 1.   Plaintiff Must Establish The Elements OF False Light Invasion of Privacy With Admissible Evidence

At the second step of the anti-SLAPP analysis, the burden shifts to Plaintiff to establish a probability of prevailing on his claim with admissible evidence. *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833–34 (9th Cir. 2018). This inquiry is akin to summary judgment: a plaintiff must demonstrate that the claim is legally sufficient and supported by evidence which, if credited, would sustain a favorable judgment. *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 840 (9th Cir. 2001). Conclusory assertions and allegations based merely on information and belief are inadequate. *Evans v. Unkow*, 38 Cal. App. 4th 1490, 1497–98 (Ct. App. 1995). Federal courts applying § 425.16 adhere to this rule. *See, e.g.*, *Chamndany v. Harding*, No. 8:22-cv-01473-FWS-KES, 2022 WL 19263348, at *3 (C.D. Cal. Oct. 4, 2022).

To prevail on a false light invasion of privacy claim, Plaintiff must prove: (1) Defendant publicized information placing Plaintiff in a false light; (2) the false light would be highly offensive to a reasonable person; and (3) Defendant acted with knowledge of or reckless disregard as to the falsity of the publicized matter

14

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

(JDEx)

and the false light in which Plaintiff was placed. *Fellows v. Nat'l Enquirer, Inc.*, 42 Cal. 3d 234, 238–39 (1986); *Flowers v. Carville*, 310 F.3d 1118, 1132–33 (9th Cir. 2002). Because Plaintiff is a public figure speaking on a matter of public controversy, he must also establish "actual malice" by clear and convincing evidence. *New York Times Co. v. Sullivan*, 376 U.S. 254, 279–80 (1964); *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968).

Thus, to defeat this motion, Plaintiff must present competent, admissible evidence supporting each element—falsity, offensiveness, and actual malice.

### 2.    Plaintiff Cannot Establish Falsity

The first element of a false light claim requires Plaintiff to show that Defendant publicized information placing him in a false light, which necessarily entails proof of falsity. *Fellows*, 42 Cal. 3d at 238–39. Falsity exists only where a publication "results in a material change in the meaning conveyed by the statement." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 517 (1991).

Plaintiff cannot make this showing. The Complaint acknowledges that he posted on Bluesky: "Stop fucking with the library. That's what the city council is doing. The library is great, as are the people who work there. Go fuck with the city council. Find where they work, and blow those places up." (Compl. ¶ 9). Defendant reposted this text to Facebook with the single comment: "I hope the library renounces this kind of language and behavior." (Compl. ¶¶ 14–17).

**NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16 (ANTI-SLAPP)**

Plaintiff alleges that Defendant "altered" the post (Compl. ¶ 15) because, according to Plaintiff, the original included a video attachment (Compl. Ex. 15). But the Complaint alleges no facts showing that Defendant ever saw the post with the video or that he intentionally omitted it. Defendant reposted what appeared to be a complete screenshot of Plaintiff's words. Allegations of alteration without factual support are legally insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that "threadbare recitals of the elements of a cause of action" do not suffice); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring factual matter sufficient to state a plausible claim).

Even crediting Plaintiff's theory, omission of an attachment does not create falsity absent a material change in meaning. *Khawar v. Globe Int'l, Inc*., 19 Cal. 4th 254, 275 (1998) (republication actionable only if it materially changes meaning). Plaintiff's words—"blow *those* places up"—remain unchanged in both versions. Courts have rejected attempts to establish falsity based on implication where the quoted words are accurate. *Flowers*, 310 F.3d at 1136 (holding that accurate republication of unflattering statements is not false).

Plaintiff now insists he meant "blow up their phone lines." But he cannot retroactively narrow his words and then sue others for reproducing them as written. *See Masson*, 501 U.S. at 517 (no falsity unless meaning materially altered); *Barger v. Playboy Enters., Inc.,* 564 F. Supp. 1151, 1157 (N.D. Cal. 1983) (holding no

16                    Case No. 8:25-cv-1648 FWS (JDEx)

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

malice where publisher relied on plaintiff's own words and left readers to judge). Defendant accurately reproduced Plaintiff's words and had no knowledge of any omitted content. Plaintiff therefore cannot establish falsity as a matter of law.

### 3.    Plaintiff Cannot Show Highly Offensive Portrayal

The second element of a false light claim requires Plaintiff to prove that the alleged false light would be "highly offensive to a reasonable person." *Fellows*, 42 Cal. 3d at 238–39. This is an objective test: courts ask whether an average person, not the plaintiff, would find the portrayal so extreme and damaging that it goes beyond the normal give-and-take of public discourse. *Flowers* at 1131–32.

