# EXHIBIT A

**EXHIBIT A**
**Table of Misrepresented Citations in Defendant's Anti-SLAPP Motion**

|   | Motion Page # | Defendant's Cite | Proposition or Quotation Source is Cited For | Plaintiff's Findings |
|---|---|---|---|---|
| 1 | 7-8 | Epting Decl., ¶10, Ex.1 | "[I]n a widely circulated post, [Kluwe] urged Dodger fans to make the stadium 'a fucking nightmare' by 'constantly' throwing 'bags of oranges' onto the field." | The misquoted source actually says: "For the next Dodgers home game, bring a bag of oranges, then start chucking them on the field in the first inning." *See* Epting Decl., Ex.1 |
| 2 | 14 | *Chamndany v. Harding,* No. 8:22-cv-01473-FWS-KES, 2022 WL 19263348, at *3 (C.D. Cal. Oct. 4, 2022) (Slaugher, J.) | "Conclusory assertions and allegations based merely on information and belief are inadequate. ... Federal courts applying § 425.16 adhere to this rule. *See, e.g., Chamndany v. Harding,* No. 8:22-cv-01473-FWS-KES, 2022 WL 19263348, at *3 (C.D. Cal. Oct. 4, 2022). | This case does not address the propriety of allegations based on information and belief when deciding Anti-SLAPP motions in federal court. The phrase "information and belief" does not even appear. |
| 3 | 15 | *Flowers v. Carville*, 310 F.3d 1118, 1132–33 (9th Cir. 2002) | "To prevail on a false light invasion of privacy claim, Plaintiff must prove: (1) Defendant publicized information placing Plaintiff in a false light; (2) the false light would be highly offensive to a reasonable person; and (3) Defendant acted with knowledge of or reckless disregard as to the falsity of the publicized matter and the false light in which Plaintiff was placed." | The cited elements do not appear in *Flowers*. Also, the claims at issue were governed by Nevada state law, and the court distinguished between false light and defamations claims in that jurisdiction. It compared Nevada to California law, saying: "In California, therefore, '[a]n action for invasion of privacy by placing the plaintiff in a false light in the public eye is in substance equivalent to a libel claim.'" *Id.* at 1133 (quoting *Selleck v. Globe Int'l,* 166 Cal.App.3d 1123, 1133 (1985)). |
| 4 | 16 | *Khawar v. Globe Int'l, Inc.,* 19 Cal. 4th 254, 275 (1998) | "Even crediting Plaintiff's theory, omission of an attachment does not create | This case did not address the materiality of a change in meaning. A book |

1

| | | | | |
|---|---|---|---|---|
| | | | falsity absent a material change in meaning. *Khawar v. Globe Int'l, Inc.,* 19 Cal. 4th 254, 275 (1998) (republication actionable only if it materially changes meaning)." | identified a third party (Ali) as the true assassin of Robert Kennedy. It included a photo purporting to be Ali, but it actually was the plaintiff, Khawar. The Globe published an article summarizing the contentions in the book and included the photo of Khawar, who sued the Globe. The court held that one who republishes a defamatory statement (there, the Globe) is liable for any resulting injury. It declined to adopt the "neutral reportage privilege," which is a privilege recognized by other jurisdictions for the accurate reporting of another person's defamatory statement under certain conditions. |
| 5 | 16 | *Flowers v. Carville*, 310 F.3d 1118, 1136 (9th Cir. 2002) | "Even crediting Plaintiff's theory, omission of an attachment does not create falsity absent a material change in meaning. … *Flowers,* 310 F.3d at 1136 (holding that accurate republication of unflattering statements is not false)." | The case did not address an accurate republication of an unflattering statement. It held that, under Nevada law, Jennifer Flowers properly pled that George Stephanopoulos and James Carville republished harmful news reports they knew were false, stating that she doctored audio tapes of conversations with Bill Clinton. The pin cite to page 1136 is either a typo or fabricated because the case ends at page 1133. |
| 6 | 16-17 | *Barger v. Playboy Enters., Inc.,* 564 F. Supp. 1151, 1157 (N.D. Cal. 1983) | "But he cannot retroactively narrow his words and then sue others for reproducing them as written. … *Barger v. Playboy Enters., Inc.,* 564 F. Supp. 1151, 1157 (N.D. Cal. 1983) | The case did not involve the publication of plaintiff's own words. The plaintiffs were wives of Hell's Angels who argued that they had sufficiently pled actual |

