Daniel A. Sasse (SBN: 236234)
  DSasse@crowell.com
David C. Griffith (SBN: 329342)
  DGriffith@crowell.com
Jazmine G. Buckley (SBN: 341516)
  JBuckley@crowell.com
Crowell & Moring LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614
Telephone: 949.263.8400
Facsimile: 949.263.8414

*Attorneys for Plaintiff Christopher Kluwe*

*(Additional Counsel Listed on Signature Page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER KLUWE,<br><br>          Plaintiff,<br><br>     v.<br><br>HUNTINGTON BEACH UNION HIGH SCHOOL DISTRICT; CAROLEE OGATA, in her individual and official capacities as Superintendent of Huntington Beach Union High School District; SUSAN HENRY, in her individual and official capacities as President of the Board of Trustees of the Huntington Beach Union High School District; DANIEL BRYAN, in his individual and official capacities as Assistant Superintendent, Human Resources at Huntington Beach Union High School District; DANIEL MORRIS, in his individual and official capacities as Principal of Edison High School; EDWARD BEGANY, in his individual and official capacities as Assistant Principal, Supervision at Edison High School; and CHRISTIAN EPTING, an individual,<br><br>          Defendants. | Case No. 8:25-cv-1648<br><br>**DECLARATION OF DANIEL A. SASSE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT CHRISTIAN EPTING'S MOTION TO STRIKE PLAINTIFF'S "FALSE LIGHT DEFAMATION" CLAIM PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16 (ANTI-SLAPP)**<br><br>Date: October 23, 2025<br>Time: 10:00 a.m.<br>Crtrm: 10D<br>Judge: Hon. Fred W. Slaughter<br><br>JURY DEMAND |

I, Daniel A. Sasse, declare as follows:

1.  I am an attorney duly licensed to practice in the state of California. I am a partner in the law firm of Crowell & Moring LLP, counsel of record for Plaintiff Christopher Kluwe ("Kluwe"). Unless otherwise indicated, I have personal knowledge of the matters stated in this Declaration, and if called upon to do so, I could and would testify competently to them.

2.  Plaintiff filed his Complaint in this matter on July 28, 2025 and served Defendant Chris Epting soon thereafter. Mr. Epting's response to the Complaint was due on August 29, 2025.

3.  C.D. Cal. Local Rule 7-3 requires parties to "discuss thoroughly" the contents of any motion—in person or by phone—at least 7 days before it's filed. Therefore, Mr. Becker was required to confer on any motion challenging the pleadings by August 22, 2025. This Court's Standing Order reserves the right to strike any motion for non-compliance with Local Rule 7-3.

4.  In an 18-page letter dated August 19, 2025, William Becker contacted me for the first time concerning the claim against his client, Mr. Epting. The letter is attached as **Exhibit 1**.

5.  The letter devoted significant space to Mr. Kluwe's social media posts that are irrelevant to the defamation claim against him. The sole purpose of including them appeared to be to suggest that he and Mr. Epting will seek to embarrass Mr. Kluwe if he does not drop the defamation claim against Mr. Epting.

6.  The letter attempts to attack the merits of the claim against Mr. Epting, which Mr. Becker misconstrued as a false light invasion of privacy claim.

7.  Without basis or argument, the letter threatened Plaintiff's counsel with Rule 11 sanctions.

8.  The letter threated Mr. Kluwe personally, saying: "I am weighing whether to forward the information I have gathered to my former colleague, Harmeet Dhillon, now Assistant Attorney General for Civil Rights at the U.S.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

2

SASSE DECLARATION IN SUPPORT OF
OPPOSITION TO MOTION TO STRIKE;
CASE NO. 8:25-CV-1648

Department of Justice." The threat is inconsistent with California's ethical rules prohibiting threats to initiate criminal or administrative proceedings to gain an advantage in civil litigation. *See* California's Rules of Professional Conduct, Rule 7-104.

9. The letter concluded with the following threat: "You and your client have a choice: withdraw this meritless claim now, or proceed and pay dearly for it—both in fees and in public exposure of your client's hypocrisy as well as potential Rule 11 sanctions. I expect to see a Rule 41(a) dismissal filed no later than 5:00 p.m. PST on August 26, 2025, with notice given to me by email at freedomxlaw@gmail.com."

10. The letter did not invite a call to meet and confer about Plaintiff's defamation claim; it simply demanded dismissal or face his threatened consequences.

11. Our litigation team took time to closely review Mr. Becker's challenges to the defamation claim. We concluded that his arguments had no merit.

12. Therefore, on August 26, 2025, I emailed Mr. Becker (1) saying the defamation claim against Mr. Epting is sufficiently pled, (2) saying his threat to report Mr. Kluwe to the DOJ implicated Professional Rule of Conduct 7-104, and (3) suggesting we all stick to good lawyering rather than resorting to threats. The email is attached as **Exhibit 2**.

