UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-01648-FWS (JDEx) | Date | September 23, 2025 |
|---|---|---|---|
| Title | Christopher Kluwe v. Huntington Beach Union High School District, et al. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|

| Amber Rodriguez | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings:**   (In Chambers) Order Denying Proposed Protective Order [Dkt. 33]

On September 22, 2025, the parties filed a Stipulation re Protective Order (Dkt. 33, "Proposed Protective Order" or "PPO"), with a two-page proposed order (Dkt. 33-1). The Proposed Protective Order suffers from several defects. What follows is a non-exhaustive list of the defects.

First, the Proposed Protective Order does not set forth a factual basis, particular to this case, demonstrating good cause to support a protective order. For example, although the requested protective order is based partly on a desire to "prevent the unauthorized disclosure or use of any Party or Non-Party's trade secrets," the Proposed Protective Order does not provide a factual basis to support a finding that trade secrets may be implicated by discovery in this action, nor does the Court's independent review of the pleadings support such a finding. Any future proposed protective order must be supported by good cause tied to the facts of the case. See Fed. R. Civ. P. 26(c)(1).

Second, the Proposed Protective Order purports to set forth procedures for challenging a designation of material as "confidential" that are inconsistent with the detailed procedures set forth in Local Rule 37.1, et seq. that govern the procedures for discovery-related motion practice in this district. See PPO, § V(A),(B). Any future proposed protective order shall not seek to alter the procedures set forth in the Local Rules regarding discovery motion practice.

Third, the Proposed Protective Order purports to authorize challenges to designations "at any point up until trial." PPO, § V. The timing of any challenge to designations under any future proposed protective order shall be subject to the Scheduling Order to be entered in the action by the Honorable Fred W. Slaughter, United States District Judge. See Fed. R. Civ. P. 16(b).

Fourth, the Proposed Protective Order purports to authorize parties to designate testimony "on the record during a . . . pretrial proceeding." See PPO, § II(E). The nature of the pretrial proceedings, in particular, whether dispositive or non-dispositive, may change the standard of review for limiting access to materials presented to the Court. As such, "good cause" may not be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-01648-FWS (JDEx) | Date | September 23, 2025 |
|---|---|---|---|
| Title | Christopher Kluwe v. Huntington Beach Union High School District, et al. | | |

sufficient to limit disclosure or access to such material. Any future proposed protective order should not purport to authorized automatic designation under such proposed protective order during proceedings before the Court.

Fifth, it appears the parties intend that the Proposed Protective Order apply at trial. See PPO, § IV(J); § XV(B). The parties are advised that any future proposed protective order submitted shall expressly provide that the order does not govern trial in any respect, and the handling / admissibility of "confidential" materials at trial shall be subject to the orders of the trial judge.

Sixth, the Proposed Protective Order purports to require parties who have received a subpoena "or other valid legal process" to advise the person or entity issuing such process that "providing the information may be a violation of this Protective Order" and further directs the subpoenaed party to "not produce any Protected Material while a protective order brought by the Designated [sic] Party pursuant to this paragraph is pending or while an appeal from or request for appellate review of such motion is pending, unless a court of competent jurisdiction orders otherwise." See PPO, § III(C). Without ruling on the propriety of such language, the parties are advised that any future proposed protective order should expressly provide that nothing in the order should be interpreted as authorizing any party to ignore or disobey a lawful order or directive from another court.

Seventh, as the parties' Electronically Stored Information ("ESI") Protocol (Dkt. 34) has not been entered as an order of the Court (see Dkt. 35), any future proposed protective order should not direct that it be construed subject to the parties' agreement as to ESI protocols.

Eighth, the parties are reminded that discovery-related matters are referred to the assigned magistrate judge and a word-processing copy of any proposed order, including any underlying stipulation, should be delivered to the chambers email of the appropriate judge. See Dkt. 5; Dkt. 9 at VII; ; C.D. Cal. General Order No. 05-07; C.D. Cal. Local Civil Rules 5-1, 5-4.4.1, and 5-4.4.2.

For the foregoing reasons, the Proposed Protective Order (Dkt. 33) is DENIED without prejudice to the parties submitting a new stipulation and proposed protective order consistent with the foregoing, with a word version of the full stipulation and proposed order submitted to the chambers email of the assigned magistrate judge as required by the Local Rules. The parties are directed to the Procedures and Schedules page of the assigned magistrate judge for a copy of a model protective order, which the parties may, but are not required, to use as a model.

IT IS SO ORDERED.

| | Initials of Clerk | ARO |
|---|---|---|