William J. Becker, Jr., Esq. (SBN: 134545)
Bill@FreedomXLaw.com
**FREEDOM X**
11500 Olympic Blvd., Suite 400
Los Angeles, California 90064
Telephone: (310) 636-1018

Counsel for Defendant, *Christian Epting*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER KLUWE,<br><br>Plaintiffs,<br><br>vs.<br><br>HUNTINGTON BEACH UNION HIGH SCHOOL DISTRICT; ET AL.,<br><br>Defendants. | Case No. 8:25-cv-1648 FWS (JDEx)<br><br>*Hon. Fred W. Slaughter*<br><br>**DECLARATION OF WILLIAM J. BECKER, JR., IN SUPPORT OF DEFENDANT CHRISTIAN EPTING'S REPLY TO PLAINTIFF'S OPPOSITION TO SPECIAL MOTION TO STRIKE**<br><br>Date: October 23, 2025<br>Time: 10:00 a.m.<br>Ctrm:  10D<br><br><br>Compl. Filed: August 8, 2025 |

I, William J. Becker, Jr., declare as follows:

      1.    I am counsel of record for Defendant Christian Epting in the above-captioned matter. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would competently testify thereto.

**DECLARATION OF WILLIAM J. BECKER, JR., IN SUPPORT OF DEFENDANT CHRISTIAN EPTING'S REPLY TO PLAINTIFF'S OPPOSITION TO SPECIAL MOTION TO STRIKE**

2.     This declaration is submitted in support of Defendant Epting's Reply to Plaintiff's Opposition to the Amended Special Motion to Strike (Dkt. 31, "Opp."), in part to address Plaintiff's accusation of citation errors in the motion (Opp. 6; Ex. A thereto, Dkt. 31-1, "Table").

## Declaration Re: Generative-Tool Use And Citation Verification

3.     In preparing Plaintiff's Amended Motion filed on September 4, 2025, I conducted legal research primarily on Westlaw and drafted the brief in Microsoft Word. I also used generative tools for drafting assistance (organization, phrasing, and editing), but I verified the accuracy of every case name, reporter citation, pincite, and quotation against Westlaw and/or official sources before filing. No authority was included without such verification, and if the Court disfavors any particular citation, I will promptly withdraw it without affecting the merits. I make this certification pursuant to the Court's Standing Order and Fed. R. Civ. P. 11, and I confirm that the filing is, to the best of my knowledge, information, and belief formed after reasonable inquiry under the circumstances, accurate, non-frivolous, and in compliance with applicable rules.

## Response to Attorney Sasse's Declaration

4.     Mr. Sasse's declaration attaches and characterizes my August 19, 2025, letter as threatening and improper. I respectfully disagree with that characterization. The letter was a forceful meet-and-confer communication

**DECLARATION OF WILLIAM J. BECKER, JR., IN SUPPORT OF DEFENDANT CHRISTIAN EPTING'S REPLY TO PLAINTIFF'S OPPOSITION TO SPECIAL MOTION TO STRIKE**

designed to frame the legal deficiencies in Plaintiff's claim and invite resolution without the need for motion practice. Nothing in the letter was intended to evade the Court's rules or professional standards.

5.    I am a solo practitioner without paralegal or administrative staff. I personally research, draft, edit, and file all of my own pleadings and correspondence. While I strive for precision and professionalism, I cannot be expected to meet the standard of perfection that a large law firm with a full team of attorneys and support staff may be able to achieve.

6.    Mr. Sasse suggests that I failed to comply with Local Rule 7-3. While my letter was direct and expressed my client's position in unambiguous terms, I believed in good faith that it satisfied my obligation to initiate a meet-and-confer process. Once Plaintiff's counsel requested a call, I participated promptly and cooperatively. We resolved timing and briefing issues without Court intervention.

7.    I understand that Plaintiff's counsel may not have appreciated the aggressive tone of my letter. That is understandable in the adversarial context of litigation. But I categorically reject any suggestion that I acted in bad faith, sought to intimidate opposing counsel or party, or attempted to misuse ethical rules. My focus has always been on the merits of the case and presenting the strongest arguments for dismissal of a claim I believe to be legally defective.

