ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Law Corporation
Mark R. Bresee          State Bar No. 167346
   MBresee@aalrr.com
Brooklyn N. Robertson   State Bar No. 356391
   Brooklyn.Robertson@aalrr.com
Anthony P. De Marco     State Bar No. 217815
   ADeMarco@aalrr.com
20 Pacifica, Suite 1100
Irvine, California 92618-3371
Telephone: (949) 453-4260
Fax: (949) 453-4262

Attorneys for Defendants HUNTINGTON BEACH UNION HIGH SCHOOL DISTRICT, CAROLEE OGATA, SUSAN HENRY, DANIEL BRYAN, DANIEL MORRIS, and EDWARD BEGANY,

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ORANGE COUNTY DIVISION

| | |
|---|---|
| CHRISTOPHER KLUWE,<br><br>Plaintiff,<br><br>v.<br><br>HUNTINGTON BEACH UNION HIGH SCHOOL DISTRICT et al.,<br><br>Defendants. | Case No.   8:25-CV-1648-FWS<br><br>**DEFENDANTS HUNTINGTON BEACH UNION HIGH SCHOOL DISTRICT, CAROLEE OGATA, SUSAN HENRY, DANIEL BRYAN, DANIEL MORRIS, AND EDWARD BEGANY'S OPPOSITION TO PLAINTIFF'S REQUEST TO FILE SUPPLEMENTAL AUTHORITIES**<br><br>Judge:   Hon. Fred W. Slaughter<br><br>Hearing Date:   October 23, 2025<br>10:00 a.m.<br>Courtroom 10D |

Plaintiff accuses the HBUHSD Defendants of "improperly assert[ing] many new arguments" in their Reply Brief. He asks the Court to allow him to file supplemental authorities on six (6) "New Issues" Defendants allegedly raised improperly. Plaintiff is correct that Defendants oppose the request and herein provide a summary of the basis for their opposition.

On October 15, 2025, lead counsel for Plaintiff sent an email to counsel for the HBUHSD Defendants, asserting that Defendants, in their Motion (not in the Reply), raised five (5) issues related to Eleventh Amendment immunity:

> (1) Eleventh Amendment immunity bars suit in federal court against arms-of-the state, (2) *Belanger* held that school districts are arms-of-the state, (3) *Kohn* "reshaped the analysis" for determining arm-of-the state status, (4) the new *Kohn* test should reach the same conclusion as *Belanger*, (5) six district courts have held that school districts are arms-of-the state after *Kohn*.

(See Declaration of Mark Bresee, Exhibit A, p. 1.)[1] Defendants responded, objecting to Plaintiff's assertion: "We did not raise new arguments in our Reply, and your email below actually confirms that we did not." (*Id.*, Exhibit B, p. 1.) The response email also addresses the exchange of emails, *which Plaintiff initiated*, resulting in the parties' joint ex parte application where we represented to this Court that "Eleventh Amendment immunity for California school districts is an important, complex issue" and that we both "anticipate dedicating significant space to helping the Court understand these issues." (*Ibid.*) The response email also notes that a substantial part of Defendants' Reply was devoted to responding to issues Plaintiff raised in opposition, e.g. that Eleventh Amendment immunity is not appropriately decided in a 12(b)(6) motion, and that it is premature to decide the immunity issue without discovery specifically related to HBUHSD. (*Ibid.*)

---

[1] While admitting that Defendants did, in fact, raise the argument that "the new *Kohn* test should reach the same conclusion as *Belanger*," Plaintiff resorts to asserting that Defendants "only briefly addressed Eleventh Amendment immunity (in 800 words, about 2½ pages)," thus apparently offering a "you raised the issue but not enough to address it in your reply brief" rule.

"New Issue No. 1," while being couched as related to what Plaintiff admits Defendants raised in the Motion – that the new *Kohn* test should reach the same conclusion as *Belanger* – is actually an attempt to supplement an argument Plaintiff raised in his Opposition and to which Defendants properly replied, i.e. whether discovery is necessary to decide the immunity issue. The same is true regarding "New Issue No. 2." Thus, after initiating an interaction that led to the parties asking this Court for additional briefing space to address the "important, complex issue" of Eleventh Amendment immunity: 1) Plaintiff instead argued to the Court that the issue is not appropriate for a Rule 12(b)(6) motion, and that the Court should not consider the issue now because discovery is necessary; and 2) argues that Defendants responding to these assertions in reply constitutes "new issues" raised by *Defendants*. In his Opposition Plaintiff cited two inapposite cases in support of his argument that discovery is necessary and now offers a cynical attempt to supplement his argument by accusing Defendants of having the audacity to oppose the argument. The Court should not sanction this effort.

Regarding "New Issue No. 3," the citation to a book is not a "new issue." Plaintiff could have simply filed an objection if he deems it improper.

"New Issue No. 4" blatantly misstates Defendants' position, or Plaintiff does not understand Defendants' argument. Defendants did not and do not argue that "*Kohn*'s newly-adopted entity-based test does not apply to school districts." Defendants understand Plaintiff's position to be that the entity-based test in *Kohn* results in an individual inquiry regarding whether each individual school district in the state is "an arm of the state." Defendants responded to that assertion, and were entitled to respond, asserting that the issue is how state law treats California school districts, and that *Kohn* did not conclude that there should be 1,000 individual determinations for each school district in California.

"New Issue No. 5," once again, is not a "new issue." Plaintiff asserted in his Opposition that *Belanger* and *Sato* and several other decisions dead with analysis

- 3 -

directed mainly at criticizing the *Sato* judges, e.g. it was "patently crabbed (if not error ridden)," "putting the thumb heavily on the scale of affirming *Belanger*." Now, under the guise of claiming that Defendants responding to that argument is tantamount to Defendants raising a "new issue," Plaintiff's request is nothing more than an attempt to supplement his Opposition not respond to something new.

"New Issue No. 6" is based solely on what Plaintiff describes as the "language and tone" of the Reply suggesting a plaintiff must disprove immunity. This is not an issue that Defendant raised, explicitly or implicitly, rendering this "new issue" another attempt by Plaintiff to supplement his Opposition not reply to an argument Defendants raised in their Reply.

Defendants offer two additional points in response and opposition:

1. Since the foundation of Plaintiff's claim is faulty – everything in Defendants' Reply is either directly related to the five issues Plaintiff's counsel deemed a part of Defendants' Motion, or a direct response to contentions in Plaintiff's Opposition that did not relate to those issues – the cases cited by Plaintiff regarding the scope of reply briefs are distinguishable.

2. How the law of other states in the United States treat school districts in those states is not relevant to how California law treats school districts in California.

Plaintiff's request should be denied.

Respectfully submitted,

Dated: October 17, 2025

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: *[signature]*
Mark R. Bresee
Brooklyn N. Robertson
Anthony P. De Marco
Attorneys for Defendants