William J. Becker, Jr., Esq. (SBN: 134545)
Bill@FreedomXLaw.com
**FREEDOM X**
11500 Olympic Blvd., Suite 400
Los Angeles, California 90064
Telephone: (310) 636-1018

Christopher Frost, Esq. (SBN: 200336)
Timothy Laquer, Esq. (SBN: 306917)
chris@frostllp.com
tim@frostllp.com
**FROST LLP**
10960 Wilshire Blvd, Ste 2100
Los Angeles, California 90024-3807
Telephone: (424) 254-0441

Counsel for Defendant, *Christian Epting*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| CHRISTOPHER KLUWE,<br><br>Plaintiffs,<br><br>vs.<br><br>HUNTINGTON BEACH UNION HIGH SCHOOL DISTRICT; ET AL.,<br><br>Defendants. | Case No. 8:25-cv-1648 FWS (JDEx)<br>*Hon. Fred W. Slaughter*<br><br>**DEFENDANT CHRISTIAN EPTING'S COUNSEL'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING SANCTIONS; DECLARATION OF WILLIAM J. BECKER, JR., FILED CONCURRENTLY HEREWITH AND IN SUPPORT THEREOF**<br><br>Compl. Filed: August 8, 2025<br><br>DATE: October 23, 2025<br>TIME: 10:00 a.m.<br>CTRM: 10D |

Case No. 8:25-cv-1648 FWS (JDEx)

**DEFENDANT CHRISTIAN EPTING'S COUNSEL'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING SANCTIONS**

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................... 1

II. QUESTIONS PRESENTED .................................................................... 1

III. LEGAL STANDARD ............................................................................... 2

IV. FACTUAL BACKGROUND .................................................................... 3

V. ARGUMENT ............................................................................................. 6

    A. Sanctions Are Not Appropriate, But If Imposed Should Be Proportionate ................................................................................... 6

    B. Courts Have Imposed Monetary Sanctions Only Where Conduct Reflects Bad Faith, Repetition, or Harm ............................. 7

    C. Courts Routinely Decline Monetary Sanctions in Cases Involving Isolated or Inadvertent AI Citation Errors ......................... 9

    D. The Present Case Does Not Warrant Monetary Sanctions Under This Framework ............................................................................. 11

    E. The Merits of Epting's Motion Remain Properly Before the Court ............................................................................................... 13

VI. CONCLUSION ....................................................................................... 14

# TABLE OF AUTHORITIES

**Federal Cases**

*Cooter & Gell v. Hartmarx Corp.*
    496 U.S. 384 (1990) ..................................................................................... 2

*Gibralter, LLC v. DMS Flowers, LLC*
    No. 1:24-CV-00174-CDB, 2025 WL 2689350 (E.D. Cal. Sept. 19, 2025) ............................................................................................ 10, 11

*Knapke v. PeopleConnect, Inc.*
    38 F.4th 824 (9th Cir. 2022) ......................................................................... 2

*Lacey v. State Farm General Insurance Co.*
    No. CV 24-5205 FMO (MAAX), 2025 WL 1363069 .............................. 8, 11

*Martinez v. Dollar Tree Stores, Inc.*
    No. 2:25-CV-05265-AH-(RAOX), 2025 WL 2176688 ................... 6, 9, 11, 12

*Mavy v. Commissioner of Social Security Administration*
    No. CV-25-00689-PHX-KML (ASB), 2025 WL 2355222 ........................... 8

*Mickelonis v. Aspyr Media, Inc.*
    No. 8:23-CV-01220-FWS-ADS, 2024 WL 5709717 ................................ 2, 3

*Mirage v. Costco Wholesale Corp.*
    No. 2:25-CV-04856-AH-(SKX), 2025 WL 2201070 (C.D. Cal. July 31, 2025) ........................................................................................ 9, 11, 12

*Strike 3 Holdings, LLC v. Doe*
    No. 2:24-CV-8183-TJH (SPX), 2025 WL 882212, at *3 (C.D. Cal. Jan. 22, 2025) .................................................................................. 10, 11, 12

