1  Daniel A. Sasse (SBN: 236234)
     DSasse@crowell.com
2  David C. Griffith (SBN: 329342)
     DGriffith@crowell.com
3  Jazmine G. Buckley (SBN: 341516)
     JBuckley@crowell.com
4  Crowell & Moring LLP
   3 Park Plaza, 20th Floor
5  Irvine, CA 92614
   Telephone:  949.263.8400
6  Facsimile:   949.263.8414

7  *Attorneys for Plaintiff Christopher Kluwe*

8  *(Additional Counsel Listed on Signature Page)*

9

10            UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12

13  CHRISTOPHER KLUWE,                    Case No. 8:25-cv-1648-FWS-JDE

14              Plaintiff,                **PLAINTIFF'S MOTION FOR
                                          RELIEF FROM NOVEMBER 4,**
15        v.                              **2025 ORDER OR, IN THE
                                          ALTERNATIVE, FOR ENTRY OF**
16  HUNTINGTON BEACH UNION               **FINAL JUDGMENT PURSUANT
    HIGH SCHOOL DISTRICT, et al.,         TO FEDERAL RULE OF CIVIL**
17                                        **PROCEDURE 54(b)**
              Defendants.
18                                        Date:   December 18, 2025
                                          Time:  10:00 a.m.
19                                        Crtrm: 10D
                                          Judge:  Hon. Fred W. Slaughter
20

21                                        JURY DEMAND

22

23

24

25

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

# **TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................... 1

II.  BACKGROUND ................................................................................. 1

III. ARGUMENT ...................................................................................... 2

    A.   Rule 60(a) Relief is Warranted Because the Dismissal of Claims Against the HBUHSD Individual Defendants in Their Official Capacities Was Erroneous. ..................................................... 2

        1.   Legal Standard Under Rule 60(a). ................................. 3

        2.   Relief Is Warranted Here. ............................................. 3

    B.   Relief Under Rules 60(b) and 59(e) is Warranted Because the Dismissal of the HBUHSD Due to Eleventh Amendment Immunity Was Based On Legal Errors. ................................... 5

        1.   Legal Standard Under Rules 60(b) and 59(e). ............. 5

        2.   Relief is Warranted Here. ............................................. 7

    C.   If Reconsideration of the HBUHSD's Dismissal is Not Granted, Plaintiff Requests Entry of Final Judgment Under Rule 54(b). .......... 17

IV. CONCLUSION .................................................................................. 21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A. W. v. Santa Rosa City Sch.*,
  2025 WL 1180725 (N.D. Cal. Apr. 22, 2025) ...........................................7, 14, 16

*Alcan Aluminum v. Carlsberg Fin.*,
  689 F.2d 815 (9th Cir. 1982) .......................................................................19, 20

*Am. C.L. Union Found. of S. Cal. v. United States Immigr. & Customs Enf't*,
  347 F.R.D. 518 (C.D. Cal. 2024) ..........................................................................5

*Anders v. Samsung SDI*,
  2022 WL 18278589 (C.D. Cal. Nov. 15, 2022) ....................................................6

*Belanger v. Madera Unified Sch. Dist.*,
  963 F.2d 248 (9th Cir. 1992) .....................................................................*passim*

*Cal. Rifle & Pistol Ass'n v. L.A. Cnty. Sheriff's Dep't*,
  2025 WL 2324625 (C.D. Cal. July 21, 2025) ........................................................9

*Camreta v. Greene*,
  563 U.S. 692 (2011) ..............................................................................................16

*Core-Vent Corp. v. Nobel Indus. AB*,
  11 F.3d 1482 (9th Cir. 1993) ...............................................................................18

*Coria v. Garland*,
  114 F.4th 994 (9th Cir. 2024) .......................................................................8, 10

*In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*,
  966 F.Supp.2d 1031 (C.D. Cal. 2013) ..................................................................5

*Crowe v. Ore. St. Bar*,
  112 F.4th 1218 (9th Cir. 2024) .....................................................................9, 11

*Crowe v. Oregon State Bar*,
  989 F.3d 714 (9th Cir. 2021) ...............................................................................11

*Doe I v. Cisco Sys.*,
  73 F.4th 700 (9th Cir. 2023) ................................................................................12

CROWELL & MORING LLP
ATTORNEYS AT LAW

*Doe v. Lawrence Livermore Nat'l Lab.*,
131 F.3d 836 (9th Cir. 1997) .............................................................. 3

*Downing v. Lowe's Cos.*,
2023 WL 4867608 (D. Ariz. July 31, 2023) ...................................... 21

*Freeney v. Bank of Am. Corp.*,
2017 WL 382228 (C.D. Cal. Jan. 25, 2017).......................................19

*Greenmount v. Cleanline Mgmt.*,
2025 WL 2631605 (C.D. Cal. Aug. 22, 2025) .......................... 17, 19, 21

*Gregorian v. Izvestia*,
871 F.2d 1515 (9th Cir. 1989) ..........................................................18

*Hafer v. Melo*,
502 U.S. 21 (1991) .............................................................................4

*Hanna v. Youngquist*,
2025 WL 2405485 (C.D. Cal. June 13, 2025)......................................9

*Hart v. Massanari*,
266 F.3d 1155 (9th Cir. 2001) ..........................................................12

*Health Freedom Def. Fund, Inc. v. Carvalho*,
148 F.4th 1020 (9th Cir. 2025)....................................................12, 14

*Health Freedom Def. Fund v. Carvalho*,
104 F.4th 715 (9th Cir. 2024) (Nelson, J., concurring)...............*passim*

*Hess v. Port Auth. Trans-Hudson Corp.*,
513 U.S. 30 (1994) (Stevens, J., concurring) ....................................21

*ITSI TV Prods. v. Agric. Ass'n*,
3 F.3d 1289 (9th Cir. 1993) ..............................................................16

*James v. Price Stern Sloan*,
283 F.3d 1064 (9th Cir. 2002) ..........................................................17

*Jensen v. Brown*,
131 F.4th 677 (9th Cir. 2025) ............................................................3

*Jewel v. NSA*,
810 F.3d 622 (9th Cir. 2015) ......................................................17, 18

*K. J. v. Jackson*,
   127 F.4th 1239 (9th Cir. 2025)...................................................................... 3

*Kaufmann v. Kijakazi*,
   32 F.4th 843 (9th Cir. 2022) ......................................................................... 6

*Kemp v. United States*,
   596 U.S. 528 (2022) ................................................................................... 5, 6

*Kidd v. Mayorkas*,
   645 F.Supp.3d 961 (C.D. Cal. 2022).......................................................... 16

*Kohn v. State Bar of California*,
   87 F.4th 1021 (9th Cir. 2023).............................................................*passim*

*Lester v. Presto Lifts*,
   2012 WL 3596517 (D. Ariz. 2012) ............................................................ 19

*Lewis v. Travertine*,
   2017 WL 2989176 (C.D. Cal. Jul. 12, 2017) ....................................17, 18, 19

*Liberty Mut. Ins. Co. v. E.E.O.C.*,
   691 F.2d 438 (9th Cir. 1982).......................................................................... 5

*Miller v. Gammie*,
   335 F.3d 889 (9th Cir. 2003).............................................................*passim*

*Mitchell v. L.A. Comm. Coll. District*,
   861 F.2d 198 (9th Cir. 1988).............................................................*passim*

*Noel v. Hall*,
   568 F.3d 743 (9th Cir. 2009)...................................................................17, 18

*Nordmann v. Thai Airways Int'l*,
   1995 WL 761254 (N.D. Cal. Dec. 14, 1995), *aff'd*, 112 F.3d 517
   (9th Cir. 1997) ............................................................................................. 19

