Daniel A. Sasse (SBN: 236234)
  DSasse@crowell.com
David C. Griffith (SBN: 329342)
  DGriffith@crowell.com
Jazmine G. Buckley (SBN: 341516)
  JBuckley@crowell.com
Crowell & Moring LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614
Telephone:  949.263.8400
Facsimile:   949.263.8414

*Attorneys for Plaintiff Christopher Kluwe*

*(Additional Counsel Listed on Signature Page)*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER KLUWE,<br><br>Plaintiff,<br><br>v.<br><br>HUNTINGTON BEACH UNION HIGH SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case No. 8:25-cv-1648-FWS-JDE<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM NOVEMBER 4TH ORDER OR, IN THE ALTERNATIVE, FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)**<br><br>Judge: Hon. Fred W. Slaughter |

CROWELL
& MORING LLP
ATTORNEYS AT LAW

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ................................................................................................. 1

II.   ARGUMENT ........................................................................................................ 2

    A.    Relief is Warranted From The Dismissal of Claims Against the
          Individual HBUHSD Defendants in Their Official Capacities. ........... 2

    B.    The Dismissal of the HBUHSD Due to Eleventh Amendment
          Immunity Was Based On Legal Errors. ................................................. 4

          1.    Relying on *Belanger* as Controlling Was A Mistake of Law ...... 6

          2.    Relying on Post-*Kohn* District Court Decisions Addressing
              California School District Immunity Was a Mistake of Law .... 12

    C.    If Reconsideration of the HBUHSD's Dismissal is Not Granted,
          Plaintiff Requests Entry of Final Judgment Under Rule 54(b). .......... 14

III.  CONCLUSION .................................................................................................. 18

CROWELL
& MORING LLP
ATTORNEYS AT LAW

i

PLAINTIFF'S REPLY ISO MOTION FOR RELIEF
FROM NOVEMBER 4TH ORDER;
CASE NO. 8:25-CV-1648-FWS-JD

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A. W. v. Santa Rosa City Sch.*,
2025 WL 1180725 (N.D.Cal. Apr. 22, 2025) ...................................................... 13

*AGK Sierra De Montserrat, L.P. v. Comerica Bank*,
109 F.4th 1132 (9th Cir. 2024).......................................................................... 8

*Am. C.L. Union Found. of S. Cal. v. U.S. Immigr. & Customs Enf't*,
347 F.R.D. 518 (C.D.Cal. 2024) ........................................................................ 6

*Arellano v. Santos*,
2021 WL 6197280 (S.D.Cal. Dec. 30, 2021)...................................................... 6

*Arteaga v. Asset Acceptance*,
733 F.Supp.2d 1218 (E.D.Cal. 2010) ................................................................ 7

*Backlund v. Barnhart*,
778 F.2d 1386 (9th Cir. 1985)............................................................................ 7

*Belanger v. Madera Unified Sch. Dist.*,
963 F.2d 248 (9th Cir. 1992)...................................................................*passim*

*Byars v. Hot Topic*,
656 F.Supp.3d 1051 (C.D.Cal. 2023)............................................................... 13

*Camreta v. Greene*,
563 U.S. 692 (2011) ........................................................................................ 13

*Clifton v. Att'y Gen. of State of Cal.*,
997 F.2d 660 (9th Cir. 1993)............................................................................. 5

*CMAX v. Drewry Photocolor*,
295 F.2d 695 (9th Cir. 1961)........................................................................... 16

*Coria v. Garland*,
114 F.4th 994 (9th Cir. 2024)........................................................................... 4

*Crowe v. Or. State Bar*,
112 F.4th 1218 (9th Cir. 2024)........................................................................ 10

*Crowe v. Or. State Bar*,
989 F.3d 714 (9th Cir. 2021)..................................................................... 10, 12

*Ctr. for Bio-Ethical Reform, Inc. v. L.A. Cnty. Sheriff Dep't*,
533 F.3d 780 (9th Cir. 2008)........................................................................... 16

*Doe I v. Cisco Sys.*,
73 F.4th 700 (9th Cir. 2023)............................................................................ 11

CROWELL
& MORING LLP
ATTORNEYS AT LAW

ii

PLAINTIFF'S REPLY ISO MOTION FOR RELIEF
FROM NOVEMBER 4TH ORDER;
CASE NO. 8:25-CV-1648-FWS-JD

*E.E.O.C. v. Kovacevich "5" Farms*,
   2006 WL 3060149 (E.D.Cal. Oct. 27, 2006) ...................................................... 10

*Gregorian v. Izvestia*,
   871 F.2d 1515 (9th Cir. 1989) ...................................................................... 15

*Hart v. Massanari*,
   266 F.3d 1155 (9th Cir. 2001) ...................................................................... 11

*Health Freedom Def. Fund v. Carvalho*,
   104 F.4th 715 (9th Cir. 2024) .............................................................. 11, 12

*Health Freedom Def. Fund v. Carvalho*,
   148 F.4th 1020 (9th Cir. 2025) ..................................................................... 11

*Jewel v. NSA*,
   810 F.3d 622 (9th Cir. 2015) ........................................................................ 15

*Kaufmann v. Kijakazi*,
   32 F.4th 843 (9th Cir. 2022) ......................................................................... 12

*Kemp v. U.S.*,
   596 U.S. 528 (2022) ................................................................................... 5, 6

*Kohn v. State Bar of Cal.*,
   87 F.4th 1021 (9th Cir. 2023) ............................................................... *passim*

*Kona Enters. v. Est. of Bishop*,
   229 F.3d 877 (9th Cir. 2000) .......................................................................... 5

*Lenk v. Monolithic Power Sys.*,
   2025 WL 2257509 (D.Ariz. Aug. 6, 2025) ...................................................... 3

*Lester v. Presto Lifts*,
   2012 WL 3596517 (D. Ariz. 2012) .............................................................. 17

*Marshall v. Gates*,
   44 F.3d 722 (9th Cir. 1995) ............................................................................ 6

*Miller v. Gammie*,
   335 F.3d 889 (9th Cir. 2003) ................................................................. *passim*

*Mitchell v. L.A. Comm. Coll. Dist.*,
   861 F.2d 198 (9th Cir. 1988) ................................................................. *passim*

*Murillo v. Godfrey*,
   2023 WL 2825701 (C.D.Cal. Feb. 21, 2023) ................................................. 3