Here, the entire portrayal consists of Defendant's brief statement: "I hope the library renounces this kind of language and behavior." (Compl. ¶ 17). That is a measured, disapproving comment on Plaintiff's own words: "Stop fucking with the library. That's what the city council is doing. The library is great, as are the people who work there. Go fuck with the city council. Find where they work, and blow *those* places up." (Compl. ¶ 9).

Far from being outrageous or extreme, Defendant's remark is restrained and directly tied to the language Plaintiff himself chose to publish. Expressing hope that a public library distance itself from violent-sounding rhetoric cannot reasonably be considered "highly offensive." It is, instead, a reasonable reaction that many ordinary readers might share upon encountering Plaintiff's statement.

17

Case No. 8:25-cv-1648 FWS (JDEx)

**NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16 (ANTI-SLAPP)**

Courts consistently hold that accurate repetition of a plaintiff's own controversial words, accompanied by commentary, does not amount to a portrayal that is "highly offensive." *Flowers*, 310 F.3d at 1132–33 (statements made in heated political discourse were not actionable in false light); *Larsen v. City of Beloit*, 130 F.3d 1278, 1284 (7th Cir. 1997) (false light requires portrayal "so unreasonably offensive as to shock the community's notions of decency"). Defendant neither exaggerated nor sensationalized. He quoted Plaintiff accurately and added a comment of civic concern.

Plaintiff is also a public figure who inserted himself into the library plaque controversy, making his speech part of a widely reported public debate (Compl. ¶¶ 6–8). Public figures must accept that their statements will be subject to scrutiny and criticism. *See Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46, 52 (1988). Within that public debate, Defendant's hope that the library disavow Plaintiff's words is not "highly offensive" by any objective measure.

Because the only portrayal here was the republication of Plaintiff's own words, accompanied by a single, measured comment of disapproval, the "highly offensive" element fails as a matter of law.

### 4.    Plaintiff Cannot Establish Actual Malice

Because Plaintiff is a public figure speaking on a matter of public controversy, he must prove actual malice by clear and convincing evidence. *New*

18                              Case No. 8:25-cv-1648 FWS (JDEx)

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

*York Times Co. v. Sullivan*, *supra*, 376 U.S. at 279–80. That requires proof that Defendant knew his publication was false or acted with reckless disregard for whether it was false. *St. Amant,* 390 U.S. at 731. Mere negligence, ill will, or failure to investigate is insufficient. *Id.*

Plaintiff cannot come close to meeting this standard. The "source" of the repost was Plaintiff himself. As the Complaint concedes, Plaintiff authored the words: "Stop fucking with the library. That's what the city council is doing. The library is great, as are the people who work there. Go fuck with the city council. Find where they work, and blow those places up." (Compl. ¶ 9). Defendant reproduced these words verbatim in a Facebook group and added only: "I hope the library renounces this kind of language and behavior." (Id., ¶¶ 14–17). Defendant did not edit, crop, or alter the quoted text in any way.

Plaintiff's claim of falsity rests entirely on the assertion that the original post included a video attachment (*Id.*, Ex. 15). But Plaintiff does not allege that Defendant ever saw the post with the video or knew of its existence. Rather, he speculates that Defendant must have "altered" the post (*Id.*, ¶ 15). That is not evidence of actual malice. As the Supreme Court has explained, a mistaken interpretation of ambiguous language does not constitute actual malice absent proof of subjective doubt. *Time, Inc. v. Pape*, 401 U.S. 279, 290 (1971) (holding no malice where reporter adopted one of several rational interpretations of

19                                              Case No. 8:25-cv-1648 FWS (JDEx)

ambiguous government report). Plaintiff's own words — "blow those places up" — were, at best, ambiguous. Defendant had no reason to know that Plaintiff later intended them differently or that an omitted video clarified the meaning.

Nor is there evidence that Defendant acted recklessly. The Complaint attaches Exhibit 32, in which Defendant explained shortly after reposting: "I never thought [Kluwe] was literally talking about bombing buildings." (Compl. Ex. 32). That statement demonstrates Defendant did not believe Plaintiff was literally urging violence, but instead regarded his language as inappropriate and worthy of condemnation. Reposting Plaintiff's words verbatim, while disavowing a literal interpretation, is the opposite of reckless disregard. It is a good-faith reliance on Plaintiff's own public statements. *See Barger*, 564 F. Supp. at 1157 (finding no actual malice where publication relied on plaintiff's own words and left readers to judge for themselves).

Finally, Plaintiff's own conduct undermines any showing of actual malice. He admits he deleted the original post (Compl. ¶ 11) and later created a recreation to assert that it had included a video (Compl. Ex. 15). That after-the-fact attempt to rewrite his message does not show Defendant knew his repost was misleading at the time. The standard is subjective awareness of falsity at publication, not hindsight. St. Amant, 390 U.S. at 731.