2

| | | | | |
|---|---|---|---|---|
| | | | (holding no malice where publisher relied on plaintiff's own words and left readers to judge)." | malice arising from Playboy's publication of a story by an undercover narcotics agent that portrayed Hell's Angels as unfaithful. The plaintiffs argued that the author's description of his own drug use should have made Playboy question the accuracy of his story. The court disagreed, saying the story did not suggest that the agent was a liar and set out details from which readers could judge his credibility. |
| 7 | 18 | *Flowers v. Carville*, 310 F.3d 1118, 1131-32 (9th Cir. 2002) | [False light requires proof that the alleged false light would be highly offensive to a reasonable person.] "This is an objective test: courts ask whether an average person, not the plaintiff, would find the portrayal so extreme and damaging that it goes beyond the normal give-and-take of public discourse. *Flowers* at 1131–32." | The case does not include any similar language. It held that a false light invasion of privacy claim under Nevada law could rely on allegations that the falsehood "cause[d] subjective emotional distress." *Id.* at 1132-33. |
| 8 | 20 | *Flowers v. Carville*, 310 F.3d 1118, 1131-32 (9th Cir. 2002) | "Courts consistently hold that accurate repetition of a plaintiff's own controversial words, accompanied by commentary, does not amount to a portrayal that is 'highly offensive.' *Flowers*, 310 F.3d at 1132–33 (statements made in heated political discourse were not actionable in false light) …." | The case, decided under Nevada law, does not address "statements made in heated political discourse," or "accurate repetition of a plaintiff's own controversial words, accompanied by commentary" (it addresses defendants' defamatory statements that Flowers falsified audio tapes), and does not even include the word "offensive." |
| 9 | 20 | *Larsen v. City of Beloit,* 130 F.3d 1278, 1284 (7th Cir. 1997) | "Courts consistently hold that accurate repetition of a plaintiff's own controversial words, accompanied by | The case does not address (or even mention) a false light claim and does not contain anything like the |

3

| | | | commentary, does not amount to a portrayal that is 'highly offensive.' …. *Larsen v. City of Beloit,* 130 F.3d 1278, 1284 (7th Cir. 1997) (false light requires portrayal 'so unreasonably offensive as to shock the community's notions of decency')." | quotation in the parenthetical. The court addressed an injured police officer's Section 1983 claim against the city for unlawful deprivation of a property interest in payment for his medical expenses. The main issue was whether there was an enforceable agreement to cover medical expenses. *Id.* at 1281-1285. |
|---|---|---|---|---|
| 10 | 21 | *Fellows v. Nat'l Enquirer, Inc.,* 42 Cal. 3d 234 (1986) | "As the *Fellows* court made clear, false light liability requires falsity or misleading implication—not merely truthful but embarrassing publicity." | The case did not address a statement that constituted "truthful but embarrassing publicity." The statement at issue (that a married TV producer was dating an actress) was alleged in the complaint to be false. |
| 11 | 23 | *Barger v. Playboy Enters., Inc.*, 564 F. Supp. 1151, 1157 (N.D. Cal. 1983) | "Reposting Plaintiff's words verbatim, while disavowing a literal interpretation, is the opposite of reckless disregard. It is a good-faith reliance on Plaintiff's own public statements. *See, Barger,* 564 F. Supp. at 1157 (finding no actual malice where publication relied on plaintiff's own words and left readers to judge for themselves)." | This same misrepresentation about *Barger* is addressed above at #3. |
| 12 | 24 | *Doe v. Gangland Prods., Inc.,* 730 F.3d 946, 962 (9th Cir. 2013) | "To prevail on a false light or defamation claim, Plaintiff must prove that Defendant's statement, not independent actions of third parties, proximately caused the alleged injury. *See, Doe v. Gangland Prods., Inc.,* 730 F.3d 946, 962 (9th Cir. 2013) (false light requires proof that the challenged portrayal 'caused | The case did not involve claims of false light invasion of privacy or defamation, did not address independent actions of third parties, and the quoted phrase in the parenthetical does not appear in this case. The plaintiff agreed to be interviewed for a documentary about gangs so long as his identity was |

4

| | | | | |
|---|---|---|---|---|
| | | | damage to the plaintiff')…." | concealed. The show disclosed his identity, and he sued for appropriation of likeness, public disclosure of private fact, false promise, negligent and intentional infliction of emotional distress, and declaratory relief. Four of his claims survived defendant's Anti-SLAPP motion. The only reference to "causation" was that plaintiff had properly pled the causation element of his claim for intentional infliction of emotional distress through allegations that the disclosure of his identity caused emotional distress, lost employment, and gang threats. |
| 13 | 24 | *Taus v. Loftus,* 40 Cal. 4th 683, 721 (2007) | "To prevail on a false light or defamation claim, Plaintiff must prove that Defendant's statement, not independent actions of third parties, proximately caused the alleged injury. … *Taus v. Loftus,* 40 Cal. 4th 683, 721 (2007) (no recovery where harm 'was not legally caused by' defendant's publication)." | The case did not include a false light invasion of privacy claim. The defamation claim was found to be precluded by an applicable privilege; causation of injuries was not addressed. Nothing like the quoted phrase in the parenthetical appears in the case. The case focused on defendants' disclosure of personal information about plaintiff, who had been the unnamed subject of a study about repressed memories of child abuse. |
| 14 | 24 | *Shively v. Bozanich,* 31 Cal. 4th 1230, 1248 (2003) | "Proximate cause limits liability to those causes which are so closely connected with the result and of such significance that the law is | The case does not address causation, and the term "proximate cause" does not appear in it. It focuses entirely on the statute of |