13. On August 27, 2025, Mr. Becker filed a Motion to Dismiss under Fed. R. Civ. 12(b)(6) [Dkt. No 18] and a Motion to Strike under California's Anti-SLAPP statute [Dkt. No. 19].

14. On August 28, 2025, I emailed Mr. Becker saying that (1) he failed to comply with C.D. Cal. Local Rule 7-3's meet and confer requirement before filing his Motions and (2) the hearing date that he set for the Motions did not comply with this Court's Standing Order, which requires the filing of motions at least four weeks prior to the hearing date.

15. On August 28, 2025, Mr. Becker responded saying, "in 37 years of practice, I can't recall being lectured on the meet and confer process or reminded of the letter of the rule." He sought to shift blame for his non-compliance on Plaintiff's counsel for not offering a more thorough response to his letter on August 26. He instructed me to call him the next day at 10:00 am PST "[i]f you believe there's still anything to discuss regarding the motions." The email is attached as **Exhibit 3**.

16. We ultimately arranged a mutually-agreeable time for a call to confer on August 29, 2025, which my colleague David Griffith also joined.

17. During the call, we conveyed the following issues: (1) supplemental jurisdiction is proper over Defendant's defamation claim, which is closely tied to the claims against the other Defendants, (2) that the Complaint asserts a claim for *per se* defamation, not invasion of privacy, (3) that in federal court, the Rule 12(b)(6) standard applies to his Anti-SLAPP motion, not the Rule 56 summary judgment standard, that Plaintiff is not required to present evidence at this stage, and that the Complaint properly pleads the defamation claim. Mr. Becker appeared to confuse (intentionally or mistakenly) the California state court standard for evaluating Anti-SLAPP motions with the standard that applies in federal court.

18. Mr. Becker argued that Plaintiff will be required to submit evidence to survive his motions. He expressed his view that the Court is likely to dismiss the claim against Mr. Epting pursuant to his Rule 12(b)(6) Motion and will never reach the Anti-SLAPP Motion.

19. Mr. Becker also claimed that he did not realize that the Complaint pled a defamation *per se* cause of action and asked for more time to revise and re-submit his Motions accordingly. We pointed out the crystal-clear defamation *per se* allegations in the Complaint but nonetheless agreed to his request and negotiated a new hearing date and briefing schedule.

20. Attached as **Exhibit A** to Plaintiff's Opposition brief to Defendant's Anti-SLAPP Motion is a table that catalogues the misrepresentations made in

1  Defendant's brief that appear to be the result of the misuse of AI.  Although Mr.
2  Becker chose not to refile his Rule 12(b)(6) Motion, it had similar issues.

3      21.    Mr. Becker has repeatedly argued that the cropped version of Mr.
4  Kluwe's social media post at the center of this litigation unambiguously promoted
5  violence. For example, during the meet and confer call on August 29, 2025, he
6  argued that the Court will not be persuaded by an argument that Mr. Kluwe's social
7  media post at the center of this litigation didn't literally mean "blow up." In Mr.
8  Becker's letter of August 19, 2025, he made similar representations including at
9  page 3: "There is nothing ambiguous about that language" of the altered version of
10 Mr. Kluwe's social media post, which "is the language of violence, directed at
11 identified political opponents."

12     22.    Mr. Epting attached a Declaration to his Anti-SLAPP motion that we
13 have argued is improper and should be ignored. Although most of the Declaration is
14 irrelevant, paragraph 8 tries to refute the Complaint's allegations that Mr. Epting is
15 responsible for knowingly capturing only part of Mr. Kluwe's Bluesky post and
16 reposting it on Facebook. These are disputed facts at the heart of the defamation
17 claim. They also conflict with Mr. Becker's letter of August 19, 2025, where he
18 admitted (at page 3) that Mr. Epting captured Mr. Kluwe's post on Bluesky, saying:
19 "Mr. Epting…simply reposted the screenshot as it appeared on Bluesky."  These
20 conflicting statements further confirm that Mr. Epting's Declaration must be
21 ignored, conversion to the Rule 56 standard is improper, and discovery must
22 proceed before a determination on the merits of the defamation claim.

23     I declare under penalty of perjury under the laws of the State of California
24 that the foregoing is true and correct to the best of my knowledge, information and
25 belief.
26 / / /
27 / / /
28 / / /

Executed this 18th day of September, 2025, at Irvine, California.

                                    */s/ Daniel A. Sasse*
                                    Daniel A. Sasse

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to Counsel for all Parties, who are CM/ECF registrants.

*/s/ Daniel A. Sasse*
Daniel A. Sasse