**DECLARATION OF WILLIAM J. BECKER, JR., IN SUPPORT OF DEFENDANT CHRISTIAN EPTING'S REPLY TO PLAINTIFF'S OPPOSITION TO SPECIAL MOTION TO STRIKE**

8.      Any errors in my briefing were unintentional and reflect the reality of a solo practitioner preparing multiple filings under significant time constraints, including trial preparation and scheduled family obligations. Plaintiff's declaration, which devotes substantial space to criticizing my tone and highlighting perceived citation errors, functions as a "gotcha" rather than addressing the legal issues raised in the motion.

9.      I respectfully submit that these characterizations are irrelevant to the merits of the motion and should not distract from the legal question before the Court: whether Plaintiff has adequately pled a viable claim for defamation per se.

## Compliance With Local Rule 7-3 And Standing Order

10.      Mr. Sasse asserts that I failed to comply with Local Rule 7-3 and this Court's Standing Order before filing the motions. I respectfully disagree. My August 19, 2025 letter was intended as my good-faith initiation of the meet-and-confer process required by Local Rule 7-3. Once Plaintiff's counsel requested a call, I immediately agreed and participated in a thorough conference on August 29, 2025. The parties then negotiated and stipulated to a revised briefing and hearing schedule, eliminating any potential prejudice.

## Response To Accusation Of "AI Misuse"

11.      Mr. Sasse's declaration further asserts that my filings contain "misrepresentations" attributable to the misuse of AI. I categorically reject that

**DECLARATION OF WILLIAM J. BECKER, JR., IN SUPPORT OF DEFENDANT CHRISTIAN EPTING'S REPLY TO PLAINTIFF'S OPPOSITION TO SPECIAL MOTION TO STRIKE**

suggestion. As I have stated elsewhere in this declaration, I verified every case name, reporter citation, and quotation against Westlaw or an official source prior to filing. No authority was submitted without manual confirmation, and no citation was included for which I could not locate a primary source. If I made error, I can only speculate as to how that would have happened. It could well have occurred by using authorities from other briefs, by misunderstanding the case, through sloppiness in some form, or for any other legitimate reason. I therefore submit the following declaration:

### Declaration Re: Generative-Tool Use And Citation Verification

12.    In preparing Plaintiff's Amended Motion filed on September 4, 2025, I conducted legal research primarily on Westlaw and drafted the brief in Microsoft Word. I also used generative tools for drafting assistance (organization, phrasing, and editing), but I verified the accuracy of every case name, reporter citation, pincite, and quotation against Westlaw and/or official sources before filing. No authority was included without such verification, and if the Court disfavors any particular citation, I will promptly withdraw it without affecting the merits. I make this certification pursuant to the Court's Standing Order and Fed. R. Civ. P. 11, and I confirm that the filing is, to the best of my knowledge, information, and belief formed after reasonable inquiry under the circumstances, accurate, non-frivolous, and in compliance with applicable rules.

**DECLARATION OF WILLIAM J. BECKER, JR., IN SUPPORT OF DEFENDANT CHRISTIAN EPTING'S REPLY TO PLAINTIFF'S OPPOSITION TO SPECIAL MOTION TO STRIKE**

## Clarification Regarding Legal Standard

13.     Mr. Sasse's declaration suggests that I "confused" the California state anti-SLAPP standard with the federal standard. Respectfully, it is Plaintiff's counsel who is confused. I am well aware that federal courts apply Rule 56 when the evidentiary sufficiency of a claim is challenged in an anti-SLAPP motion. My brief relies on controlling Ninth Circuit authority, including Gunn v. Drage, 65 F.4th 1109 (9th Cir. 2023), which explicitly requires Rule 56 treatment where evidence is presented. In preparing my brief, I searched Westlaw for any decision recognizing a "false light defamation" claim and located none — underscoring that my motion properly challenges the legal sufficiency of Plaintiff's claim.

## No Admission Of Selective Cropping Or Alteration

14.     Mr. Sasse claims that my August 19, 2025 letter "admitted" that Mr. Epting captured Mr. Kluwe's Bluesky post, and argues that this renders Mr. Epting's declaration inconsistent. That is incorrect. My letter simply stated that Mr. Epting reposted a screenshot that appeared on Bluesky. It did not admit that Mr. Epting selectively cropped or altered the post or that he acted with knowledge of any alleged falsity. These remain disputed factual issues that, under Rule 56, must be resolved on a proper evidentiary record rather than on speculation.