*United Nat'l Ins. Co. v. R&D Latex Corp.*
    242 F.3d 1102 (9th Cir. 2001) ....................................................................... 3

*United States v. Hayes*
    763 F. Supp. 3d 1054 (E.D. Cal. 2025) ............................................... 6, 7, 11

*Weitz v. Yankosky*
    63 Cal. 2d 849 (1965) .................................................................................. 12

**DEFENDANT CHRISTIAN EPTING'S COUNSEL'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING SANCTIONS**

*Zambrano v. City of Tustin*
    885 F.2d 1473 (9th Cir. 1989)..................................................................................12

**Rules**

Fed. R. Civ. P. 11 ................................................................................................passim

**California Statutes**

Cal. Civ. Proc. Code § 425.16................................................................................13

TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL HEREIN:

## I. INTRODUCTION

Defendant Christian Epting's ("Defendant") counsel submits this memorandum in response to the Court's October 14, 2025, Order to Show Cause Regarding Sanctions (ECF No. 46). At the Court's invitation, this filing supplements Defendant's Reply in support of the Special Motion to Strike (ECF Nos. 26 & 37) on the discrete issue of sanctions. It does not revisit the merits beyond framing what remedy, if any, may be appropriate.

Counsel's apologies to the Court, to Plaintiff, to Plaintiff's counsel, and to his client appear in the concurrently-filed Declaration of William J. Becker, Jr. ("Becker Decl."), which also explains what occurred and the remedial steps undertaken. This brief addresses why, under governing law and Central District practice, any response should be narrow, non-monetary, and directed at counsel (not the client), while the Court proceeds to decide the Motion on the merits.

## II. QUESTIONS PRESENTED

1. Whether the record supports a finding of bad faith or egregious misconduct warranting monetary or severe sanctions.

2. Whether proportional, non-monetary relief (if any) is the appropriate response to isolated citation-defect issues that have been acknowledged, corrected, and remediated.

3. Whether the Court should reach the merits of the Special Motion to Strike notwithstanding the citation defects.

### III. LEGAL STANDARD

Under Rule 11 and the Court's inherent powers, sanctions serve deterrence, must be proportionate to culpability and prejudice, and should be narrowly tailored to the specific misconduct.

"[T]he central purpose of Rule 11 is to deter baseless filings in district court and ... streamline the administration and procedure of the federal courts." *Mickelonis v. Aspyr Media, Inc.*, No. 8:23-CV-01220-FWS-ADS, 2024 WL 5709717, at *4–5 (C.D. Cal. Feb. 27, 2024), quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Rule 11 "requires attorneys to make a reasonable prefiling inquiry into the facts and law supporting intended claims." *Knapke v. PeopleConnect, Inc.*, 38 F.4th 824, 836 (9th Cir. 2022) (citing Fed. R. Civ. P. 11(b)).

Specifically, Rule 11(b) provides that:

> By presenting to the court a pleading, written motion, or other paper ... an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for

2  Case No. 8:25-cv-1648 FWS (JDEx)

**DEFENDANT CHRISTIAN EPTING'S COUNSEL'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING SANCTIONS**

any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

*Mickelonis* at *4, quoting Fed. R. Civ. P. 11(b).

Applying Rule 11 "requires sensitivity to two competing considerations." *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1115 (9th Cir. 2001). "On the one hand, ... on occasion attorneys engage in litigation tactics so vexatious as to be unjustifiable even within the broad bounds of our adversarial system, and ... neither the other parties nor the courts should have to abide such behavior or waste time and money coping with it." *Id*. "On the other hand, ... our system of litigation is an adversary one, and ... presenting the facts and law as favorably as fairly possible in favor of one's client is the nub of the lawyer's task." *Id*. "Judges therefore should impose sanctions on lawyers for their mode of advocacy only in the most egregious situations, lest lawyers be deterred from vigorous representation of their clients." *Id*. (citation omitted).