*Owen v. City of Indep., Mo.*,
   445 U.S. 622 (1980) .................................................................................... 20

*Pizzuto v. Tewalt*,
   136 F.4th 855 (9th Cir. 2025)...................................................................... 21

*Price v. Tamalpais Union High Sch. Dist.*,
   2025 WL 1046644 (N.D. Cal. Apr. 8, 2025)............................................15, 16

CROWELL
& MORING LLP
ATTORNEYS AT LAW

*R. W. v. Columbia Basin Coll.*,
    77 F.4th 1214 (9th Cir. 2023) ..................................................................... 3

*Ramirez v. Oakland Unified Sch. Dist.*,
    2025 WL 1507092 (N.D. Cal. May 27, 2025) ........................................ 7, 15, 16

*Riley's Am. Heritage Farms v. Elasser*,
    32 F.4th 707 (9th Cir. 2022) .................................................................. 3, 12

*Riley's Am. Heritage Farms v. Elsasser*,
    2024 WL 1756101 (9th Cir. Apr. 24, 2024) ............................................. 12

*Roe v. Anderson*,
    134 F.3d 1400 (9th Cir. 1998), *aff'd*, 526 U.S. 489 (1999) .......................... 12

*Sato v. Orange Cnty. Dep't of Educ.*,
    861 F.3d 923 (9th Cir. 2017) ............................................................... *passim*

*Savage v. Glendale Union High Sch., Dist.*,
    343 F.3d 1036 (9th Cir. 2003) ................................................................ 13

*Shilling v. Cnty. of San Diego*,
    2024 WL 5145969 (S.D. Cal. Dec. 17, 2024) ............................................. 9

*Smith v. Clark Cnty. Sch. Dist.*,
    727 F.3d 950 (9th Cir. 2013) .................................................................. 6, 8

*T.L. v. Orange Unified Sch. Dist.*,
    2024 WL 305387 (C.D. Cal. Jan. 9, 2024) (Slaughter, J.) ......................... *passim*

*Matter of Ta Chi Navigation (Panama) Corp. S.A.*,
    728 F.2d 699 (5th Cir. 1984) ................................................................... 6

*Tattersalls v. DeHaven*,
    745 F.3d 1294 (9th Cir. 2014) ................................................................. 3

*In re Transpacific Passenger Air Transp. Antitrust Litig.*,
    2023 WL 1428564 (N.D. Cal. Jan. 25, 2023), *aff'd,* 2024 WL 810703 (9th Cir. Feb. 27, 2024) ............................................................. 6

*U.S. v. Gambino-Ruiz*,
    91 F.4th 981 (9th Cir. 2024) ............................................................... 15, 16

*U.S. v. Hinkson*,
    585 F.3d 1247 (9th Cir. 2009) ................................................................ 6, 8

CROWELL
& MORING LLP
ATTORNEYS AT LAW

v

PLAINTIFF'S MOTION FOR RELIEF FROM
NOVEMBER 4, 2025 ORDER;
CASE NO. 8:25-CV-1648-FWS-JD

*U.S. v. Lindsey*,
   634 F.3d 541 (9th Cir. 2011) ................................................................. 8, 10, 12

*U.S. v. McAdory*,
   935 F.3d 838 (9th Cir. 2019) ....................................................................... 11

*Vantage Mobility Int'l v. Kersey Mobility*,
   2020 WL 1432835 (D. Ariz. 2020) ............................................................. 19

*Verizon Md. v. Pub. Serv. Comm'n of Md.*,
   535 U.S. 635 (2002) ...................................................................................... 3

*Wells Fargo Bank v. Mahogany Meadows Ave.*,
   979 F.3d 1209 (9th Cir. 2020) ....................................................................... 6

*Will v. Mich. Dep't of State Police*,
   491 U.S. 58 (1989) ......................................................................................... 3

*Wood v. GCC Bend*,
   422 F.3d 873 (9th Cir. 2005) ....................................................................... 18

*Ex parte Young*,
   209 U.S. 123 (1908) ..............................................................................*passim*

*Yu v. Mercedes Benz USA, LLC*,
   2024 WL 6472798 (C.D. Cal. Oct. 4, 2024) (Slaughter, J.)............................ 6

*Zayerz v. Kiewit Infrastructure W.*,
   2018 WL 582318 (C.D. Cal. Jan. 18, 2018).................................................. 6

*Zeleny v. Burge*,
   2022 WL 18284878 (C.D. Cal. Dec. 20, 2022) ............................................. 4

**Statutes**

42 U.S.C. § 1292(b) ........................................................................................... 17

42 U.S.C. §1983 ......................................................................................... 1, 4, 20

Crowell
& Moring LLP
ATTORNEYS AT LAW

## I.    INTRODUCTION

Under Fed.R.Civ.P. 59(e) and 60 and Local Rule 7-18, Plaintiff respectfully seeks relief from the Court's November 4, 2025 Order that dismissed all claims against Defendant Huntington Beach Union High School District ("HBUHSD") and claims against the HBUHSD Individual Defendants in their official capacities based on Eleventh Amendment immunity. As explained below, because those decisions were based on mistakes of law, relief is warranted.

The parties conferred about this Motion pursuant to Local Rule 7-3. The HBUHSD Defendants do not oppose Plaintiff's first request for relief under Rule 60(a), which asks for a correction of the Order's dismissal of claims against the HBUHSD Individual Defendants in their official capacities. Defendants' Motion did not ask to dismiss such claims, and they were properly pled under *Ex parte Young*, 209 U.S. 123 (1908).

The parties agree that the Eleventh Amendment provides a proper basis for dismissing all claims against the HBUHSD. However, Plaintiff seeks relief from this aspect of the Order under Rules 60(b) and 59(e) due to errors of law. If the Court denies this request, Plaintiff asks, alternatively, for an entry of final judgment as to the HBUHSD under Rule 54(b) so that Plaintiff can immediately appeal the immunity ruling. Defendants oppose these aspects of Plaintiff's Motion.

## II.    BACKGROUND

On July 28, 2025, Plaintiff Christopher Kluwe filed a Complaint against the HBUHSD and HBUHSD Individual Defendants in their individual and official capacities alleging constitutional violations under 42 U.S.C. §1983. The Complaint also asserts a defamation claim against Defendant Christian Epting.

On September 8, 2025, the HBUHSD Defendants filed a Motion to Dismiss parts of Plaintiff's Complaint, including all claims against the HBUHSD based on Eleventh Amendment immunity. ECF 27. Their opening Motion only briefly addressed Eleventh Amendment immunity for school districts. It relied entirely on

CROWELL
& MORING LLP
ATTORNEYS AT LAW

1

PLAINTIFF'S MOTION FOR RELIEF FROM
NOVEMBER 4, 2025 ORDER;
CASE NO. 8:25-CV-1648-FWS-JD

*Belanger v. Madera Unified Sch. Dist*., 963 F.2d 248 (9th Cir. 1992) and its progeny, which held that California school districts qualify for immunity.

On September 28, Plaintiff filed an Opposition. ECF 42. In Defendants' October 6th Reply, they argued that citation to *Belanger* was a valid and sufficient basis for seeking dismissal of the HBUHSD even though, in *Kohn v. State Bar of California*, 87 F.4th 1021 (9th Cir. 2023), the Ninth Circuit changed the test for immunity on which *Belanger* relied. ECF 43. They also introduced new arguments, including that the HBUHSD qualifies for immunity even under the new *Kohn* test and that Plaintiff is not entitled to discovery to dispute that assertion.

Subsequently, Plaintiff was granted leave to file Supplemental Authorities due to Defendants' improper introduction of new arguments for the first time on Reply. ECF 49-1. Defendants submitted a Response to that filing. ECF 54.