*Noel v. Hall*,
   568 F.3d 743 (9th Cir. 2009) ....................................................................... 15

CROWELL
& MORING LLP
ATTORNEYS AT LAW

*Price v. Tamalpais Union High Sch. Dist.*,
   2025 WL 1046644 (N.D.Cal. Apr. 8, 2025)........................................13

*Purdy Mobile Homes v. Champion Home Builders*,
   594 F.2d 1313 (9th Cir. 1979)........................................16

*Ramirez v. Oakland Unified Sch. Dist.*,
   2025 WL 1507092 (N.D.Cal. May 27, 2025)........................................13

*Sears, Roebuck & Co. v. Mackey*,
   351 U.S. 427 (1956)........................................16

*Smith v. Clark Cnty. Sch. Dist.*,
   727 F.3d 950 (9th Cir. 2013)........................................5, 12

*Stalling v. Castellano*,
   2025 WL 2671593 (C.D.Cal. Aug. 15, 2025)........................................3

*Straw v. Bowen*,
   866 F.2d 1167 (9th Cir. 1989)........................................6

*T.L. v. Orange Unified Sch. Dist.*,
   2024 WL 305387 (C.D.Cal. Jan. 9, 2024)........................................13

*Matter of Ta Chi Navigation (Panama) Corp. S.A.*,
   728 F.2d 699 (5th Cir. 1984)........................................5

*U.S. v. Hinkson*,
   585 F.3d 1247 (9th Cir. 2009)........................................5

*U.S. v. Lindsey*,
   634 F.3d 541 (9th Cir. 2011)........................................4

*U.S. v. Maricopa Cnty., Ariz.*,
   915 F.Supp.2d 1073 (D.Ariz. 2012)........................................3

*U.S. v. McAdory*,
   935 F.3d 838 (9th Cir. 2019)........................................9

*U.S. v. Westlands Water Dist.*,
   134 F.Supp.2d 1111 (E.D.Cal.2001)........................................7

*Vaughn v. Regents of Univ. of Cal.*,
   504 F.Supp. 1349 (E.D.Cal. 1981)........................................*passim*

*Wood v. GCC Bend, LLC*,
   422 F.3d 873 (9th Cir. 2005)........................................15

*Woods v. City of Hayward*,
   2020 WL 1233841 (N.D.Cal. Mar. 13, 2020)........................................3

CROWELL
& MORING LLP
ATTORNEYS AT LAW

iv

PLAINTIFF'S REPLY ISO MOTION FOR RELIEF
FROM NOVEMBER 4TH ORDER;
CASE NO. 8:25-CV-1648-FWS-JD

*Ex parte Young*,
    209 U.S. 123 (1908) ........................................................................................... 2, 3

*Yu v. Mercedes Benz USA, LLC*,
    2024 WL 6472798 (C.D.Cal. Oct. 4, 2024) ........................................................ 12

CROWELL
& MORING LLP
ATTORNEYS AT LAW

v

PLAINTIFF'S REPLY ISO MOTION FOR RELIEF
FROM NOVEMBER 4TH ORDER;
CASE NO. 8:25-CV-1648-FWS-JD

## I.    INTRODUCTION

Defendants' Opposition poses no barriers to granting Plaintiff' Motion for Relief from the November 4th Order in its entirety:

<u>First</u>, **Defendants agree** that Plaintiff is entitled to relief under Rule 60(a) from the November 4th Order's dismissal of claims against the Individual HBUHSD Defendants in their official capacities.

<u>Second</u>, Defendants offer no basis for denying Plaintiff's request for relief from the dismissal of the HBUHSD on Eleventh Amendment immunity grounds. The thrust of Plaintiff's Motion for Relief on this point is that the Court's reliance on the absence of a Ninth Circuit case expressly overruling *Belanger* and its progeny was a mistake of law. The Court erred by failing to apply the standard set forth in *Miller v. Gammie* to evaluate whether *Kohn*'s express overruling of *Mitchell* "effectively" overruled *Belanger*. Under that analysis, it is clear that *Belanger* is no longer good law. Therefore, Defendants' Rule 12(b)(6) Motion— that relied on *Belanger*—failed to carry their burden to establish their Eleventh Amendment immunity affirmative defense. Defendants' substantive arguments to the contrary are limited. Their primary strategy is to ask the Court to ignore everything Plaintiff says because the Court already has considered and rejected his arguments. Because Plaintiff has identified specific legal errors correctable under Rules 59 and 60—and the Ninth Circuit encourages use of these provisions to correct legal errors—Defendants' effort to hide from Plaintiff's substantive arguments should fail.

<u>Third</u>, concerning Plaintiff's alternative request for a Rule 54(b) entry of final judgment as to the HBUHSD, Defendants did not address a single argument in Plaintiff's Motion. Instead, they rely entirely on one case that denied a Rule 54(b) motion: *Vaughn v. Regents of Univ. of Cal.*, 504 F.Supp. 1349 (E.D.Cal. 1981). That case is of no use to Defendants because, unlike here, no party was dismissed without leave to amend. All defendants remained in the case. Thus, there was not a

CROWELL
& MORING LLP
ATTORNEYS AT LAW

1

PLAINTIFF'S REPLY ISO MOTION FOR RELIEF
FROM NOVEMBER 4TH ORDER;
CASE NO. 8:25-CV-1648-FWS-JD

dismissed party as to whom a Rule 54(b) final judgment was appropriate. Because *Vaughn* is irrelevant, and Defendants do not otherwise oppose Plaintiff's showing that a Rule 54(b) judgment is proper, the Court should grant this request if it denies Plaintiff's prior request for relief from the dismissal of the HBUHSD.

## II.    ARGUMENT

### A.    Relief is Warranted From The Dismissal of Claims Against the Individual HBUHSD Defendants in Their Official Capacities.

Plaintiff's opening Motion established that relief is warranted under Rules 59/60 from the Court's dismissal of claims against the Individual HBUHSD Defendants in their official capacities for three reasons: (1) under *Ex parte Young*, 209 U.S. 123 (1908), the Eleventh Amendment does not bar suits seeking prospective injunctive and declaratory relief against individual government officials in their official capacities, (2) Defendants' Rule 12(b)(6) Motion sought dismissal only of ***damages claims*** based on Eleventh Amendment immunity, not claims based on declaratory and injunctive relief, and (3) because the Complaint sought only non-monetary relief against the Individual Defendants in their official capacities, there were no official capacity claims for damages for the Court to dismiss. ECF 65 at 2-5.