Case No. 8:25-cv-1648 FWS (JDEx)

**NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16 (ANTI-SLAPP)**

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

In short, Defendant reposted Plaintiff's words exactly as they appeared, without knowledge of any omitted attachment, without attempting to characterize them one way or another, and without any reason to doubt their authenticity. Plaintiff's conclusory assertion that Defendant "acted maliciously" (Compl. ¶ 24) is legally insufficient. *Iqbal*, 556 U.S. at 678. Because there is no evidence—let alone clear and convincing evidence—that Defendant acted with knowledge of falsity or reckless disregard, the actual malice element fails as a matter of law.

### D.    Plaintiff Cannot Establish Causation

Even assuming arguendo that Plaintiff could identify a false implication in Defendant's repost—and he cannot—his claim fails because he cannot establish causation. To prevail on a false light or defamation claim, Plaintiff must prove that Defendant's statement, not independent actions of third parties, proximately caused the alleged injury. *See Doe v. Gangland Prods., Inc.*, 730 F.3d 946, 962 (9th Cir. 2013) (false light requires proof that the challenged portrayal "caused damage to the plaintiff"); *Taus v. Loftus*, 40 Cal. 4th 683, 721 (2007) (no recovery where harm "was not legally caused by" defendant's publication). "Proximate cause limits liability to those causes which are so closely connected with the result and of such significance that the law is justified in imposing liability." *Shively v. Bozanich*, 31 Cal. 4th 1230, 1248 (2003).

Case No. 8:25-cv-1648 FWS
(JDEx)

**NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFF'S FALSE LIGHT
CLAIM PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16
(ANTI-SLAPP)**

Here, Plaintiff's own pleadings sever the causal chain. The complaint concedes that the Huntington Beach Union High School District issued an official press release explaining that his removal as a football coach "was based on a public social media post made by Mr. Kluwe, which included a statement suggesting violence." (Compl. ¶¶ 192–97; Ex. 29). The District embedded its own redacted screenshot of Plaintiff's PSA—"Go fuck with the city council. Find where they work, and blow *those* places up"—and explicitly disclaimed reliance on his City Council remarks. *Id*. In short, the employer acted on Plaintiff's words, not on any characterization or commentary added by Defendant.

This fact alone defeats proximate cause. Courts consistently hold that where a plaintiff's termination stems from an employer's independent decision-making process, liability does not extend to third parties who merely supplied background information. *See Doe v. Gangland Prods.,* 730 F.3d at 962 (no causation where reputational harm resulted from "editorial decisions" of third-party producers, not defendant's conduct); *Franklin v. Dynamic Details, Inc*., 116 Cal. App. 4th 375, 392 (2004) (publication not actionable where "the alleged injury was the result of independent decisions of third parties").

Moreover, Plaintiff's exhibits show that others—not Defendant—amplified and reported his PSA to law enforcement and school administrators. In the HB Insider thread, commenters announced they were forwarding the PSA to police and

22                                Case No. 8:25-cv-1648 FWS
(JDEx)

**NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFF'S FALSE LIGHT
CLAIM PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16
(ANTI-SLAPP)**

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

to Edison High's principal. Compl. Ex. 17. Another user posted that the PSA had

been "posted in two groups … That way all bases are covered." Compl. Ex. 25.

These independent republications break the chain of causation. As the Supreme

Court has explained, "the causal link between the defendant's conduct and the

plaintiff's injury may be severed by the intervening act of a third person." *Staub v.

Proctor Hosp.,* 562 U.S. 411, 419 (2011).

Plaintiff attempts to attribute his termination and reputational fallout to

Epting's repost, alleging that it "triggered many disparaging attacks on Kluwe"

(Compl. ¶ 151). But this conclusory assertion cannot survive *Iqbal. See Iqbal*, 556

U.S. at 678 (conclusory allegations "not entitled to the assumption of truth"). The

attached exhibits themselves show that Plaintiff's own words—his unambiguous

directive to "blow *those* places up"—ignited public concern, and that third parties

drew their own conclusions and acted on them. Defendant's single-sentence

commentary, "I hope the library renounces this kind of language and behavior,"

did not "cause" the police to open an inquiry or the District to terminate Plaintiff's

employment.

At most, Defendant was one of many community members participating in a

fast-moving public conversation about Plaintiff's rhetoric. But "liability for

defamation cannot be imposed on the theory that a defendant's statements set in

motion a chain of events leading to injury through independent acts of third

23                          Case No. 8:25-cv-1648 FWS
(JDEx)

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

persons." *Pope v. Chronicle Publ'g Co.,* 95 Cal. App. 3d 607, 613 (1979). The law requires a direct, proximate causal link between Defendant's publication and Plaintiff's damages; Plaintiff has not pled, and cannot prove, such a link here.