5

| | | | justified in imposing liability." | limitations for defamation. |
|---|---|---|---|---|
| 15 | 25 | *Doe v. Gangland Prods., Inc.,* 730 F.3d 946, 962 (9th Cir. 2013) | "Courts consistently hold that where a plaintiff's termination stems from an employer's independent decision-making process, liability does not extend to third parties who merely supplied background information. *See, Gangland Prods.*, 730 F.3d at 962 (no causation where reputational harm resulted from 'editorial decisions' of third-party producers, not defendant's conduct) …." | Nothing like the quoted phrase in the parenthetical appears in this case, causation and reputational harm were not discussed, and the case had nothing to do with an employer's termination decision-making process. |
| 16 | 25 | *Franklin v. Dynamic Details, Inc.*, 116 Cal. App. 4th 375, 392 (2004) | "Courts consistently hold that where a plaintiff's termination stems from an employer's independent decision-making process, liability does not extend to third parties who merely supplied background information. … *Franklin v. Dynamic Details, Inc.*, 116 Cal. App. 4th 375, 392 (2004) (publication not actionable where 'the alleged injury was the result of independent decisions of third parties')." | The quoted phrase in the parenthetical does not appear in the case. In the referenced portion, the court addressed summary judgment on a claim for interference with a contractual relationship. It held that the plaintiff's evidence opposing summary judgment did not create a triable issue as to whether defendant's emails badmouthing plaintiff had caused an interference with the contractual relationship. |
| 17 | 26 | *Pope v. Chronicle Publ'g Co.*, 95 Cal. App. 3d 607, 613 (1979) | "But 'liability for defamation cannot be imposed on the theory that a defendant's statements set in motion a chain of events leading to injury through independent acts of third persons." | This case does not exist. It appears to be a fabricated cite. |
| 18 | 27 | *Reader's Digest Ass'n v. Sup. Ct.*, 37 Cal.3d 244, 251 (1984) | "Similarly, in *Reader's Digest Ass'n v. Superior Court,* 37 Cal. 3d 244, 251 (1984), the Court reaffirmed that § 48a applies not only to newspapers but to any 'publication' within the meaning of the statute, and | This case does not address (or even mention) the applicability of § 48a to any type of publication. |

6

| | | | | |
|---|---|---|---|---|
| | | | bars recovery of presumed or general damages absent a correction demand." | |
| 19 | 27 | *Elias v. Rolling Stone LLC*, 872 F.3d 97, 113 (2d Cir. 2017) | "Federal courts have followed the same rule. *See, Elias v. Rolling Stone LLC,* 872 F.3d 97, 113 (2d Cir. 2017) (applying § 48a to bar general damages where no timely correction demand was made)." | This case does not address (or even mention) the applicability of § 48a to any type of publication. It was decided under New York law and does not address a correction demand. |
| 20 | 29 | *Jasperson v. Schaefer*, 366 F.Supp.3d 1035, 1045 (E.D. Cal. 2018) | "To plead defamation per se, a plaintiff must show that a statement is defamatory 'on its face,' without the need for extrinsic facts or context." | This appears to be a false cite. The case does not exist. |
| 21 | 29 | *Kapellas v. Kofman*, 1 Cal.3d 20, 33–34 (1969) | "That standard cannot be met where the words are literally Plaintiff's own, and any alleged defamatory 'meaning' requires explanation, interpretation, or implication." | The case does not address a claim involving plaintiff's own words or defamatory meaning. It held that, when a plaintiff asks a newspaper to retract an implied defamatory statement under Section 48a, the request should be specific enough to notify the newspaper which statements are objectionable. *Id*. at 33-34. |
| 22 | 29-30 | *Flowers v. Carville*, 310 F.3d 1118, 1133 (9th Cir. 2002) | "As the Ninth Circuit has held, republication of a plaintiff's own words, without distortion or addition, cannot support a claim for defamation per se." | The case had nothing to do with the republication of plaintiff's own words. It addressed Flowers' defamation and false light claims under Nevada law based on her allegations that defendants' knowingly repeated false news reports that she had doctored audio tapes. |

7