15.     Moreover, by attaching my August 19, 2025, letter to his declaration and citing its contents as proof of a disputed fact, Plaintiff's counsel has himself

**DECLARATION OF WILLIAM J. BECKER, JR., IN SUPPORT OF DEFENDANT CHRISTIAN EPTING'S REPLY TO PLAINTIFF'S OPPOSITION TO SPECIAL MOTION TO STRIKE**

placed evidence before the Court. This underscores why the proper framework is Rule 56, not Rule 12(b)(6): once both sides rely on material outside the pleadings, the Court should consider the evidentiary record as a whole in determining whether Plaintiff can sustain his burden under the second prong of the anti-SLAPP analysis.

### Response To Plaintiff's Assertion That Defendant's Arguments Lack Merit

16.    Mr. Sasse states that his litigation team "took time to closely review" my arguments and "concluded that [they] had no merit." I respectfully disagree with that characterization. My arguments are grounded in controlling authority, including the Ninth Circuit's decision in Gunn v. Drage, 65 F.4th 1109 (9th Cir. 2023), which holds that when an anti-SLAPP motion challenges factual sufficiency and includes evidence, the motion must be treated under Rule 56, and evidentiary submissions are appropriate.

17.    I must also point out the significant disparity in resources between the parties. Plaintiff is represented by an international law firm with a team of attorneys who can collectively review and respond to every filing. By contrast, I am a solo practitioner. I research, draft, edit, and file all of my own pleadings, meet every deadline without legal or administrative staff support, and handle every aspect of this case personally.

18.    Plaintiff's counsel's conclusion that my arguments lack merit is, of course, advocacy, not an objective legal finding. I submit that my arguments are

**DECLARATION OF WILLIAM J. BECKER, JR., IN SUPPORT OF DEFENDANT CHRISTIAN EPTING'S REPLY TO PLAINTIFF'S OPPOSITION TO SPECIAL MOTION TO STRIKE**

brought in good faith, supported by legal authority, and deserve to be addressed on their merits by this Court, not dismissed as meritless based solely on opposing counsel's opinion. This stark imbalance of resources underscores the importance of the Court applying anti-SLAPP protections faithfully so that the process itself does not become the punishment.

### Plaintiff's Online Conduct and Public Reaction Confirm the Frivolous Nature of His Defamation Claim

19.     On September 21, 2025, approximately two hours after national news outlets reported the assassination of Charlie Kirk, I personally accessed Plaintiff Christopher Kluwe's public Bluesky account. The screenshots reproduced below are true and correct copies of what I observed on that date. They have not been altered except to crop for clarity.

20.     In the first screenshot, Plaintiff uses a "sowing/reaping" meme to celebrate Mr. Kirk's killing, writing "Hahaha yes! This rules!" above a news report of Mr. Kirk's death. (See next page.)

/ / /

/ / /

/ / /

Case No. 8:25-cv-1648 FWS (JDEx)

**DECLARATION OF WILLIAM J. BECKER, JR., IN SUPPORT OF DEFENDANT CHRISTIAN EPTING'S REPLY TO PLAINTIFF'S OPPOSITION TO SPECIAL MOTION TO STRIKE**





**Chris Kluwe** @chriswarcraft.bsky.social · 2h

<me sowing> "Hahaha yes! This rules!"

<me reaping> "what the fuck- <gets shot>

> **Marisa Kabas** @marisakabas.bsky.social · 2h
> The Deseret News is now reporting that far-right pundit Charlie Kirk was shot in the neck at an event at a college in Utah
>
> **Charlie Kirk shot at Utah event**

21.    In the second screenshot, Plaintiff responds to a user who criticized the post as being in poor taste by writing that Mr. Kirk "wants to deport/enslave my family for the crime of being brown and eradicate trans people for the crime of existing," concluding, "Fuck Charlie Kirk. I'm tired of coddling Nazis." (See next page.)

/ / /

/ / /

/ / /

**DECLARATION OF WILLIAM J. BECKER, JR., IN SUPPORT OF DEFENDANT CHRISTIAN EPTING'S REPLY TO PLAINTIFF'S OPPOSITION TO SPECIAL MOTION TO STRIKE**

 **catharsis23.bsky.social** @catharsis23.bsky.social · 2h
Im not an arbiter of taste. But a haha sowing, haha reaping post appearing immediately next to a video of a man getting shot in the neck seems like poor taste to me

💬 1          ⟲          ♡ 1                    🔖  ⬆️  •••

**Chris Kluwe** @chriswarcraft.bsky.social · 2h
Normally I'd agree with you, but this man wants to deport/enslave my family for the crime of being brown and eradicate trans people for the crime of existing.