IV. **FACTUAL BACKGROUND**

The Complaint in this action was filed on July 28, 2025, and served on Defendant Epting on August 8, 2025. Counsel was retained by Epting on August

3                                   Case No. 8:25-cv-1648 FWS (JDEx)

**DEFENDANT CHRISTIAN EPTING'S COUNSEL'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING SANCTIONS**

14, 2025. On August 19, 2025, Counsel sent an 18-page demand letter to Plaintiff's counsel, demanding that the claims against Epting be dismissed on the grounds that they lacked merit, were barred by the anti-SLAPP statute, and failed under Rules 12(b)(1) and 12(b)(6). On August 26, 2025—the deadline Counsel had set for a response—Counsel received an email from Plaintiff's counsel that did not substantively address any of the arguments raised in the demand letter.

The following day, on August 27, 2025, Counsel filed Epting's initial Motion to Dismiss ("M2D") and Motion to Strike ("M2S," or "Anti-SLAPP Motion"). This filing was rushed to meet the August 29, 2025, responsive pleading deadline, with both motions prepared within approximately 24 hours. On August 29, 2025, Counsel met and conferred with Plaintiff's counsel, who noted that the motions had failed to set a hearing date in conformance with the Court's scheduling order. The parties agreed that Counsel could withdraw, amend, and refile the motions by September 4, 2025.

In the days following, Counsel was focused on preparing for a trial in the United States District Court for the Central District of California (Riverside Division) before Judge Jesus Bernal (Case No.: 5:18-cv-02185-JGB-SHK), which commenced on September 15, 2025. This preparation was intensive, as Counsel had to handle all aspects alone—including gathering evidence and assembling trial notebooks—while also preparing for a pre-planned family wedding trip to

4   Case No. 8:25-cv-1648 FWS (JDEx)

**DEFENDANT CHRISTIAN EPTING'S COUNSEL'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING SANCTIONS**

Oklahoma City from September 11 to 14, 2025. As a sole practitioner and Freedom X's only employee, with no legal assistants, paralegals, or associates, Counsel manages all substantive, procedural, and administrative tasks personally. During this period, Counsel concluded it would be appropriate to delay filing an amended M2D but proceeded with the amended M2S.

Counsel's general practice when using AI is to first locate cases via independent research on Westlaw, then instruct AI to summarize them, and finally draft narrative around those summaries. However, due to the initial rush to file timely on August 27, 2025, and the subsequent focus on trial preparation, Counsel neglected to follow this process fully for the amended filings. Specifically, Counsel failed to review or verify the case citations after incorporating AI-assisted phrasing, resulting in the errors at issue. This was a blunder that could have been avoided with support staff, but as Freedom X's sole employee, it fell entirely to Counsel to perform both attorney and staff functions. To prevent recurrence, Counsel engaged FROST LLP as co-counsel on September 22, 2025.

On October 14, 2025, the Court issued the OSC [Dkt. 46], suspecting AI misuse in the Motion and ordering Counsel to show cause why sanctions should not issue under Rule 11 and the Court's inherent power.

## V. ARGUMENT

### A. Sanctions Are Not Appropriate, But If Imposed Should Be Proportionate

The Court has issued an Order to Show Cause regarding the potential imposition of sanctions based on alleged citation errors and suspected use of generative artificial intelligence ("AI") in a filing. While this Court has discretion to sanction conduct that violates Rule 11 or the Court's Standing Orders, the case law establishes that monetary sanctions are appropriate only where the attorney's conduct reflects bad faith, systemic failure, or causes significant prejudice. None of those factors are present here.