In an Order dated November 4, 2025, the Court granted the HBUHSD Defendants' Motion to Dismiss in part and denied it in part. ECF 57. As is relevant to this Motion, the Court dismissed the HBUHSD and the HBUHSD Individual Defendants in their official capacities based on Eleventh Amendment immunity. ECF 57 at 10-11. The Order did not specifically address any of Plaintiff's arguments, stating only that "Plaintiff responds that determining whether the Eleventh Amendment immunity applies is premature at this stage of the proceedings." ECF 57 at 10. It is unclear from the Order which arguments were accepted, rejected, or even considered.

## III.    ARGUMENT

### A.    Rule 60(a) Relief is Warranted Because the Dismissal of Claims Against the HBUHSD Individual Defendants in Their Official Capacities Was Erroneous.

Plaintiff first requests relief from the Order's dismissal of official capacity claims against the HBUHSD Individual Defendants, which appears to be based on an oversight. The Order stated that it was granting Defendants' Motion (ECF 57 at

11-12) and that it "DISMISSES WITHOUT LEAVE TO AMEND Plaintiff's claims against…HBUHSD Individual Defendants, in their official capacities, because they have Eleventh Amendment immunity" (*Id.* at 18). This ruling is mistaken both as to the law and what Defendants' Motion sought.

### 1. Legal Standard Under Rule 60(a).

Fed.R.Civ.P. 60(a) authorizes the correction of "a mistake arising from oversight or omission" in any "judgment, order, or other part of the record." It applies when a court has made an error in execution that requires the judgment to be corrected to implement the court's intended purpose. *Tattersalls v. DeHaven*, 745 F.3d 1294, 1297-1298 (9th Cir. 2014).

### 2. Relief Is Warranted Here.

The dismissal of the official capacity claims was erroneous for three reasons. First, under the *Ex parte Young* doctrine, the "Eleventh Amendment does not bar suits seeking prospective…relief against an individual state officer in her official capacity." *T.L. v. Orange Unified Sch. Dist.,* 2024 WL 305387, at *10 (C.D.Cal. Jan. 9, 2024) (Slaughter, J.); *accord K. J. v. Jackson*, 127 F.4th 1239, 1251 (9th Cir. 2025); *R. W. v. Columbia Basin Coll.,* 77 F.4th 1214, 1220 (9th Cir. 2023); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989).

Here, the Complaint sought prospective relief in the form of, for example, reinstatement, expungement of personnel records, and injunctive and declaratory relief. *See* Compl., Prayer for Relief for First-Third Causes of Action at pp. 55-57; *Doe v. Lawrence Livermore Nat'l Lab.,* 131 F.3d 836, 842 (9th Cir. 1997) (reinstatement qualifies as prospective injunctive relief ); *Jensen v. Brown,* 131 F.4th 677, 696 (9th Cir. 2025) (expungement); *Riley's Am. Heritage Farms v. Elasser,* 32 F.4th 707, 730-31 (9th Cir. 2022) (lifting ban on doing future business with plaintiff); *Verizon Md. v. Pub. Serv. Comm'n of Md.,* 535 U.S. 635, 645 (2002) (enjoining enforcement of an unconstitutional order).

None of the cases that the November 4th Order cited as authority for

CROWELL
& MORING LLP
ATTORNEYS AT LAW

3

PLAINTIFF'S MOTION FOR RELIEF FROM
NOVEMBER 4, 2025 ORDER;
CASE NO. 8:25-CV-1648-FWS-JD

dismissing the official capacity claims (*see* ECF 57 at 10 & 18) mention *Ex parte Young* nor provide a basis for questioning its application here.

Second, surely due to the well-established *Ex parte Young* exception, Defendants sought dismissal only of **damages claims** on Eleventh Amendment immunity grounds. *See* ECF 28 at 2 (Defendants' Notice of Motion asserting immunity "from the **damages** claimed by Plaintiff"); ECF 28 at 16 (heading of immunity argument asserting, "The Eleventh Amendment Bars Plaintiff's **Damages Claims** Against HBUHSD"); ECF 30 at 1 (Proposed Order asserting that "the Individual HBUHSD Defendants sued in their official capacity are entitled to Eleventh Amendment immunity from **the damages** claimed by Plaintiff"). Footnote 1 of Plaintiff's Opposition said: "The Motion did not challenge the pleading against Defendants in their official capacities for non-monetary relief." ECF No. 42 at 20. The HBUHSD Defendants' Reply did not contest this assertion.

Third, because the Complaint sought only **non-monetary** relief against the HBUHSD Individual Defendants in their **official capacities,** there were no official capacity claims for damages for the Court to dismiss. Government officials can be held liable under §1983 for monetary damages in their individual capacities but not their official capacities. *Hafer v. Melo,* 502 U.S. 21, 25 (1991). Therefore, the Complaint was careful to seek monetary relief against the HBUHSD Individual Defendants only in their individual capacities and to seek only injunctive and declaratory relief against them in their official capacities. *See* Compl. ¶¶ 249-251,289-291,312-314, Prayer for Relief for First-Third Causes of Action at pp. 55-57.

Because the Order purported to grant the HBUHSD Defendants' Motion, it appears that the Court intended to adopt their argument—which sought dismissal only of claims for damages on Eleventh Amendment immunity grounds. Relief is warranted under Rule 60(a) to conform the Order to the Court's intention to grant Defendants' Motion as it was presented. *See Zeleny v. Burge,* 2022 WL 18284878,

CROWELL
& MORING LLP
ATTORNEYS AT LAW

4

PLAINTIFF'S MOTION FOR RELIEF FROM
NOVEMBER 4, 2025 ORDER;
CASE NO. 8:25-CV-1648-FWS-JD

at *2-4 (C.D.Cal. Dec. 20, 2022) (under Rule 60(a), correcting order's specification of which claims were dismissed with and without prejudice).

Alternatively, if the Court views the mistake as substantive rather than as "arising from oversight or omission," relief is warranted under Rule 60(b)(1), Rule 59(e), and/or Local Rule 7-18, the standards for which are discussed below.

The HBUHSD Defendants do not oppose this request to the extent that it addresses Plaintiff's claims for prospective relief against the HBUHSD Individual Defendants in their official capacities properly included under *Ex parte Young*.

**B.  Relief Under Rules 60(b) and 59(e) is Warranted Because the Dismissal of the HBUHSD Due to Eleventh Amendment Immunity Was Based On Legal Errors.**

Plaintiff also asks the Court to revisit the dismissal of the HBUHSD based on Eleventh Amendment immunity due to legal errors.

**1.  Legal Standard Under Rules 60(b) and 59(e).**

Based on the Eleventh Amendment, the Court dismissed all claims against the HBUHSD without leave to amend. Courts are authorized to reconsider such final orders and judgments under Fed.R.Civ.P. 59(e) and 60(b). Local Rule 7-18 permits reconsideration (even of nonfinal orders) to the same extent as Rules 59(e) and 60. *Am. C.L. Union Found. of S. Cal. v. United States Immigr. & Customs Enf't*, 347 F.R.D. 518, 525 (C.D.Cal. 2024); *see also In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 966 F.Supp.2d 1031, 1040 (C.D.Cal. 2013) (Local Rule 7-18 authorizes the correction of errors).