In their Opposition, the HBUHSD Defendants acknowledge the Court's error, which should end the analysis: Relief should be granted, and the November 4th Order should be amended to delete all references to dismissal of official capacity claims. *See* ECF 65-1 (Plaintiff's Proposed Order).

Nonetheless, the HBUHSD Defendants argue for the very first time in their Opposition to Plaintiff's Motion for Relief that not all of Plaintiff's non-monetary relief qualifies as prospective relief under *Ex parte Young*. Their arguments should be rejected for multiple reasons.

<u>First</u>, Defendants cannot raise new arguments in support of their Rule 12(b)(6) Motion to Dismiss at this point. Defendants had the burden to demonstrate

CROWELL
& MORING LLP
ATTORNEYS AT LAW

2

PLAINTIFF'S REPLY ISO MOTION FOR RELIEF
FROM NOVEMBER 4TH ORDER;
CASE NO. 8:25-CV-1648-FWS-JD

all their bases for dismissal in that Motion. *Woods v. City of Hayward,* 2020 WL
1233841, at *10 (N.D.Cal. Mar. 13, 2020) (denying 12(b)(6) motion on basis for
which defendant provided no authority or explanation). Their Motion did not argue
that any of the non-monetary relief alleged in the Complaint was problematic in any
manner and, therefore, they waived any such argument. *See Lenk v. Monolithic
Power Sys.,* 2025 WL 2257509 (D.Ariz. Aug. 6, 2025) (denying 12(b)(6) motion on
the ground that "courts 'cannot manufacture arguments for [a party]' but instead
'review only issues which are argued specifically and distinctly'" (quoting *Indep.
Towers of Wash. v. Wash.*, 350 F.3d 925, 929–30 (9th Cir. 2003)).

Second, a Rule 12(b)(6) motion targeting discrete aspects of Plaintiff's
requested relief would have been improper in any event. The HBUHSD Defendants
concede that the Complaint properly pleads claims against the Individual
Defendants in their official capacities. A Rule 12(b)(6) motion would not have been
a proper method for seeking dismissal of only certain aspects of Plaintiff's prayer
for relief that they contend do not qualify as prospective. *See Murillo v. Godfrey*,
2023 WL 2825701, at *16 (C.D.Cal. Feb. 21, 2023) (Rule 12(b)(6) pertains to a
failure to sufficiently plead a cause of action and is not a proper mechanism to seek
dismissal of a prayer for relief or remedy)*; Stalling v. Castellano,* 2025 WL
2671593, at *8 (C.D.Cal. Aug. 15, 2025) (denying 12(b)(6) motion to dismiss
plaintiff's "claim for injunctive relief" because "injunctive relief is a remedy, not a
cause of action"); *U.S. v. Maricopa Cnty., Ariz.,* 915 F.Supp.2d 1073, 1082 (D.Ariz.
2012) ("A 12(b)(6) motion to dismiss challenges the legal sufficiency of the
pleadings, not the appropriateness of the relief sought.").

Third, if the Court grants Plaintiff's request for relief below to amend the
November 4th Order to deny Defendants' Motion to Dismiss the HBUHSD on
Eleventh Amendment grounds, *Ex parte Young's* limitations on remedies becomes
irrelevant at this stage. The *Ex parte Young* doctrine limits the type of remedies
sought against the school officials in their official capacities only if the Eleventh

3

1    Amendment bars suit against the school district.

2          For all these reasons, the Court should grant Plaintiff's request for relief and

3    amend the November 4th Order to delete all references to dismissal of claims

4    against the Individual HBUHSD Defendants in their official capacities.

5          **B.     The Dismissal of the HBUHSD Due to Eleventh Amendment
            Immunity Was Based On Legal Errors.**

6

7          Plaintiff also seeks relief under Rules 59(e) and 60(b)(1) from the November

8    4th Order's dismissal of the HBUHSD on Eleventh Amendment immunity grounds.

9    As set forth in Plaintiff's Motion, the November 4th Order's conclusion that "Ninth

10   Circuit's holdings that California public school districts have Eleventh Amendment

11   immunity in *Belanger* and *Sato* remain undisturbed" was a mistake of law. This

12   ruling mistakenly relied on the absence of a Ninth Circuit case *explicitly* overruling

13   the specific holding in *Belanger v. Madera Unified Sch. Dist.,* 963 F.2d 248 (9th

14   Cir. 1992)*.* But in the Ninth Circuit, precedent can be overruled not only explicitly

15   but also "effectively." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en

16   banc) sets forth the standard for district courts to determine when the Ninth Circuit

17   has "effectively" overruled a prior precedent. Under the *Miller* standard, the

18   question here is whether the Ninth Circuit's en banc decision in *Kohn v. State Bar*

19   *of Cal.*, 87 F.4th 1021 (9th Cir. 2023) that explicitly overruled *Mitchell v. L.A.*

20   *Comm. Coll. Dist.,* 861 F.2d 198 (9th Cir. 1988) undercut the theory or reasoning in

21   *Belanger*—which relied on *Mitchell*—in such a way that *Belanger* is clearly

22   irreconcilable with *Kohn. See Miller,* 335 F.3d at 900; *U.S. v. Lindsey*, 634 F.3d

23   541, 548-549, 550 (9th Cir. 2011) (*Miller* "instructs us to focus on the reasoning

24   and analysis in support of a holding, rather than the holding alone"; while the

25   technical holding of a prior case might not have been overruled, it should not be

26   followed if the supporting reasons or "mode of analysis" have been undercut);

27   *Coria v. Garland*, 114 F.4th 994, 1008 (9th Cir. 2024) (when assessing whether a

28   lower court "may (indeed must) recognize that intervening higher authority has

CROWELL
& MORING LLP
ATTORNEYS AT LAW

4

PLAINTIFF'S REPLY ISO MOTION FOR RELIEF
FROM NOVEMBER 4TH ORDER;
CASE NO. 8:25-CV-1648-FWS-JD

abrogated circuit precedent, the issues decided by the higher court need not be identical in order to be controlling"). The November 4th Order did not apply—or even mention—*Miller.* As set forth in Plaintiff's Motion, *Miller* compels the conclusion that *Kohn*'s explicit overruling of *Mitchell* effectively overruled *Belanger* and its progeny, and the HBUHSD's immunity must be re-analyzed under the new *Kohn* test.