### E.    Plaintiff's Damages Claim Is Barred by Civil Code § 48a

California Civil Code § 48a strictly limits recovery in actions for defamation and false light. The statute provides that a plaintiff may not recover general damages unless he has first served the publisher with a written demand for correction within 20 days of learning of the publication. Cal. Civ. Code § 48a(a), (b). If no correction demand is made, recovery is limited to special damages — i.e., specific economic losses proven with particularity. § 48a(d)(2).

Courts have consistently enforced this requirement. In *Kapellas v. Kofman*, 1 Cal. 3d 20, 34 (1969), the California Supreme Court held that plaintiffs who fail to request a correction are "limited to special damages" and cannot pursue general damages for reputational harm or emotional distress. Similarly, in *Reader's Digest Ass'n v. Superior Court*, 37 Cal. 3d 244, 251 (1984), the Court reaffirmed that § 48a applies not only to newspapers but to any "publication" within the meaning of the statute, and bars recovery of presumed or general damages absent a correction demand. Federal courts have followed the same rule. *See Elias v. Rolling Stone LLC*, 872 F.3d 97, 113 (2d Cir. 2017) (applying § 48a to bar general damages where no timely correction demand was made).

Case No. 8:25-cv-1648 FWS (JDEx)

**NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16 (ANTI-SLAPP)**

Here, Plaintiff does not allege that he served a timely demand for correction within 20 days of Defendant's February 2025 repost. (Compl. ¶¶ 14–17, 22–25). Absent such a demand, his claim is limited by law to special damages, which must be pleaded with specificity. Cal. Civ. Code § 48a(d)(2). Yet the Complaint pleads no facts identifying any actual pecuniary loss. Plaintiff alleges only generalized reputational harm and emotional distress (Compl. ¶¶ 25–26). Such conclusory allegations are legally insufficient. *See Gilman v. McClatchy*, 111 Cal. App. 4th 745, 750 (2003) (holding that allegations of harm to "business, profession, and occupation" without specifics are inadequate to plead special damages).

Because Plaintiff failed to demand a correction and has not pled special damages with the required specificity, Civil Code § 48a bars his claim for general damages as a matter of law. His false light claim, therefore, cannot survive prong two of the anti-SLAPP analysis.

### F.     Attorneys' Fees Are Mandatory

California's anti-SLAPP statute provides that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c)(1). The fee award is mandatory, not discretionary. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001) ("any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees"). The Ninth Circuit has likewise enforced this rule in federal court.

*Metabolife Int'l, Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1222 (S.D. Cal. 2002) (awarding fees under § 425.16(c) in federal court); *Verizon Del., Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004) (recognizing mandatory fee-shifting as part of anti-SLAPP's substantive protections).

Courts construe the statute broadly to ensure that defendants are fully compensated for the cost of fending off meritless suits targeting protected speech. In *Ketchum*, the California Supreme Court explained that the fee award should be "fully compensatory" and include all hours reasonably spent on the motion, including reply briefing and preparation of the fee application itself. 24 Cal. 4th at 1133. The purpose is to deter plaintiffs from chilling constitutionally protected expression through costly litigation.

Because Defendant's anti-SLAPP motion should be granted in full, an award of attorneys' fees and costs is mandatory under § 425.16(c). Defendant respectfully requests such an award here.

## V.    CONCLUSION

Plaintiff's false light claim seeks to punish protected speech about a matter of undeniable public concern. But Defendant reposted Plaintiff's own words, added only a brief and measured comment, and disclaimed any belief that Plaintiff literally advocated violence. The Complaint fails to allege falsity, fails to show a portrayal that is "highly offensive," and cannot establish actual malice, causation,

26                                  Case No. 8:25-cv-1648 FWS (JDEx)

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

or damages. At every step, Plaintiff's allegations collapse under the scrutiny required at prong two of the anti-SLAPP analysis.

Because the claim is legally and factually insufficient, it must be stricken under Code Civ. Proc. § 425.16. Defendant respectfully requests that the Court grant this motion in full and award mandatory attorneys' fees and costs pursuant to § 425.16(c)(1).

DATED: August 27, 2025

Respectfully submitted,

By: /s/ William J. Becker, Jr.
    William J. Becker, Jr., Esq.
    Attorney for Plaintiffs

27                    Case No. 8:25-cv-1648 FWS

(JDEx)

**NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFF'S FALSE LIGHT CLAIM PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16 (ANTI-SLAPP)**