Lemme repeat myself from earlier – Fuck. Charlie. Kirk. I'm tired of coddling Nazis.

💬 1          ⟲          ♡ 14                   🔖  ⬆️  •••

22.    These posts were publicly viewable on Bluesky at the time I captured them and accurately reflect Plaintiff's words.

23.    In addition to these screenshots, numerous news outlets reported on Plaintiff's comments, describing them as vile and celebratory. The following articles are representative:

- *ABDPost*, "NFL star's vile rant about Charlie Kirk assassination" (Sept. 13, 2025), available at: https://www.abdpost.com/nfl-stars-vile-rant-about-charlie-kirk-assassination/404380
- *Yahoo News*, "Former NFL Player Trashes Charlie Kirk After His Death" (Sept. 14, 2025), available at: https://www.yahoo.com/news/articles/former-nfl-player-trashes-charlie-121359833.html
- Jackson Thompson, *Fox News Digital*, "Former NFL player Chris Kluwe mocks Charlie Kirk, condemns GOP after assassination" (Sept. 12, 2025), available at: https://www.foxnews.com/sports/former-nfl-player-chris-kluwe-mocks-charlie-kirk-condemns-gop-after-ass
- Jarrod Castillo, *Express*, "Charlie Kirk slammed by former NFL player fired for his political stance" (Sept. 14, 2025), available at: https://www.the-express.com/sport/american-football/183765/charlie-kirk-nfl-chris-kluwe

**DECLARATION OF WILLIAM J. BECKER, JR., IN SUPPORT OF DEFENDANT CHRISTIAN EPTING'S REPLY TO PLAINTIFF'S OPPOSITION TO SPECIAL MOTION TO STRIKE**

24.    These examples demonstrate that Plaintiff's reputation is largely the product of his own public statements and online conduct. Plaintiff voluntarily engaged in inflammatory, celebratory commentary about the killing of a prominent political commentator. Any alleged reputational harm claimed in this case must be viewed in the context of Plaintiff's own actions.

## Explanation of Safety Concerns Underlying August 19 Letter

25.    I respectfully disagree with Mr. Sasse's characterization of my August 19, 2025, letter as containing an improper threat. *See* Decl. Sasse, ¶ 8. My reference to reporting Plaintiff to federal authorities was not made to gain an advantage in this litigation, but to express a genuine concern for safety. Plaintiff's rhetoric — including his public celebration of Charlie Kirk's assassination and his repeated calls for violence against those with whom he disagrees politically — reasonably causes fear for my safety and that of my client. I openly identify as a supporter of the Trump administration and the "MAGA" movement, and I, along with millions of others, grieve Mr. Kirk's assassination. Plaintiff's public statements make clear his hostility toward people like me and my client, and I considered it prudent to alert opposing counsel that I may seek intervention from federal authorities if Plaintiff's conduct escalates into targeted harassment or threats. This statement was not intended to intimidate Plaintiff or opposing counsel in this case but to ensure the safety of myself, my client, and others.

Case No. 8:25-cv-1648 FWS (JDEx)

**DECLARATION OF WILLIAM J. BECKER, JR., IN SUPPORT OF DEFENDANT CHRISTIAN EPTING'S REPLY TO PLAINTIFF'S OPPOSITION TO SPECIAL MOTION TO STRIKE**

## **Plaintiff Initiated Discovery Without Seeking Rule 56(d) Relief**

26.     On September 18, 2025, Plaintiff served his first set of discovery, consisting of requests for production of documents and a notice of deposition. Defendant's responses to the document requests are due October 17, 2025, several days before the hearing on this motion.

27.     Plaintiff has not filed or served any affidavit, declaration, or motion under Federal Rule of Civil Procedure 56(d) seeking to defer consideration of this motion pending additional discovery.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 23, 2025, at Scottsdale, Arizona.

/s/ William J. Becker, Jr.
William J. Becker, Jr., Esq., Declarant

**DECLARATION OF WILLIAM J. BECKER, JR., IN SUPPORT OF DEFENDANT CHRISTIAN EPTING'S REPLY TO PLAINTIFF'S OPPOSITION TO SPECIAL MOTION TO STRIKE**