Rather, the relevant authorities demonstrate a growing judicial recognition that while AI-generated citation errors are serious, isolated or inadvertent use—when not made in bad faith and not materially prejudicing the proceedings—does not justify financial penalties. *Compare Martinez v. Dollar Tree Stores, Inc.*, No. 2:25-CV-05265-AH-(RAOX), 2025 WL 2176688 (C.D. Cal. July 31, 2025) (admonishing counsel that future citations to erroneous authority would result in an OSC why sanctions should not be imposed, and declining to impose sanctions for first error) *with United States v. Hayes*, 763 F. Supp. 3d 1054 (E.D. Cal. 2025) (imposing monetary sanctions where counsel denied using AI, refused to admit that the case was non-existent despite knowing it was non-existent, and where counsel had five opportunities to acknowledge error). In light of this guidance, we

6  Case No. 8:25-cv-1648 FWS (JDEx)

**DEFENDANT CHRISTIAN EPTING'S COUNSEL'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING SANCTIONS**

respectfully submit that the imposition of monetary sanctions in this case would be disproportionate to the conduct and inconsistent with governing precedent.

### B. Courts Have Imposed Monetary Sanctions Only Where Conduct Reflects Bad Faith, Repetition, or Harm

A review of recent federal decisions reveals a consistent framework: monetary sanctions are reserved for conduct that either (1) reflects an intent to mislead the court, (2) involves repeated or systemic non-compliance with court rules, or (3) materially prejudices the opposing party or wastes judicial resources.

In *Hayes*, the court imposed a $1,500 sanction where counsel submitted a fabricated case and quotation in a motion, then knowingly and persistently misrepresented the origin of those citations to the court. The court found that the attorney acted in bad faith, attempting to deceive the court, and noted that such conduct "degrades or impugns the integrity of the court and interferes with the administration of justice." *Id*. at 1060. Critically, the offending counsel in *Hayes* denied using AI, and the court found that counsel "made matters worse by repeatedly refusing to admit that *United States v. Harris* was non-existent despite knowing that it was non-existent." *Id.* at 1070. The court gave counsel "five distinct opportunities" to tell the truth and to acknowledge the error, but counsel "knowingly persisted in his misrepresentations to the Court." *Id.* The court thus found counsel's actions to be intentional and persistent, warranting a monetary

**DEFENDANT CHRISTIAN EPTING'S COUNSEL'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING SANCTIONS**

sanction, as it specifically found that an admonition would be insufficient. *Id.* at 1072-1073.

In *Lacey v. State Farm General Insurance Co.*, No. CV 24-5205 FMO (MAAX), 2025 WL 1363069, at *1 (C.D. Cal. May 5, 2025), a <u>large team of attorneys</u> at two law firms (Ellis George LLP and K&L Gates LLP) submitted a brief containing nine incorrect or fake citations generated using AI. Although the attorneys eventually admitted the source of the problem and apologized, the court still ordered the firms to pay over $30,000 in fees and expenses, finding that their <u>collective failure</u> to check the AI-generated research unjustifiably burdened the opposing party and the special master overseeing the matter. *Id.* at *3-5.

Similarly, in *Mavy v. Commissioner of Social Security Administration*, No. CV-25-00689-PHX-KML (ASB), 2025 WL 2355222, at *5 (D. Ariz. Aug. 14, 2025), the court sanctioned counsel after the court discovered that in an "opening brief," "well over the majority" of citations were either fictitious or misquoted. The court found a systemic failure of oversight in the firm's brief-writing process, including reliance on AI without verification and <u>failure to heed prior judicial warnings</u>. *Id.* at *9. Although warned about the use of AI, counsel pinned the blame on others, acknowledging culpability only later. Sanctions included revocation of pro hac vice status, mandatory disclosure to other judges and bar authorities, and over $31,000 in financial penalties. *Id.* at *10-13.

8   Case No. 8:25-cv-1648 FWS (JDEx)

**DEFENDANT CHRISTIAN EPTING'S COUNSEL'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING SANCTIONS**

These decisions all share one or more aggravating features:

- Deliberate misrepresentation to the court;
- Widespread or repeated citation errors;
- Substantial delay or prejudice to the opposing party;
- Disregard of prior warnings or court orders;
- Failure to supervise or review the material filed;
- Refusal to admit blame, deflecting blame; and
- (Especially pertinent here) sophisticated large firms using multiple attorneys and support staff.