**Rule 60(b)(1)** authorizes courts to correct "final judgments, orders, or proceeding" based on "mistakes." The Supreme Court recently interpreted the term "mistakes" under Rule 60(b)(1) to "covers all mistakes of law made by a judge." *Kemp v. United States*, 596 U.S. 528, 533-34 (2022); *see also Liberty Mut. Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 440-41 (9th Cir. 1982) (courts can correct their own legal errors under Rules 59(e) or 60(b)(1)). All types of legal mistakes are subject to

correction, not only those that are "obvious" or "flagrant." *Kemp*, 596 U.S. at 534,
535 (abrogating *Matter of Ta Chi Navigation (Panama) Corp. S.A.,* 728 F.2d 699,
703 (5th Cir. 1984), which restricted Rule 60(b)(1) relief to legal errors that are
"obvious," "manifest," or "beyond question").

**Relief under Rule 59(e)** is available for "clear error." *Smith v. Clark Cnty.
Sch. Dist.,* 727 F.3d 950, 955 (9th Cir. 2013); *Wells Fargo Bank v. Mahogany
Meadows Ave.,* 979 F.3d 1209, 1218 (9th Cir. 2020). To define "clear error,"
district courts may look to *U.S. v. Hinkson,* 585 F.3d 1247, 1262 (9th Cir. 2009).
*See In re Transpacific Passenger Air Transp. Antitrust Litig.*, 2023 WL 1428564, at
*2 (N.D.Cal. Jan. 25, 2023) (applying *Hinkson*'s "clear error" standard to evaluate
request for Rule 59(e) relief), *aff'd,* 2024 WL 810703 (9th Cir. Feb. 27, 2024).
According to *Hinkson*, a court's decision is clearly erroneous if it does not
"identif[y] the correct legal rule" or if its application of the correct legal standard
was illogical, implausible, or "without support in inferences that may be drawn
from the facts in the record." 585 F.3d at 1262.

"Rule 59(e) permits, if not encourages, a district court to correct its own clear
errors. Conservation of judicial resources supports a court's confessing error before
the issue reaches [the Ninth Circuit]." *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th
Cir. 2022); *Yu v. Mercedes Benz USA, LLC,* 2024 WL 6472798, at *2 (C.D.Cal.
Oct. 4, 2024) (Slaughter, J.) (same). Although finality of decisions is an important
interest, so is error correction, which is a "routine" judicial function:

> It is common for…courts to reconsider and change positions when they
> conclude that they made a mistake. This is routine in judging, and there is
> nothing odd or improper about it. A trial court may reconsider and reach a
> conclusion contrary to an earlier decision[.]

*Smith,* 727 F.3d at 955; *e.g., Anders v. Samsung SDI,* 2022 WL 18278589, at *1-2
(C.D.Cal. Nov. 15, 2022) (granting plaintiff Rule 60(b)(1) relief from order denying
remand due to court's error interpreting and applying law); *Zayerz v. Kiewit
Infrastructure W.*, 2018 WL 582318, at *1-6 (C.D.Cal. Jan. 18, 2018) (granting

CROWELL
& MORING LLP
ATTORNEYS AT LAW

6

PLAINTIFF'S MOTION FOR RELIEF FROM
NOVEMBER 4, 2025 ORDER;
CASE NO. 8:25-CV-1648-FWS-JD

relief from partial denial of defendant's summary judgment motion under Rule 59(e), Rule 60(b), and Local Rule 7-18 on ground that court overlooked an argument resulting in legal error).

### 2.    Relief is Warranted Here.

The November 4th Order based its Eleventh Amendment immunity holding on the following rationale. Prior to *Kohn*, *Belanger* and *Sato v. Orange Cnty. Dep't of Educ.,* 861 F.3d 923 (9th Cir. 2017) held that California school districts qualified for Eleventh Amendment immunity. *Kohn*—a case determining the California State Bar's immunity—adopted a new test for evaluating immunity. The Ninth Circuit has not yet decided a case that determines whether California school districts still qualify for immunity under the new *Kohn* test.

Citing *Riley's Am. Heritage Farms v. Elsasser*, 2024 WL 1756101, at *1 n.1 (9th Cir. Apr. 24, 2024), the Order stated that the Ninth Circuit has "expressed uncertainty as to whether '*Belanger'*s and *Sato*'s conclusions about California school boards being arms of the state remain good law." Citing *K. J. by & through Johnson v. Jackson*, 127 F.4th 1239, 1251 n.8 (9th Cir. 2025), the Order said that the Ninth Circuit has "explicitly taken no position on whether the prior holding that 'California public school districts are to be treated as an arm of the State partaking of the State's Eleventh Amendment immunity' should be revisited in light of the newly adopted test" in *Kohn*. ECF 57 at 10-11. It concluded: "Accordingly, the Ninth Circuit's holdings that California public school districts have Eleventh Amendment immunity in *Belanger* and *Sato* remain undisturbed." ECF 57 at 11.

Additionally, citing *Price v. Tamalpais Union High Sch. Dist.*, 2025 WL 1046644 (N.D.Cal. Apr. 8, 2025), *A. W. v. Santa Rosa City Sch.*, 2025 WL 1180725 (N.D.Cal. Apr. 22, 2025), *Ramirez v. Oakland Unified Sch. Dist.*, 2025 WL 1507092 (N.D.Cal. May 27, 2025), and *T.L. v. Orange Unified Sch. Dist.*, 2024 WL 305387 (C.D.Cal. Jan. 9, 2024), the November 4th Order "observe[d] other district courts have determined that a California school district was a state entity entitled to

CROWELL
& MORING LLP
ATTORNEYS AT LAW

7

PLAINTIFF'S MOTION FOR RELIEF FROM
NOVEMBER 4, 2025 ORDER;
CASE NO. 8:25-CV-1648-FWS-JD

Eleventh Amendment immunity post-*Kohn*." ECF 57 at 11.

For the reasons below, relief from this Order is warranted because it relies on an incorrect legal standard for evaluating when precedent has been overruled and other legal errors. *See Hinkson,* 585 F.3d at 1262; *Smith,* 727 F.3d at 955 ("a paradigmatic example of when" Rule 59(e) relief should be granted "is when the court made its prior decision without considering the legal standards in a controlling opinion").

<blockquote>a.    **Relying on *Belanger* as Controlling Was A Mistake of Law.**</blockquote>

The Order's holding that *Belanger* and its progeny are binding precedent was a mistake of law because it relied on the wrong legal standard. The fact that the Ninth Circuit has not yet had an opportunity to *explicitly* overrule the holding in *Belanger* is not determinative. In *Miller v. Gammie,* 335 F.3d 889, 900 (9th Cir. 2003), the Ninth Circuit set forth the standard for determining when a case has been "effectively" overruled. *See* ECF 49-1 at 5 (discussing *Miller*). Where a Ninth Circuit en banc panel (such as *Kohn*) has "undercut the theory or reasoning underlying prior circuit precedent in such a way that the cases are clearly irreconcilable," the Ninth Circuit has instructed that "district courts should consider themselves bound by the intervening higher authority and reject the prior opinion of this court as having been effectively overruled." *Miller,* 335 F.3d at 900.

The fact that *Kohn* addressed the immunity of the California State Bar rather than a California school district does not matter. *Miller* specifically held that the "issues decided by the higher court" (here, *Kohn*) "need not be identical [to the prior precedent] in order to be controlling." 335 F.3d at 900. Rather, *Miller* "instructs [courts] to focus on the reasoning and analysis in support of a holding, rather than the holding alone." *U.S. v. Lindsey*, 634 F.3d 541, 548-549, 550 (9th Cir. 2011); *see Coria v. Garland,* 114 F.4th 994, 1008 (9th Cir. 2024) (collecting cases finding that reasoning or mode of analysis had been overruled).