The Court's failure to apply *Miller* and conclude that *Kohn*'s explicit overruling of *Mitchell* effectively overruled *Belanger* constitutes a mistake of law for which relief is proper under Rules 60(b)(1) and 59(e). Rule 60(b)(1) covers all mistakes of law made by a judge and not only those that are "obvious" or "flagrant." *Kemp v. U.S.,* 596 U.S. 528, 533-34 (2022). *Kemp* abrogated cases like *Matter of Ta Chi Navigation (Panama) Corp. S.A.*, 728 F.2d 699, 703 (5th Cir. 1984) that permitted error correction under Rule 60(b)(1) only if mistakes were "obvious," "manifest," or "beyond question."

Relief is proper under Rule 59(e) for "clear error." *Smith v. Clark Cnty. Sch. Dist.,* 727 F.3d 950, 955 (9th Cir. 2013). A court's decision is clearly erroneous if it does not rely on the correct legal standard. *U.S. v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009). Instances like here "when the court made its prior decision without considering the legal standards in a controlling opinion" provide "a paradigmatic example of when" Rule 59(e) relief should be granted. *Smith*, 727 F.3d at 955.[1]

---

[1] Citing *Kona Enters. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), Defendants contend that reconsideration under Rule 59(e) is an "extraordinary remedy." *Kona* clarifies what that means, saying that "a motion for reconsideration should not be granted, absent highly unusual circumstances, **unless** the district court…committed clear error[.]" *Id.* at 890 (emphasis added). In other words, when a moving party establishes a clear error, no additional showing of "highly unusual circumstances" is required. Relief is thus "extraordinary" only because courts do not ordinarily make legal errors. Similarly, under Rule 60(b), "extraordinary circumstances" are required only when the moving party relies on the catch-all provision in Rule 60(b)(6), which covers "any other reason that justifies relief." *Clifton v. Att'y Gen. of State of Cal.,* 997 F.2d 660, 665 (9th Cir. 1993). Here,

CROWELL
& MORING LLP
ATTORNEYS AT LAW

5

PLAINTIFF'S REPLY ISO MOTION FOR RELIEF
FROM NOVEMBER 4TH ORDER;
CASE NO. 8:25-CV-1648-FWS-JD

Because Plaintiff has identified legal mistakes correctable by Rules 59(e) and 60(b)(1), relief is warranted. As discussed below, nothing in Defendants' Opposition alters this conclusion.

### 1.    Relying on *Belanger* as Controlling Was A Mistake of Law.

Defendants <u>first</u> argue that Plaintiff's Motion should be denied because it rehashes arguments previously rejected by the Court—specifically, that *Kohn* overruled the *Mitchell* factors, thus rendering *Belanger* defunct. ECF 69 at 10. Defendants' argument goes too far. Forbidding the mention of any prior legal arguments would practically bar a moving party from demonstrating a court's error in addressing those legal arguments—for which relief is unquestionably available under Rules 59(e) and 60(b)(1).[2] What the Ninth Circuit requires is that moving parties go beyond simply voicing disagreement with an Order's outcome by identifying a "specific error" or "particular mistake." *Straw v. Bowen,* 866 F.2d 1167, 1172 (9th Cir. 1989); *Arellano v. Santos,* 2021 WL 6197280, at *2-3 (S.D.Cal. Dec. 30, 2021) (to obtain relief under Rule 60(b)(1), the moving party "must show that the district court committed a specific error," not simply disagree with the decision). Here, the Motion does not simply regurgitate the same arguments as Plaintiff's prior briefing and hope for a different result; it specifies

---

Plaintiff has moved under Rule 60(b)(1), under which relief is proper if the court made any type of legal mistake. *Kemp,* 596 U.S. at 533-34.

[2] Defendants assert that L.R. 7-18 forbids the repetition of any prior argument in a motion for reconsideration. ECF 69 at 9. If Plaintiff had asserted new arguments, Defendants surely would have argued that those are barred too. Read literally, such a Rule would practically prevent parties from any meaningful reconsideration of legal errors—which rarely can be identified without reference to any prior or new arguments. Here, Plaintiff's Motion relies on Federal Rules 59 and 60, which permit and encourage correction of legal errors. Local Rules cannot restrict rights provided by the Federal Rules. *See Marshall v. Gates*, 44 F.3d 722, 724-25 (9th Cir. 1995) (federal district courts' Local Rules are valid only to the extent they do not conflict with Federal Rules). To avoid conflicts, courts have interpreted L.R. 7-18 as coextensive with Rules 59 and 60. *E.g., Am. C.L. Union Found. of S. Cal. v. U.S. Immigr. & Customs Enf't,* 347 F.R.D. 518, 525 (C.D.Cal. 2024). L.R. 7-18—which is not a primary source of authority for Plaintiff's Motion—cannot be applied in a way that limits relief available under Rules 59 and 60.

outcome determinative errors and explains why and how they should be corrected.

Defendants' case citations (ECF 69 at 9-10) do not suggest a different result. In *Backlund v. Barnhart*, 778 F.2d 1386 (9th Cir. 1985), plaintiffs did not identify any legal errors in the court's order to justify relief under Rules 59 or 60—they simply disagreed with the outcome. In *Arteaga v. Asset Acceptance*, 733 F.Supp.2d 1218 (E.D.Cal. 2010), although plaintiff specified an error, the court found it was a fabrication based on a misconstruction of the order. In *U.S. v. Westlands Water Dist.,* 134 F.Supp.2d 1111, 1132 (E.D.Cal.2001), the court *granted* plaintiffs' Rule 60(a) motion because they had identified a "clear error" in the court's order.