### C. Courts Routinely Decline Monetary Sanctions in Cases Involving Isolated or Inadvertent AI Citation Errors

In contrast to the above, courts have recognized that first-time or inadvertent citation errors potentially related to AI use do not warrant monetary sanctions, particularly where counsel responds in good faith and where the conduct causes no material prejudice.

For example, in *Martinez v. Dollar Tree Stores, Inc.*, No. 2:25-CV-05265-AH-(RAOX), 2025 WL 2176688, at *3 (C.D. Cal. July 31, 2025), the plaintiff's motion to remand cited a non-existent case, raising suspicion of AI use. Despite the filing's defects and failure to disclose AI involvement as required by the court's Standing Order, the court issued no sanctions, opting instead for an admonition and warning regarding future compliance. *Id.* ("Plaintiff is admonished that any future citations to authority that do not appear to exist will result in the Court setting an order to show cause re why sanctions should not be imposed").

**DEFENDANT CHRISTIAN EPTING'S COUNSEL'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING SANCTIONS**

Likewise, in *Mirage v. Costco Wholesale Corp.*, No. 2:25-CV-04856-AH-(SKX), 2025 WL 2201070, at *2 (C.D. Cal. July 31, 2025), counsel cited another fictitious case in support of a motion to remand. The court noted non-compliance with its AI disclosure rules but again imposed no monetary sanctions, instead cautioning that any further use of AI without disclosure would trigger further inquiry. *Id.*

The same pattern held in *Strike 3 Holdings, LLC v. Doe*, No. 2:24-CV-8183-TJH (SPX), 2025 WL 882212, at *3 (C.D. Cal. Jan. 22, 2025), where a motion contained multiple non-existent citations, likely AI-generated. The court declined to sanction the filer, emphasizing instead the need for future caution. *Id.* ("The court cautions defendant that any further filings with citations to non-existent cases may result in sanctions").

Similarly, in *Gibralter, LLC v. DMS Flowers, LLC*, No. 1:24-CV-00174-CDB, 2025 WL 2689350, at *2 (E.D. Cal. Sept. 19, 2025), a court discharged an order to show cause without imposing sanctions because counsel conceded that a fictitious case reference "likely was the result of her use of AI-assisted research and drafting tools in drafting her opposition brief", counsel acted with candor to the court admitting to using various research sources including AI, and counsel represented that she would implement "precaution to prevent future similar errors". The court found an admonition was sufficient, and admonished counsel "to

exercise due care in using AI tools and resources in the preparation and drafting of her filings before the Court." *Id.*

These decisions reflect a measured approach consistent with Rule 11(c)(4), which limits sanctions to those "sufficient to deter repetition" and authorizes non-monetary directives as the primary response to negligent or inadvertent conduct. Fed. R. Civ. P. 11(c)(4).

### D.   The Present Case Does Not Warrant Monetary Sanctions Under This Framework

The conduct at issue here does not resemble the conduct that led to monetary sanctions in *Hayes*, *Mavy*, or *Lacey*. There has been:

- No evidence of bad faith or intent to mislead the Court about the source of the information;
- No attempt to deflect blame;
- No pattern of past violations or disregard of Standing Orders related to the use of AI;
- No prejudice or delay caused to the opposing party;
- An apologetic response from counsel once the issue was raised;
- The Reply brief remedied any citation issues but also laid out the issues forthrightly.

This case thus aligns more closely with *Martinez*, *Mirage*, *Strike 3 Holdings*, and *Gibralter* —cases in which the courts declined to impose financial penalties and instead issued warnings or required future certifications. Such a response is consistent with Rule 11's proportionality requirement and the underlying goal of ensuring the integrity of filings without imposing excessive punishment.

Counsel respectfully emphasizes that it remains both necessary and proper for this Court to evaluate and rule on Epting's Motion on its merits. To deny the motion solely as a punitive measure for counsel's citation error would constitute a disproportionate sanction, one that undermines the longstanding principle that cases should be decided based on their substantive merits whenever possible. *Zambrano v. City of Tustin*, 885 F.2d 1473, 1480 (9th Cir. 1989) ("[A]ny sanction imposed must be proportionate to the offense and commensurate with principles of restraint and dignity inherent in judicial power. This last principle includes a responsibility to consider the usefulness of more moderate penalties before imposing a monetary sanction.").