CROWELL
& MORING LLP
ATTORNEYS AT LAW

8

PLAINTIFF'S MOTION FOR RELIEF FROM
NOVEMBER 4, 2025 ORDER;
CASE NO. 8:25-CV-1648-FWS-JD

*Miller's* language is mandatory, not discretionary. Thus, if a Ninth Circuit en banc decision has effectively overruled a prior opinion, a district court commits a clear legal error by treating that opinion as binding precedent. The November 4th Order does not mention *Miller* or conduct the required analysis to evaluate whether *Kohn* effectively overruled *Belanger*. It relied on the absence of a Ninth Circuit case explicitly overruling *Belanger*. This was a clear legal error under *Miller*.

Application of the *Miller* standard demonstrates that *Kohn* effectively overruled *Belanger* by undercutting *Belanger*'s reasoning in such a way that *Belanger* is clearly irreconcilable with *Kohn*.

First, *Belanger*'s mode of analysis for evaluating immunity was the 5-factor test established in *Mitchell v. L.A. Comm. Coll. District,* 861 F.2d 198 (9th Cir. 1988). In 2023, *Kohn* expressly overruled *Mitchell*. *See Kohn*, 87 F.4th at 1030 (we "no longer endorse the *Mitchell* factors"); *id.* ("our decision to implement the D.C. Circuit's test represents a change in our jurisprudence"). Multiple courts have recognized that *Kohn* overruled *Mitchell*. *See Health Freedom Def. Fund v. Carvalho,* 104 F.4th 715, 726-27 (9th Cir. 2024) (Nelson, J., concurring) ("*Kohn* overruled *Mitchell*"); *Cal. Rifle & Pistol Ass'n v. L.A. Cnty. Sheriff's Dep't*, 2025 WL 2324625, at *9 n.5 (C.D.Cal. July 21, 2025) ("the *Mitchell* test was abrogated and 'reshap[ed]' by *Kohn*"); *Shilling v. Cnty. of San Diego*, 2024 WL 5145969, at *3 (S.D.Cal. Dec. 17, 2024) ("In *Kohn*, the Ninth Circuit overruled its previous framework, known as the *Mitchell* factors, for determining when 'an entity is an arm of the state for purposes of sovereign immunity.'"); *Hanna v. Youngquist*, 2025 WL 2405485, *4 (C.D.Cal. June 13, 2025) (recognizing abrogation of *Mitchell* by *Crowe v. Ore. St. Bar,* 112 F.4th 1218 (9th Cir. 2024)).

A comparison of the *Kohn* and *Mitchell* tests further verifies that *Kohn* abrogated the *Mitchell* test by materially altering it in multiple ways:

- **New 3-factor test:** A new 3-factor test (intent, control, and treasury) replaced *Mitchell*'s 5-factor test: (1) whether a money judgment would be satisfied out

of state funds, and whether the entity (2) performs central government functions, (3) can sue or be sued, (4) can own property, and (5) has a distinct corporate status. *Kohn*, 87 F.4th at 1027-1031.

- ▪ **New entity-based test:** It adopted an entity-based test, replacing an activity-based test. *Id.* at 1031.
- ▪ **Dropped factors:** It omitted two *Mitchell* factors (*i.e.,* whether an entity can sue and be sued and own property) that were minimally relevant but that could potentially affect an immunity outcome. *Id.* at 1031-1032.
- ▪ **Re-weighted factors:** *Kohn* held that, unlike in *Mitchell*, state solvency should no longer be the most dominant factor. *Id.* at 1028. (*Belanger* relied primarily on this now-discounted factor. *See* 963 F.2d at 251.)

This comparison of the old and new immunity tests and list of cases recognizing that *Kohn* abrogated *Mitchell*—which was *Belanger's* mode of analysis—demonstrates that *Belanger* is no longer good law under the controlling *Miller* standard. *See Miller,* 335 F.3d at 900; *Lindsey*, 634 F.3d at 548-549, 550 *Coria,* 114 F.4th at 1008.

In an attempt to avoid this conclusion, Defendants' Motion quoted *Kohn's* statement that the new test "is unlikely to lead to different results in cases that previously applied the *Mitchell* factors and held an entity entitled to immunity." *Kohn*, 87 F.4th at 1031-1032. The court said it had "no reason to believe that our decision today will substantially destabilize past decisions granting sovereign immunity to state entities within the Ninth Circuit." *Id.* The November 4th Order likewise quoted this language. ECF 57 at 10. Interpreting this offhand remark as holding that *Kohn* did not effectively overrule *Belanger* would be a mistake of law.

Second, the Ninth Circuit's general prediction of the likely impact of its ruling on future cases cannot substitute for an analysis under *Miller* in a particular case. It is surely true that many immunity determinations based on *Mitchell* will remain unchanged after reanalysis under *Kohn*. This could be due either to the

stability of the factual circumstances since a prior immunity decision or because the legal analysis in a prior decision was more consistent with *Kohn*'s new test than was *Belanger*. The Ninth Circuit's speculation about future cases does not constitute a holding that *Belanger* is good law. The remark was uttered as a prelude to the court's holding—which was only that the Ninth Circuit's prior determination (under *Mitchell*) that the California State Bar had immunity did not change after re-analysis under the new entity-based, 3-factor test. The remark was non-binding dicta, clearly not intended to communicate anything about the viability of *Belanger*. *See U.S. v. McAdory*, 935 F.3d 838, 843 (9th Cir. 2019) ("comments made casually and without analysis, uttered in passing without due consideration of the alternatives, or done as a prelude to another legal issue that commands the panel's full attention" is non-binding dicta).

Third, *Kohn* evinced no intent for its dicta to relieve defendants in future cases of their burden of actually proving their entitlement to immunity under the new test. Indeed, *Kohn* specifically said that "each case will be decided on its own facts." 87 F.4th at 1032.

Fourth, the Ninth Circuit's post-*Kohn* decision in *Crowe* establishes beyond doubt that *Kohn* is irreconcilable with *Mitchell*. *See* ECF-49-1 at 5 (discussing *Crowe*). Before *Kohn,* the Ninth Circuit had held that the Oregon State Bar (OSB) did not qualify for Eleventh Amendment immunity under the *Mitchell* factors. *See Crowe v. Oregon State Bar*, 989 F.3d 714, 733 (9th Cir. 2021). In *Crowe v. Oregon State Bar,* 112 F.4th 1218 (9th Cir. 2024) (*Crowe II*), the Ninth Circuit reconsidered that determination in light of *Kohn*. It said that *Kohn* replaced the old *Mitchell* test and referenced *Kohn*'s recognition that "any future case brought against the [OSB would] need to be analyzed under the new test." *Id.* at 1230.

After re-analyzing the question under *Kohn*'s new test, *Crowe II* found that the OSB qualified for immunity. *Id.* at 1230-33. *Crowe II* confirms that the Ninth Circuit expects courts to reanalyze immunity under *Kohn* because doing so may

CROWELL
& MORING LLP
ATTORNEYS AT LAW

11

PLAINTIFF'S MOTION FOR RELIEF FROM
NOVEMBER 4, 2025 ORDER;
CASE NO. 8:25-CV-1648-FWS-JD

change the outcome. (Indeed, why would *Kohn* have changed the test at all if doing so would have no material effect?). It confirms that *Kohn* effectively overruled all cases relying on *Mitchell* as an analytical framework—as *Belanger* does. Therefore, as in *Crowe II*, California school district immunity must be reanalyzed under the new *Kohn* test. *See Lindsey*, 634 F.3d at 548-549, 550 (under *Miller,* even if the technical holding of a prior case might not have been overruled, it should not be followed if the supporting reasons or "mode of analysis" have been undercut).