Additionally, it is unclear from the November 4th Order which of Plaintiff's arguments were rejected or even considered. The Order did not specifically address any of Plaintiff's arguments, stating only that "Plaintiff responds that determining whether the Eleventh Amendment immunity applies is premature at this stage of the proceedings." ECF 57 at 10. As Plaintiff explained in his Motion for Leave to File Supplemental Authorities (ECF 49), Defendants improperly ambushed Plaintiff with many new arguments asserted for the first time on Reply. As a result, numerous authorities (including *Miller*) appeared in Plaintiff's Supplemental Authorities filed after Defendants' Reply. ECF 49-1. The November 4th Order does not mention or cite Plaintiff's Supplemental Authorities, making it unclear whether the Court reviewed and considered that filing. The Court's mistaken dismissal of official capacity claims noted above—an error acknowledged by Defendants— suggests that the disjointed briefing of the Eleventh Amendment immunity issue caused by Defendants' ambush tactics may have made the Court's evaluation of a complex legal issue even more difficult.

In Defendants' second argument (ECF 69 at 10-11), they "contend that *Miller* does not apply here, because no court of last resort has undercut Ninth Circuit precedent." The argument appears to be based on a mistaken view that *Belanger* and *Kohn* are on equal footing because both are Ninth Circuit cases.

*Miller* held that district courts must reject Ninth Circuit precedent that has been "effectively" overruled by a "higher authority" or "court of last resort." *See* 335 F.3d at 900 ("We hold that the issues decided by the higher court need not be identical in order to be controlling. Rather, the relevant court of last resort must have undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable."); *id.* ("In future cases of such clear irreconcilability, a three-judge panel of this court and district courts should consider themselves bound by the intervening higher authority and reject the prior opinion of this court as having been effectively overruled."). For federal district courts addressing issues of federal law, decisions by "courts of last resort" or a "higher authority" include those by the U.S. Supreme Court and of the Ninth Circuit sitting en banc. *AGK Sierra De Montserrat, L.P. v. Comerica Bank*, 109 F.4th 1132, 1136 (9th Cir. 2024) ("Precedent interpreting federal law is binding absent a decision of the Supreme Court or our court sitting en banc that 'undercut[s] the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable.'" (quoting *Miller,* 335 F.3d at 900)). *Kohn* was decided by the Ninth Circuit sitting en banc based on its determination that *Mitchell* did not align with Supreme Court precedent. Thus, for a district court in the Ninth Circuit (like here), *Kohn* constitutes intervening authority since *Belanger* by "a court of last resort." Under the *Miller* standard, the en banc decision in *Kohn* to explicitly overrule *Mitchell* effectively overruled *Belanger* (a prior Ninth Circuit decision by a 3-judge panel) and its progeny by undercutting the reasoning in those cases in such a way that they are clearly irreconcilable with *Kohn*.

Defendants also contend that *Belanger* and *Kohn* are not clearly irreconcilable (ECF 69 at 11) but do not refute any of Plaintiff's arguments to the contrary (ECF 65 at 9-14). For example, Defendants do not contest that *Belanger's* mode of analysis for evaluating immunity—*i.e.*, *Mitchell's* 5-factor test—was expressly overruled by *Kohn*. ECF 65 at 9. Defendants likewise do not deny that

CROWELL
& MORING LLP
ATTORNEYS AT LAW

8

PLAINTIFF'S REPLY ISO MOTION FOR RELIEF
FROM NOVEMBER 4TH ORDER;
CASE NO. 8:25-CV-1648-FWS-JD

multiple courts have explicitly recognized that *Kohn* overruled *Mitchell.* ECF 65 at 9. Nor do they refute that *Kohn* materially altered *Mitchell* in multiple ways. *Id.* at 9-10. They likewise do not explain how *Belanger's* analysis (that relies on the *Mitchell* factors) can be reconciled with *Kohn's* new test (which expressly overruled the *Mitchell* factors). They simply assert that "courts should make attempts to reconcile cases." ECF 69 at 11. Given that the Eleventh Amendment is an affirmative defense, however, it was *Defendants'* burden to make this showing in their 12(b)(6) Motion. Such an effort would have been futile because the cases are clearly irreconcilable.

In Defendants' <u>third</u> point (ECF 69 at 11), they try to shore up their reliance on the Ninth Circuit's observation in *Kohn* that the new immunity test is unlikely to "substantially destabilize past decisions." Defendants' Rule 12(b)(6) Motion relied heavily on this remark as supposed proof that *Kohn* did not overrule *Belanger.* As set forth in Plaintiff's Motion for Relief, the Ninth Circuit's offhand remark in *Kohn* was non-binding dicta uttered as a prelude to the court's holding that the California State Bar retained immunity under the new test. *See U.S. v. McAdory*, 935 F.3d 838, 843 (9th Cir. 2019) ("comments made casually and without analysis, uttered in passing without due consideration of the alternatives, or done as a prelude to another legal issue that commands the panel's full attention" is non-binding dicta). There is nothing in the *Kohn* opinion to suggest that the Ninth Circuit intended its remark to communicate anything about the viability of *Belanger.*

In response, Defendants say: "While the statement does not constitute a holding that all prior precedent remains good law, it is substantially broader than the narrow context in which Plaintiff asserts it applies." ECF 69 at 11. They do not further elaborate on this point or cite any authority. Nothing in Defendants' Opposition justifies reliance on the *Kohn* court's offhand remark as excusing them from establishing the continued viability of *Belanger* under the *Miller* test for determining when precedent has been effectively overruled and from establishing

immunity under the new *Kohn* test.

In Defendants' <u>fourth</u> point (ECF 69 at 12), they contest Plaintiff's argument that "*Kohn* evinced no intent for its dicta to relieve defendants in future cases of their burden of actually proving their entitlement to immunity under the new test" by pointing to post-*Kohn* district court cases applying Eleventh Amendment immunity to California school districts. None of those cases held or suggested that *Kohn* excuses defendants from establishing immunity under *Kohn's* new test. Defendants offer no explanation why *Kohn* would have changed the immunity test at all if doing so would have no material effect and could be ignored.