The use of artificial intelligence in legal filings presents novel issues, but several courts have now directly confronted AI-related citation errors and have declined to dispose of motions on technical grounds alone. Instead, they have preserved the adjudication of the motion while issuing admonishments or warnings to counsel. *Mirage*, *Martinez*, and *Strike 3 Holdings, LLC* all recently confirm that courts should decide motions on the merits, even when encountering AI-related errors. This approach reflects the broader judicial policy favoring resolution of disputes on their merits. As the California Supreme Court explained in *Weitz v. Yankosky*, 63 Cal. 2d 849, 855 (1965), "the policy of the law is to have every litigated case tried upon its merits, and it looks with disfavor upon a party, who,

**DEFENDANT CHRISTIAN EPTING'S COUNSEL'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING SANCTIONS**

regardless of the merits of the case, attempts to take advantage of the mistake, surprise, inadvertence, or neglect of his adversary."

### E.   The Merits of Epting's Motion Remain Properly Before the Court

Here, Plaintiff and his counsel have attempted to transform a ministerial mistake by Epting's Counsel into a substantive basis to defeat a meritorious motion. But Plaintiff concedes that Epting's conduct satisfies the first prong of the anti-SLAPP analysis—that is, Epting's activity is protected speech or petitioning activity under Cal. Code Civ. Proc. § 425.16(e). Thus, the Court is now tasked with determining only whether Plaintiff has shown a probability of prevailing on his claims. That inquiry should proceed on the strength of the evidence and the law, not on an unrelated error in legal citation.

Finally, should the Court grant Epting's Motion, an award of attorney's fees and costs is mandatory under California's anti-SLAPP statute. *See* § 425.16(c). Any such award would compensate Epting himself—not his counsel—for the expenses he has incurred in defending against an action that targets protected conduct. Stripping Epting of that statutory entitlement due to his counsel's citation error would unjustly penalize the client for a mistake he neither committed nor controlled.

Accordingly, this Court should evaluate Epting's Anti-SLAPP Motion on the merits, and, if granted, award fees and costs as provided by law. To do

otherwise would not only misalign with prevailing case law, but would impose a substantive consequence for a procedural misstep, contrary to both due process and the public policy of adjudicating matters on their merits.

## VI. CONCLUSION

This Court is rightly concerned with maintaining the integrity of its proceedings and ensuring that emerging technologies such as generative AI do not erode the standards of professional responsibility. At the same time, sanctions—particularly monetary ones—must be proportionate, purposeful, and grounded in clear findings of misconduct. Here, there has been no bad faith, no prejudice, and no pattern of abuse—only an isolated citation error, promptly acknowledged and transparently addressed. Under the standards set forth by numerous courts confronting similar issues, the appropriate response, if any, is a non-monetary admonition—not a financial penalty that would unduly punish a client for counsel's inadvertent mistake.

Moreover, denying Epting's well-founded Motion or stripping him of his right to recover fees would effectively convert a ministerial error into a substantive defeat, contrary to the strong judicial preference for resolving matters on the merits. The law does not permit a litigant to exploit a procedural misstep to avoid a dispositive ruling—especially when the merits overwhelmingly favor dismissal.

**DEFENDANT CHRISTIAN EPTING'S COUNSEL'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING SANCTIONS**

Accordingly, we respectfully request that the Court decline to impose monetary sanctions, rule on the Anti-SLAPP Motion on its merits, and—if the Motion is granted—award Epting the statutory fees and costs to which he is entitled.

Dated: October 17, 2025.            Respectfully submitted,

**FREEDOM X**

By: /s/ William J. Becker, Jr.
William J. Becker, Jr., Esq.
Attorney for Defendant Christian Epting