Fifth, as the November 4th Order noted, the Ninth Circuit signaled in *Riley's Am. Heritage Farms* that California school district immunity may be in danger after *Kohn*. *See* 2024 WL 1756101, at *1 n.1. The Order did not mention *Health Freedom Def. Fund, Inc. v. Carvalho,* 104 F.4th 715, 726-727 (9th Cir. 2024), *reh'g en banc granted, opinion vacated*, 127 F.4th 750 (9th Cir. 2025*), and on reh,g en banc,* 148 F.4th 1020 (9th Cir. 2025), which Plaintiff's Opposition discussed. ECF 42 at 18. The Court may have mistakenly ignored the opinion because it was vacated after a grant of rehearing en banc—a position urged in Defendants' Reply. ECF 43 at 13-14. Disregarding the case on that basis would be a legal error because "[v]acated opinions remain persuasive, although not binding, authority." *Doe I v. Cisco Sys.,* 73 F.4th 700, 716 n.10 (9th Cir. 2023) (quoting *Spears v. Stewart*, 283 F.3d 992, 1017 n.16 (9th Cir. 2002)); *accord Roe v. Anderson*, 134 F.3d 1400, 1404 (9th Cir. 1998), *aff'd*, 526 U.S. 489 (1999). Persuasive authority should be "acknowledged and considered." *Hart v. Massanari,* 266 F.3d 1155, 1169 (9th Cir. 2001).

*Health Freedom* is highly relevant and persuasive here because Judge Nelson's concurrence explained not only why *Belanger* and *Sato* are irreconcilable with *Kohn* but also why those cases are unlikely to survive a revaluation under *Kohn*'s new test. *Health Freedom,* 104 F.4th at 726-727. For example, Judge Nelson highlighted the heavy reliance that pre-*Kohn* cases had placed on *Mitchell*'s first factor—under which they found Eleventh Amendment immunity if there was

any chance a judgment would be paid by the State. He observed that *Belanger* "recognized that some factors cut against immunity but that "Belanger [could not] prevail on the first and most important factor because a judgment against the school district would be satisfied out of state funds." *Id.* at 737 (quoting *Belanger,* 963 F.2d at 251). He noted that *Belanger* appeared "unconcerned" with evidence that school districts enjoyed "wide discretion and considerable autonomy," relying instead on an overemphasis on state solvency and a now defunct activity-based judgment that the state was responsible for public schooling.

According to Judge Nelson, *Sato* "doubled-down" on the "now disfavored *Mitchell* factor" that exalted state responsibility for judgments over other factors. 104 F.4th at 727. *Sato* focused almost entirely on its view that, even after AB 97 (which adopted the Local Control Funding Formula (LCFF) that now governs California school district funding), "state and local education funds were still hopelessly intertwined." *Id.* at 727 (quoting *Sato*, 861 F.3d at 932). *Sato* discounted the LCFF's delegation of autonomy to school districts on the ground that the state retained "primary" responsibility for public education. According to Judge Nelson, *Sato*'s reasoning also reflects the type of activity-based approach that *Kohn* overruled. *Id.* at 727; *see also* ECF 42 at 13-18 (arguing that *Belanger* and *Sato* conflict with *Kohn* and other Ninth Circuit cases). [1]

Judge Nelson also observed that post-*Belanger* decisions in the Ninth Circuit have held that school districts in three states do *not* have immunity. *Id.* at 727 & n.1. He opined that, "The reasons for this differing result are now suspect under *Kohn*." *Id.* He concluded that because "the new entity-based test in *Kohn* seems to conflict with (and likely overrule) our reasoning in *Belanger* and *Sato*," it "must be

---

[1] The funding structure that *Belanger* and *Sato* describe no longer exists. After full implementation of the LCFF, State apportion of funding to California school districts resembles that for Arizona school districts—which do not qualify for immunity. *Savage v. Glendale Union High Sch., Dist.*, 343 F.3d 1036 (9th Cir. 2003). *Savage* also found that school districts do not qualify for immunity simply because the State shares responsibility for public schooling.

reassessed whether California school districts are an 'arm of the state.'" *Id.* at 727.[2]

Judge Nelson's concurrence is just one more item of proof on top of all the foregoing that overwhelmingly confirms that *Kohn* "undercut the theory or reasoning underlying" *Belanger* "in such a way that the cases are clearly irreconcilable." *Miller,* 335 F.3d at 900. The Order's conclusion that the Ninth Circuit's holdings in *Belanger* and *Sato* "remain undisturbed" due to the absence of a Ninth Circuit case explicitly overruling *Belanger* was a clear mistake of law under the *Miller* standard governing the effective overruling of cases. The Order should be reversed, and Defendants' Motion to Dismiss based on the Eleventh Amendment immunity defense should be denied without prejudice.

### b. Relying on Post-*Kohn* District Court Decisions Addressing California School District Immunity Was a Mistake of Law.

Citing four post-*Kohn* cases, the November 4th Order "observe[d] other district courts have determined that a California school district was a state entity entitled to Eleventh Amendment immunity post-*Kohn*." ECF 57 at 11. Reliance on these cases as authority for the Order's holding that *Belanger* is binding precedent constitutes a mistake of law.

The framing of Defendants' arguments may have created the false impression that these cases held that *Belanger* remains binding precedent even after *Kohn*. This is not true. As Plaintiff's Opposition explained (ECF 40 at 17-19; ECF 42-10), in *A.W. v. Santa Rosa City Sch.*, the immunity issue was not in dispute because plaintiff did "not engage with the District's Eleventh Amendment immunity arguments." 2025 WL 1180725, at *6. The court did not even cite *Kohn*— suggesting it was unaware of it. In *T.L. v. Orange Unified Sch. Dist.*, the plaintiff

---

[2] In the new *Health Freedom* opinion issued after rehearing, the majority endorsed Judge Nelson's earlier concurrence by quoting it favorably in a footnote conveying that the immunity question was not reached. *Health Freedom Def. Fund, Inc. v. Carvalho*, 148 F.4th 1020, 1027 n.8 (9th Cir. 2025).

likewise did not contest the school district's immunity. 2024 WL 305387, at *8.
The opinion cited *Kohn* only for the standard governing waiver and abrogation of
immunity. *Id.* Because these opinions did not address whether *Belanger* is
irreconcilable with *Kohn*, they provide no authority for the view that *Belanger*
remains good law. *See U.S. v. Gambino-Ruiz,* 91 F.4th 981, 994 (9th Cir. 2024)
(precedent that "does not squarely address a particular issue" constitutes non-
binding dicta).

Only two of the four district court cases cited in the Order squarely addressed
California school district immunity in light of *Kohn—Price* and *Ramirez*. Neither
applied *Belanger* as binding precedent. Both treated *Kohn* as having overruled
*Mitchell* (and thus *Belanger*), requiring a re-analysis of immunity under the new
test. *See Ramirez,* 2025 WL 1507092, at *4, n.22 ("the *Mitchell* factors were
replaced by the *Kohn* factors"); *Price,* 2025 WL 1046644, at *1 (*Kohn* "changed
the test for whether an entity is an 'arm of the state'" by replacing the *Mitchell* 5-
factor test with a new 3-factor test).

Oddly, in addition to overlooking that Eleventh Amendment immunity is an
affirmative defense, both cases used *Belanger* and *Sato* as their sole sources of fact-
finding to evaluate the new *Kohn* factors. *See Ramirez,* 2025 WL 1507092, at *5
(quoting *Sato* for its finding that "the state still exercises significant control over
school districts"); *id.* at *5 (addressing the treasury factor: "the Ninth Circuit's
analysis in *Belanger* is largely dispositive for this factor"); *see Price,* 2025 WL
1046644, at *2 (entire analysis consisted of quoting findings from *Sato* as satisfying
each of *Kohn's* three factors). In other words, they analyzed the *Kohn* factors using
only outdated factual and legal findings from those prior cases. The records in those
cases were not developed to analyze *Kohn's* factors of intent, control, and treasury
under an entity-based test at all—let alone as the facts and law stand now, in 2025.