Defendant's <u>final</u> point (ECF 69 at 12-13) is that the Court should ignore Plaintiff's argument based on *Crowe v. Or. State Bar,* 989 F.3d 714, 733 (9th Cir. 2021) (*Crowe I*) and 112 F.4th 1218 (9th Cir. 2024) (*Crowe II*) because the Court already considered and rejected it. There is no indication in the November 4th Order that the *Crowe* cases were considered or rejected. As noted above, because of Defendants' decision to litigate by ambush, some of Plaintiff's authorities (like *Crowe*) appeared in his Supplemental Authorities filed after Defendants' Reply. Defendants' choice caused disjointed briefing of the Eleventh Amendment issue, which may have prevented the Court from considering all of Plaintiff's arguments. Defendants now try to hide behind inapplicable technicalities rather than substantively address the clear legal implication of *Crowe I* and *Crowe II*. *See E.E.O.C. v. Kovacevich "5" Farms,* 2006 WL 3060149, at *2 (E.D.Cal. Oct. 27, 2006) ("[b]ecause any decision on a motion should comply with the law, appropriate legal authority should not be disregarded"). These dual decisions establish that *Kohn* overruled *Mitchell*, that the Ninth Circuit expects courts to re-analyze immunity under the new *Kohn* test, and that the new test is materially different from the now defunct *Mitchell* test. ECF 65 at 11-12. In short, the *Crowe* cases further confirm that *Kohn's* explicit overruling of the *Mitchell* factors on which *Belanger* relied makes *Belanger* irreconcilable with *Kohn*.

1    Defendants similarly argue (ECF 69 at 12-13) that the Court should ignore

2  Plaintiff's arguments based on Judge Nelson's concurrence in *Health Freedom Def.*

3  *Fund v. Carvalho*, 104 F.4th 715, 726-727 (9th Cir. 2024). They say that the

4  November 4th Order's failure to "thoroughly analyze every contention made by

5  Plaintiff in its Order, or cite the specific cases Plaintiff relie[d] upon, does not mean

6  the Court did not consider those authorities[.]" ECF at 12-13. Although it may be

7  true that the Court need not "thoroughly analyze" all of Plaintiff's arguments, it is

8  unclear here whether the Court considered *Health Freedom* at all—and if not, why

9  not. As set forth in Plaintiff's Motion, it would be a mistake of law to refuse to

10  consider *Health Freedom* for its persuasive authority solely because it was vacated

11  after a grant of rehearing en banc—as Defendants argued in their Rule 12(b)(6)

12  Motion. This is so because "[v]acated opinions remain persuasive, although not

13  binding, authority" (*Doe I v. Cisco Sys.,* 73 F.4th 700, 716 n.10 (9th Cir. 2023)),

14  and persuasive authority should be "acknowledged and considered." *Hart v.*

15  *Massanari,* 266 F.3d 1155, 1169 (9th Cir. 2001).

16    Defendants do not identify any weaknesses in Judge Nelson's analysis of

17  why California school districts' immunity must be re-analyzed after *Kohn* that

18  would undermine its persuasive authority. Nor does anything in the case's rehearing

19  history undermine its persuasive force: In the new *Health Freedom* opinion issued

20  after rehearing, the majority endorsed Judge Nelson's earlier concurrence by

21  quoting it favorably in a footnote. *See Health Freedom Def. Fund v. Carvalho*, 148

22  F.4th 1020, 1027 n.8 (9th Cir. 2025). Nonetheless, Defendants claim:

23      It is perplexing that Plaintiff asserts this Court should have ignored an
important assertion by a dozen Ninth Circuit judges that the
24      application of the *Kohn* standards will likely not alter the conclusions
in *Belanger* and *Sato*, but committed a reversible mistake of law by not
25      addressing a brief concurring opinion from one Ninth Circuit judge
that *Belanger* and *Sato* "may need to be revisited."
26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

11

PLAINTIFF'S REPLY ISO MOTION FOR RELIEF
FROM NOVEMBER 4TH ORDER;
CASE NO. 8:25-CV-1648-FWS-JD

Opp. 12 n.1.[3]  What is perplexing is Defendants' continued contention that an offhand piece of dicta in *Kohn* (a case about the California State Bar's immunity) about the possible impact of the new immunity test on future, unknown cases is more persuasive than *Health Freedom* in the context of this case. In *Health Freedom,* Judge Nelson provided a detailed analysis of the very question at the heart of the immunity question here—i.e., whether *Kohn* effectively overruled *Belanger*'s holding that California school districts have immunity.

Both *Crowe* and *Health Freedom* are highly relevant to this core legal question. Ignoring them would be contrary to the Ninth Circuit's instruction to district courts to conserve judicial resources by correcting their own legal errors before the issue reaches the Ninth Circuit. *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) ("Rule 59(e) permits, if not encourages, a district court to correct its own clear errors. Conservation of judicial resources supports a court's confessing error before the issue reaches [the Ninth Circuit]."); *Yu v. Mercedes Benz USA, LLC,* 2024 WL 6472798, at *2 (C.D.Cal. Oct. 4, 2024) (Slaughter, J.) (same); *Smith,* 727 F.3d at 955 (error correction "is routine in judging" and "there is nothing odd or improper about it"). Even without these cases, however, it is clear from all the above that *Kohn*'s explicit overruling of *Mitchell* effectively overruled *Belanger* and that Plaintiff's Motion should be granted.

## 2.     Relying on Post-*Kohn* District Court Decisions Addressing California School District Immunity Was a Mistake of Law.

Plaintiff's Motion explained why reliance on the post-*Kohn* district court cases cited in the November 4th Order for the proposition that *Belanger* and its progeny remain viable constitutes a mistake of law. ECF 65 at 14-16. Defendants do not directly address these arguments. They contend only that the Order's holding

---

[3] *Kohn* did **not** say that the new immunity test "will likely not alter the conclusions in **Belanger and Sato**."  The Ninth Circuit made a generic, offhand remark about all "cases that previously applied the *Mitchell* factors and held an entity entitled to immunity"—without reference to *Belanger* or *Sato*. *Kohn,* 87 F.4th at 1031-1032.

"was not founded on these other district court opinions" and concede that they "may be distinguishable to the instant case to varying extents." ECF 69 at 13.