For example, in *Belanger,* the parties' "extensive discovery" was aimed at
"showing that a judgment against [the school district] would not be satisfied out of

CROWELL
& MORING LLP
ATTORNEYS AT LAW

state funds"—a factor that, at that time, was "predominate" in the arm-of-the-state analysis. *Belanger,* 963 F.2d at 250-251. After *Kohn*, though, this factor is "disfavored." *Health Freedom,* 104 F.4th at 727. Due to the primary focus on that factor under the old *Mitchell* test, expecting that the records in *Belanger* and *Sato* would have been sufficiently developed to analyze the entirely different *Kohn* factors under an entity-based analysis was untenable.

Reliance on any of these cases as authority for the view that *Belanger* remains binding precedent after *Kohn* would constitute clear error since two did not address the question (*A.W.* and *T.L.*) and two suggested the opposite (*Price* and *Ramirez*). Relying on any of them for any other type of guidance for properly analyzing California school districts' immunity likewise would be clearly erroneous. These cases are not binding and, due to their significant limitations and errors, should not be viewed even as persuasive. *See Gambino-Ruiz,* 91 F.4th at 994; *Camreta v. Greene,* 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.").

Based the foregoing, it was a mistake of law to conclude that the HBUHSD satisfied its burden to prove Eleventh Amendment immunity (which is an affirmative defense, *ITSI TV Prods. v. Agric. Ass'n*, 3 F.3d 1289, 1291 (9th Cir. 1993)) and its burden to demonstrate that dismissal is appropriate for the reasons argued in its Motion (*Kidd v. Mayorkas*, 645 F.Supp.3d 961, 966 (C.D.Cal. 2022); *see also* ECF 49-1 at 6 (citing cases)). Doubts about the viability of the HBUHSD's defense at the pleadings stage should have been resolved in *Plaintiff's* favor.

Deciding the immunity issue based on a legal error at this early stage without discovery and full briefing unfairly deprived Plaintiff of an opportunity to develop the record—both for the present litigation and for a meaningful appeal—to contest the HBUHSD's immunity under the new *Kohn* test. Plaintiff's request is only that the Court amend the Order to deny the dismissal of the HBUHSD based on

CROWELL
& MORING LLP
ATTORNEYS AT LAW

16

PLAINTIFF'S MOTION FOR RELIEF FROM
NOVEMBER 4, 2025 ORDER;
CASE NO. 8:25-CV-1648-FWS-JD

Eleventh Amendment immunity *without prejudice.* The HBUHSD can re-assert the

defense on summary judgment after the parties have had an opportunity to develop

the record through discovery.

**C.    If Reconsideration of the HBUHSD's Dismissal is Not Granted, Plaintiff Requests Entry of Final Judgment Under Rule 54(b).**

If the Court denies Plaintiff's Motion to amend its Order dismissing the

HBUHSD on the ground of Eleventh Amendment immunity, Plaintiff requests

entry of final judgment as to the HBUHSD under Rule 54(b) so that Plaintiff can

immediately appeal this ruling.

In actions involving multiple parties or claims, Rule 54(b) permits entry of

final judgment when the court has dismissed a party and "expressly determines that

there is no just reason for delay." Fed.R.Civ. P. 54(b); *see Noel v. Hall*, 568 F.3d

743, 747 (9th Cir. 2009) (affirming Rule 54(b) judgment where all claims had been

dismissed against one party). A Rule 54(b) entry of judgment is "fairly routine" and

does not require a moving party to satisfy the more "rigorous" standard involved in

certifying non-final issues for appeal under 42 U.S.C. § 1292(b). *James v. Price

Stern Sloan*, 283 F.3d 1064, 1068 (9th Cir. 2002); *Lewis v. Travertine,* 2017 WL

2989176, at *2 n.2 (C.D.Cal. Jul. 12, 2017) ("Rule 54(b) requires a lesser showing

than certification of an interlocutory appeal."). "The Rule was adopted specifically

to avoid the possible injustice of delaying judgment on a distinctly separate claim

pending adjudication of the entire case. The Rule thus aimed to augment, not

diminish, appeal opportunity." *Jewel v. NSA*, 810 F.3d 622, 628 (9th Cir. 2015)

(citation modified).

Here, the November 4th Order dismissed the HBUHSD without leave to

amend, which constitutes a final judgment on the merits—triggering entitlement to

a Rule 54(b) entry of final judgment if the Court determines that there is no just

reason for delay. *Greenmount v. Cleanline Mgmt.*, 2025 WL 2631605, at *3

(C.D.Cal. Aug. 22, 2025). The determination that there is no just reason for delay is

CROWELL
& MORING LLP
ATTORNEYS AT LAW

17

PLAINTIFF'S MOTION FOR RELIEF FROM
NOVEMBER 4, 2025 ORDER;
CASE NO. 8:25-CV-1648-FWS-JD

based on "juridical" and equitable factors. *Jewel,* 810 F.3d at 628.

The analysis of **juridical concerns** probes the divisibility of the certified order from the remainder of the case. *Jewel*, 810 F.3d at 628. The focus is on avoiding piecemeal appeals. *Noel,* 568 F.3d at 747. Courts take a "pragmatic approach" to this question that focuses on "severability and efficient judicial administration." *Wood v. GCC Bend,* 422 F.3d 873, 880 (9th Cir. 2005) (citation modified). The **equitable analysis** focuses on whether final entry of judgment will aid an expeditious decision in the case. *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993). It considers "traditional equitable principles such as prejudice and delay." *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989).

Here, juridical and equitable considerations favor entry of final judgment as to the HBUHSD. The Court's dismissal of the HBUHSD was based solely on Eleventh Amendment immunity. There are no overlapping legal elements or facts between the immunity determination and the merits of Plaintiff's claims against the HBUHSD Individual Defendants for violating his constitutional rights and against Defendant Chris Epting for defamation. The merits of Plaintiff's claims are clearly severable from the immunity issues.

Dismissal of claims based on a party' sovereign immunity is similar to a dismissal of claims based on a lack of personal jurisdiction over a party. Like immunity, the preliminary matter of personal jurisdiction typically involves factual issues that are not closely intertwined with the merits of the case. As a result, dismissals based on personal jurisdiction are routinely certified as final judgments under Rule 54(b). *E.g., Core-Vent,* 11 F.3d at 1484 (granting Rule 54(b) entry of judgment as to claims against parties dismissed for lack of personal jurisdiction where jurisdictional question was "unrelated to the other issues in the case"); *Lewis,* 2017 WL 2989176, at *2 ("where some, but not all, defendants are dismissed for lack of personal jurisdiction and the jurisdictional questions are independent of the merits of the underlying claims, courts routinely find no just reason for delay of

entering final judgment in favor of those dismissed defendants"); *Freeney v. Bank of Am. Corp.*, 2017 WL 382228, at *3 (C.D.Cal. Jan. 25, 2017) ("the fact that the only issue on appeal would be the jurisdictional question means that the appellate court would not be addressing the same legal or factual issues as those contained in the claims still pending before this Court"); *Vantage Mobility Int'l v. Kersey Mobility*, 2020 WL 1432835, *4 (D.Ariz. 2020) ("Abundant case law holds that" personal jurisdiction questions "are generally severable from the merits of the lawsuit."); *accord Nordmann v. Thai Airways Int'l,* 1995 WL 761254, at *1 (N.D.Cal. Dec. 14, 1995), *aff'd*, 112 F.3d 517 (9th Cir. 1997); *Lester v. Presto Lifts,* 2012 WL 3596517, at *1 (D.Ariz. 2012).