Defendants contend, nonetheless, that the cases are "persuasive" solely because they applied Eleventh Amendment immunity to California school districts after *Kohn* was decided. The persuasive value of any case, however, depends on the quality and relevance of its analysis. *See Byars v. Hot Topic*, 656 F.Supp.3d 1051, 1070 (C.D.Cal. 2023) ("persuasive authority…is only relevant to the extent of its ability to persuade"). Even a cursory review of these cases demonstrates that they do not support Defendants' argument that *Belanger* remains good law. As set forth in Plaintiff's Motion, two of the district court cases cited in the November 4th Order (*A. W. v. Santa Rosa City Sch.,* 2025 WL 1180725 (N.D.Cal. Apr. 22, 2025) and *T.L. v. Orange Unified Sch. Dist.*, 2024 WL 305387 (C.D.Cal. Jan. 9, 2024)) did not address whether *Kohn* effectively overruled *Belanger*. The issue of immunity was not contested or analyzed at all. These cases are not persuasive authority for the proposition that *Belanger* survives *Kohn*, because "[i]t is axiomatic that cases are not authority for propositions not considered." *Byars,* 656 F.Supp.3d at 1070 n.11. The two other district court cases cited in the November 4th Order (*Price v. Tamalpais Union High Sch. Dist.,* 2025 WL 1046644 (N.D.Cal. Apr. 8, 2025) and *Ramirez v. Oakland Unified Sch. Dist.,* 2025 WL 1507092 (N.D.Cal. May 27, 2025)) recognized that *Kohn* explicitly overruled *Mitchell* and treated *Belanger* as likewise overruled. These cases clearly are not persuasive authority for the opposite view urged by Defendants. These cases do not bind this Court (*Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011)) and should not be considered as even persuasive due to their failure to support *Belanger's* viability as well as their limitations and clear legal errors. *See* ECF 65 at 14-16.

### ###

The ruling sought here—that the Court erred by failing to conclude that *Kohn*'s explicit overruling of *Mitchell* effectively overruled *Belanger* under the

CROWELL
& MORING LLP
ATTORNEYS AT LAW

13

PLAINTIFF'S REPLY ISO MOTION FOR RELIEF
FROM NOVEMBER 4TH ORDER;
CASE NO. 8:25-CV-1648-FWS-JD

*Miller* standard—is not the same as holding that California school districts lack
Eleventh Amendment immunity. Plaintiff's requested relief is only to amend the
November 4th Order to deny the dismissal of the HBUHSD based on Eleventh
Amendment immunity *without prejudice* on the grounds that *Kohn* effectively
overruled *Belanger*—a case on which Defendants' Rule 12(b)(6) motion depended.
The HBUHSD can re-assert the defense under *Kohn* on summary judgment. Such
relief would permit Plaintiff a meaningful opportunity to develop the record
through discovery (for the instant litigation and potential appeal) in order to fairly
challenge the HBUHSD's immunity under *Kohn*.

### C.    If Reconsideration of the HBUHSD's Dismissal is Not Granted, Plaintiff Requests Entry of Final Judgment Under Rule 54(b).

Plaintiff's priority in this Motion is to obtain the above-requested relief under
Rules 59 and 60 that retains the HBUHSD in the case and permits Plaintiff to fully
develop the record and arguments on the Eleventh Amendment immunity issue in
the event of a later appeal. Because the Court decided the Eleventh Amendment
issue on the pleadings without discovery or briefing on the merits of the *Kohn* test,
the appellate record (either now or after the entire case has concluded) would be
minimal. It would focus on the narrow legal issue of whether *Kohn*'s explicit
overruling of *Mitchell* effectively overruled *Belanger*, requiring re-analysis of the
HBUHSD's immunity under *Kohn*. For the reasons above, the likelihood of success
of such an appeal is significant. If Plaintiff's appeal were successful, the parties
then would need to return to this Court, conduct discovery, brief and adjudicate the
Eleventh Amendment issue under the *Kohn* test—and potentially litigate another
appeal of that ruling. Therefore, Plaintiff urges the Court to grant the above-
requested relief, which better supports the efficient administration of justice.

If the Court denies the above-requested relief, however, Plaintiff's Motion
demonstrated that there is no just reason to delay a Rule 54(b) entry of final
judgment as to the HBUHSD so that Plaintiff can immediately appeal the

CROWELL
& MORING LLP
ATTORNEYS AT LAW

14

PLAINTIFF'S REPLY ISO MOTION FOR RELIEF
FROM NOVEMBER 4TH ORDER;
CASE NO. 8:25-CV-1648-FWS-JD

HBUHSD's dismissal based on the Eleventh Amendment. ECF 65 at 17-2. Under Rule 54(b), "when multiple parties are involved" in an action, "the court may direct entry of a final judgment as to one or more, but fewer than all" parties if the "court expressly determines that there is no just reason for delay." The Rule expressly authorizes entry of final judgment as to a party in multi-party actions. *See Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (affirming Rule 54(b) judgment where all claims had been dismissed against one party). The determination "that there is no just reason for delay" is based on "juridical" concerns (*i.e.*, the divisibility of the order on which entry of final judgment is sought from the remainder of the case) and equitable factors (*e.g.*, prejudice and delay). *Jewel v. NSA*, 810 F.3d 622, 628 (9th Cir. 2015); *Wood v. GCC Bend, LLC,* 422 F.3d 873, 880 (9th Cir. 2005) (even claims with "overlapping facts" may be "separate for purposes of Rule 54(b)" if entry of judgment would streamline the ensuing litigation); *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (the focus of the juridical factor is avoiding piecemeal appeals); *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989) (the Rule 54(b) equitable analysis considers "traditional equitable principles such as prejudice and delay"). The Motion demonstrated that these factors strongly favor entry of final judgment under Rule 54(b) as to the HBUHSD.

Defendants' sole argument against a Rule 54(b) judgment is that, because *Vaughn*, 504 F.Supp. at 1349, denied a Rule 54(b) motion, this Court should too. That case is easily distinguishable. There, plaintiffs sued the Regents of the University of California and 19 university employees for employment discrimination. Defendants moved for judgment on the pleadings on all claims that sought retrospective damages against them in their official capacities on Eleventh Amendment immunity grounds. The court granted defendants' motion, *but all defendants remained in the case.* In that context, the court found that Rule 54(b) entry of judgment was improper because "[n]one of plaintiffs' claims are finally adjudicated by the granting of judgment on the pleadings to defendants[.]" *Id.* at

CROWELL
& MORING LLP
ATTORNEYS AT LAW

15

PLAINTIFF'S REPLY ISO MOTION FOR RELIEF
FROM NOVEMBER 4TH ORDER;
CASE NO. 8:25-CV-1648-FWS-JD

1354. Unlike here, *Vaughn* did not involve the dismissal of *any party* without leave to amend. *Vaughn* did not even purport to apply the aspect of Rule 54(b) that permits entry of judgment against *a party* in multi-party actions—the part of the Rule on which the instant Motion relies.