As these cases reflect, because the severability condition typically is met when personal jurisdiction is the basis for dismissal of a party, courts typically find that the Rule 54(b) equitable considerations are satisfied as well. In fact, the *Lewis* court observed that "[o]ne would be hard-pressed to find a decision in which a court denied Rule 54(b) certification after dismissing a party for lack of personal jurisdiction." 2017 WL 2989176, at *2.

Likewise, equitable considerations favor entry of final judgment as to the HBUHSD in this case. A Ninth Circuit determination of whether *Belanger* remains binding precedent after *Kohn* would aid the expeditious final resolution of the case without duplicating or otherwise delaying the proceedings pending in this Court. *See Alcan Aluminum v. Carlsberg Fin.*, 689 F.2d 815, 817 (9th Cir. 1982); *see also Greenmount*, 2025 WL 2631605 at *5 (granting Rule 54(b) motion where judgment would not "result in a duplication of proceedings or delay adjudication"). The November 4th Order relieved the HBUHSD of its burden to establish entitlement to Eleventh Amendment immunity under the new *Kohn* test and denied Plaintiff an opportunity to develop the record to contest that defense. In the absence of entry of judgment under Rule 54(b) to permit Plaintiff to immediately appeal this ruling, there is a reasonable likelihood of significant delay in finally resolving the case. For

CROWELL
& MORING LLP
ATTORNEYS AT LAW

19

PLAINTIFF'S MOTION FOR RELIEF FROM
NOVEMBER 4, 2025 ORDER;
CASE NO. 8:25-CV-1648-FWS-JD

example, if the Ninth Circuit reverses the Court's holding that *Belanger* is binding precedent and remands the case for a determination of the HBUHSD's immunity based on the *Kohn* factors, the litigation would need to be re-opened, along with discovery, briefing, and an adjudication by the Court. A final resolution would be significantly delayed.

Additionally, resolving the question of the HBUHSD's immunity could facilitate settlement. *See Alcan,* 689 F.2d at 817 (the possibility that a Rule 54(b) judgment could facilitate settlement weighs in favor of entry of judgment). If the HBUHSD lacks Eleventh Amendment immunity, it can be held liable for damages if Plaintiff proves his §1983 claims. Unlike individual government officials sued in their personal capacities for monetary damages, government entities like the HBUHSD are not entitled to the affirmative defense of qualified immunity. *Owen v. City of Indep., Mo.*, 445 U.S. 622, 650-657 (1980). The absence of this defense lowers the bar for plaintiffs to establish liability for monetary relief. Further, if the HBUHSD lacks immunity, the *Ex parte Young* doctrine discussed above is irrelevant. Plaintiff would not be limited to *prospective* relief against the HBUHSD and the Individual Defendants in their official capacities; he also would be entitled to retrospective relief. All of these issues affect the scope of Defendants' liability— and, therefore, settlement prospects.

Finally, the question of Eleventh Amendment immunity of California school districts should be decided promptly by the Ninth Circuit because the issue has important implications beyond this case. As it stands, California school districts (unlike most school districts in the country) are able to escape full accountability under §1983 for violating their employees' federal rights. Because individual school officials can assert qualified immunity from damages liability, guilty defendants may avoid monetary damages. School district officials may thus have too little incentive to avoid violating employees' federal rights. *See Owen,* 445 U.S. at 653 n.36 (the threat of liability for damages is likely to increase attentiveness of

CROWELL
& MORING LLP
ATTORNEYS AT LAW

20

PLAINTIFF'S MOTION FOR RELIEF FROM
NOVEMBER 4, 2025 ORDER;
CASE NO. 8:25-CV-1648-FWS-JD

government officials to supervise the conduct of their subordinates"); *Hess v. Port Auth. Trans-Hudson Corp.,* 513 U.S. 30, 54 (1994) (Stevens, J., concurring) ("Sovereign immunity inevitably places a lesser value on administering justice to the individual than on giving government a license to act arbitrarily."). This factor too weighs in favor of entry of judgment under Rule 54(b) so that Plaintiff can promptly appeal the immunity ruling. *Cf. Pizzuto v. Tewalt,* 136 F.4th 855, 863-64 (9th Cir. 2025) (disputed question of "substantial public interest" favors immediate review under collateral order doctrine).

In sum, there is no risk that granting Plaintiff's Rule 54(b) request will cause duplicate proceedings before the Ninth Circuit because facts and legal issues related to the HBUHSD's immunity defense are wholly separate from the merits of Plaintiff's claims. *See Downing v. Lowe's Cos.,* 2023 WL 4867608, at *3 (D.Ariz. July 31, 2023). Further, the equities weigh in Plaintiff's favor. In the absence of a Rule 54(b) judgment, there is a reasonable chance that a final resolution of Plaintiff's claims will be delayed. *See id.* Further, Eleventh Amendment immunity for California school districts is an important public issue that should be resolved promptly. These considerations outweigh any potential harm to the HBUHSD Defendants—which appears to be minimal, if any. *See id.; see also Greenmount,* 2025 WL 2631605, at *3-6.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to: (1) delete from the November 4th Order all language dismissing with prejudice claims against the HBUHSD Individual Defendants in their official capacities, (2) amend the Order to deny without prejudice Defendants' Motion to Dismiss claims against the HBUHSD on Eleventh Amendment immunity grounds, and (3) if the preceding relief is denied, grant Plaintiff's request for entry of final judgment under Rule 54(d) as to the HBUHSD because there is no just reason for delay.

Dated: November 18, 2025                    CROWELL & MORING LLP


                                           By: */s/ Daniel A. Sasse*
                                                Daniel A. Sasse
                                                David C. Griffith
                                                Jazmine G. Buckley

                                                *Attorneys for Plaintiff Christopher*
                                                *Kluwe*

Dated: November 18, 2025                    LAW PRACTICE OF ANNE
                                            BRAFFORD


                                           By: */s/ Anne M. Brafford*
                                                Anne M. Brafford

                                                *Attorneys for Plaintiff Christopher*
                                                *Kluwe*

Dated: November 18, 2025                    ACLU Foundation of Southern California


                                           By: */s/ Peter Eliasberg*
                                                Peter Eliasberg
                                                Jonathan Markovitz

                                                *Attorneys for Plaintiff Christopher*
                                                *Kluwe*

                                                *Please be advised that the ACLU*
                                                *Foundation of Southern California*
                                                *represents Plaintiff Kluwe solely in*
                                                *connection with his First-Third*
                                                *Causes of Action asserted against*
                                                *the HBUHSD Defendants. The*
                                                *ACLU does not represent Plaintiff*
                                                *Kluwe in connection with the Fourth*
                                                *Cause of Action asserted against*
                                                *Defendant Epting.*

CROWELL
& MORING LLP
ATTORNEYS AT LAW

22

PLAINTIFF'S MOTION FOR RELIEF FROM
NOVEMBER 4, 2025 ORDER;
CASE NO. 8:25-CV-1648-FWS-JD

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff Christopher Kluwe, certifies that this brief contains 6,904 words, which complies with the word limit of L.R. 11-6.1.

*/s/ Daniel A. Sasse*
Daniel A. Sasse

## **FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-4.3.4(a)(2), I certify that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Daniel A. Sasse*
Daniel A. Sasse

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to Counsel for all Parties, who are CM/ECF registrants.


*/s/ Daniel A. Sasse*
Daniel A. Sasse

CROWELL
& MORING LLP
ATTORNEYS AT LAW