The precedent on which *Vaughn* relied further confirms its irrelevance. *Vaughn* relies on *Purdy Mobile Homes v. Champion Home Builders,* 594 F.2d 1313 (9th Cir. 1979), *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956), and *CMAX v. Drewry Photocolor*, 295 F.2d 695 (9th Cir. 1961). The question in all those cases was whether multiple claims against a defendant truly were at issue, not whether entry of judgment was proper as to a dismissed party in a multi-party action. The latter two cases also pre-date the 1961 Amendment to Rule 54(b) that added the "multiple party" language to permit entry of final judgment as to a party. *See* Fed.R.Civ.P. 54, Notes of Advisory Committee on Rules—1961 Amendment.

Defendants contend that *Vaughn* still is persuasive "because liability for each of the claims asserted against HBUHSD is based on the liability of each HBUHSD Individual Defendant, and those claims have not been adjudicated." ECF 69 at 15. Defendants do not explain how this observation is pertinent to any factor governing the Rule 54(b) determination here. We fail to discern any. Whether or not a Rule 54(b) entry of final judgment is granted, the case will proceed without the HBUHSD as a party, because it has been dismissed without leave to amend. Plaintiff's constitutional claims will proceed against the Individual HBUHSD Defendants in their individual and official capacities as cases normally do when a California school district is not a party—which has always been the case since *Belanger*. Plaintiff's claims against the Individual Defendants in their official capacities will address essentially the same liability issues as if the HBUHSD was in the case. *See Ctr. for Bio-Ethical Reform, Inc. v. L.A. Cnty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) (official capacity claims are redundant of municipal liability claims). Issues underlying the HBUHSD's immunity defense are not

intertwined with the merits of Plaintiff's constitutional claims against the HBUHSD Defendants. *See Lester v. Presto Lifts*, 2012 WL 3596517, *1 (D. Ariz. 2012) (severability for purposes of Rule 54(b) judged by whether factual or legal issues related to personal jurisdiction were severable from the merits of plaintiff's claims).

Defendants do not explain how, in this context, entry of final judgment to permit Plaintiff to immediately appeal the dismissal of the HBUHSD on Eleventh Amendment immunity grounds clashes with juridical concerns or equitable factors relevant to Rule 54(b) determinations. Specifically, Defendants do not contest:

- The lack of overlap between the Eleventh Amendment immunity determination and the merits of Plaintiff's claims and similarity to the personal jurisdiction context in which Rule 54(b) final judgments are routinely entered.

- That a determination of whether *Belanger* remains binding precedent after *Kohn* would aid the expeditious final resolution of the case without duplicating or otherwise delaying the proceedings pending in this Court.

- That resolving the question of the HBUHSD's immunity could facilitate settlement.

- That the question of Eleventh Amendment immunity of California school districts should be decided promptly by the Ninth Circuit because the issue has important implications beyond this case.

- That the above considerations outweigh any potential harm to the HBUHSD Defendants—who have not articulated any harm.

ECF 65 at 18-21. In sum, Defendants' Opposition relies entirely on *Vaughn,* which is not relevant here. They proffer no other basis for denying a Rule 54(b) judgment. Therefore, because there is no just reason for delay, the Court should enter final judgment as to the HBUHSD to permit an immediate appeal of the Eleventh Amendment immunity ruling if it denies Plaintiff's above-requested relief to reverse the dismissal of the HBUHSD.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

17

PLAINTIFF'S REPLY ISO MOTION FOR RELIEF
FROM NOVEMBER 4TH ORDER;
CASE NO. 8:25-CV-1648-FWS-JD

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to: (1) delete from the November 4th Order all language dismissing with prejudice claims against the Individual HBUHSD Defendants in their official capacities, (2) amend the Order to deny without prejudice Defendants' Motion to Dismiss claims against the HBUHSD on Eleventh Amendment immunity grounds, and (3) if the preceding relief is denied, grant Plaintiff's request for entry of final judgment under Rule 54(d) as to the HBUHSD because there is no just reason for delay.

Dated: December 3, 2025                    CROWELL & MORING LLP


                                           By: */s/ Daniel A. Sasse*
                                               Daniel A. Sasse
                                               David C. Griffith
                                               Jazmine G. Buckley

                                               *Attorneys for Plaintiff Christopher Kluwe*


Dated: December 3, 2025                    LAW PRACTICE OF ANNE BRAFFORD


                                           By: */s/ Anne M. Brafford*
                                               Anne M. Brafford

                                               *Attorneys for Plaintiff Christopher Kluwe*

Dated: December 3, 2025                    ACLU Foundation of Southern California


By: */s/ Peter Eliasberg*
Peter Eliasberg
Jonathan Markovitz

*Attorneys for Plaintiff Christopher Kluwe*

*Please be advised that the ACLU Foundation of Southern California represents Plaintiff Kluwe solely in connection with his First-Third Causes of Action asserted against the HBUHSD Defendants. The ACLU does not represent Plaintiff Kluwe in connection with the Fourth Cause of Action asserted against Defendant Epting.*


## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Christopher Kluwe, certifies that this brief contains 5,947 words, which complies with the word limit of L.R. 11-6.1.


*/s/ Daniel A. Sasse*
Daniel A. Sasse


## FILER'S ATTESTATION

Pursuant to Civil L.R. 5-4.3.4(a)(2), I certify that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.


*/s/ Daniel A. Sasse*
Daniel A. Sasse

CROWELL
& MORING LLP
ATTORNEYS AT LAW

19

PLAINTIFF'S REPLY ISO MOTION FOR RELIEF
FROM NOVEMBER 4TH ORDER;
CASE NO. 8:25-CV-1648-FWS-JD

1

## **CERTIFICATE OF SERVICE**

2       I hereby certify that on December 3, 2025, I electronically filed the foregoing

3   with the Clerk of the Court using the CM/ECF system, which will send a Notice of

4   Electronic Filing to Counsel for all Parties, who are CM/ECF registrants.

5

6                                    */s/ Daniel A. Sasse*

7                                    Daniel A. Sasse

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

PLAINTIFF'S REPLY ISO MOTION FOR RELIEF
FROM NOVEMBER 4TH ORDER;
CASE NO. 8:25-CV-1648-FWS-JD