UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER KLUWE,<br>Plaintiff,<br>v.<br>HUNTINGTON BEACH UNION HIGH SCHOOL DISTRICT, et al.,<br>Defendants. | Case No. 8:25-cv-1648-FWS-JDEx<br>**STIPULATED PROTECTIVE ORDER**<br>[Note Changes by the Court] |

Based on the Parties' Stipulation (Dkt. 74) and for good cause shown, the Court finds and orders as follows.

As Parties and Non-Parties in the above-captioned case (the "Action" or this "Litigation") may be subject to discovery requests and/or proceedings that seek the disclosure of information that is confidential, proprietary, and/or private for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted, pursuant Federal Rule of Civil Procedure 26(c), the Court enters the following Protective Order. The parties have acknowledged that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

Good cause exists for this Protective Order because Defendant Epting wishes to preserve the confidentiality of his personal identifying information and financial any relevant information. Defendant Huntington Beach Union High School District wishes to preserve the confidentiality of its personnel files and employee records and the third-party privacy rights of its employees and students.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## I.    DEFINITIONS.

**A.**    Action or Litigation: The above-captioned action pending in the United States District Court for the Central District of California, *Christopher Kluwe v. Huntington Beach Union High School District, et al.*, No. 8:25-cv-01648 (C.D. Cal.).

**B.**    Challenging Party: A party that challenges the designation of material, information, or items under this Order.

**C.**    Confidential Material: Non-public material, information, or items containing information the Designating Party has maintained in confidence and in good faith believes contain genuinely private, financial, medical, or other confidential information entitled to protection under Federal Rule of Civil Procedure 26(c) or other applicable law.

**D.**    Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

**E.**    Designating Party: A Party or Non-Party that designates material, information, or items that it produces in disclosures or in response to discovery as Confidential Material or Highly Confidential Material.

**F.**    Disclosure or Discovery Material: All material, items, or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in the Litigation.

**G.**    Expert: A person with specialized knowledge or experience in a matter pertinent to the Litigation who has been retained by a Party or its Counsel to serve as an expert witness or consultant in the Litigation.

**H.**    Highly Confidential: Non-public material, information, or items containing information the Designating Party has maintained in confidence and in good faith believes contain genuinely and extremely sensitive private, financial, medical, or other confidential information entitled to protection under Federal Rule of Civil Procedure 26(c) or other applicable law, particularly private and personal financial information, which warrants heightened protection and that disclosure of which would risk serious injury.

**I.**    In-House Counsel: Attorneys who are employees of a Party in this Litigation.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

**J.**    Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action.

**K.**    Outside Counsel of Record: Attorneys who are not employees of a Party in this Litigation but are retained to represent or advise a Party to the Action and have appeared in the Litigation on behalf of that Party or are affiliated with or contracted by a law firm which has appeared on behalf of that Party.

/ / /

**L.**    Party: Any party to this Action—including Plaintiff Christopher Kluwe, Defendant Huntington Beach Union High School District, Defendants Carolee Ogata, Susan Henry, Daniel Bryan, Daniel Morris, and Edward Begany (in their individual and official capacities), and Defendant Christian Epting—including all of their respective officers, directors, and employees.

**M.**    Producing Non-Party: A Non-Party that produces Disclosure or Discovery Material in this Litigation.

**N.**    Producing Party: A Party that produces Disclosure or Discovery Material in this Litigation.

**O.**    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**P.**    Protected Material: Any Disclosure or Discovery Material that is designated as Confidential Material or Highly Confidential Material.

**Q.**    Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

## II.    MATERIALS COVERED.

**A.**    Scope: This Protective Order governs the handling of Disclosure or Discovery Material designated as "Confidential Material" or "Highly Confidential" (as these terms are defined above) regardless of the medium or manner in which the materials are generated, stored, or maintained.  Any Producing Party or Producing Non-Party may, based on a good-faith belief that such materials are entitled to protection under Federal Rule of Civil Procedure 26(c) or other applicable law, designate all or any part of a document, discovery response, deposition, or other material that they produce, serve, or provide in connection with the Actions as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as described below.  The designation of any material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

will constitute a representation by a Producing Party or Producing Non-Party that it has made a good-faith determination that any material so designated is confidential or protected under Federal Rule 26 and this Protective Order.  In no event shall a Producing Party or Producing Non-Party automatically designate every document produced as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". Blanket or automatic designation is prohibited, good-faith review of documents prior to any designation is required.

**B.** Notwithstanding the foregoing, information that is in the public domain (e.g. published posts, news articles) or which is already known by the Receiving Party through proper means or which is or becomes available to a Party from a source other than a Designating Party or a third party asserting confidentiality, rightfully in possession of such material on a non-confidential basis, will be presumed to be non-confidential material under this Protective Order and may be used outside of this Litigation.

**C.** Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

**D.** Any Confidential Material, Highly Confidential Material, or materials derived from Confidential Material or Highly Confidential Material, whether or not filed with the Court, must be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as provided in this Paragraph D.  For documents in hard-copy form or modifiable electronic format, such documents must be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by stamping each page of the document in such a way as not to obscure any part of the text or content.  A Producing Party or Producing Non-Party may designate natively produced electronic documents and other non-imaged media as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate, by noting such designation in an accompanying cover letter (i.e., placeholder) and, to the extent possible, by affixing a legend or

stamp to the media itself (i.e., disc, hard-drive, etc.) on which the Confidential Material or Highly Confidential Material is provided, and including the appropriate confidentiality designation in the load file provided with the electronic production. Whenever any Party to whom electronically stored documents are produced reduces such documents to hardcopy form, that Party shall designate the hard-copy documents with a legend, stamp, or watermark as provided in this Paragraph.  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed Confidential Material or Highly Confidential Material.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or pages thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") to each document or page of a document that contains Protected Material.

   **E.**    Testimony provided in this Litigation in deposition may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by any Party or Non-Party if the testimony concerns or relates to that Party's or Non-Party's Confidential Material or Highly Confidential Material.  Counsel for a Party or any Non-Party may state on the record during a deposition that the testimony shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". If such a designation on the record is made, the Parties shall treat the entirety of such deposition testimony as so designated on the record for a period of 30 days from the date of receipt by Outside Counsel of Record of a final transcript, during which time a Designating Party may identify the specific portions of testimony as to which protection is sought.  At the expiration of that 30-day period, only those portions that are specifically identified will qualify for protection under this Order.  Alternatively, during that 30-day period,

a Designating Party may, if appropriate, designate the entire deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". Any rough deposition transcript that is generated before receipt by Outside Counsel of Record of a final transcript also shall be treated during the 30-day period as if it had been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of that period, the rough and final transcript shall be treated only as actually designated. Each Party shall provide notice to all other Parties if it reasonably expects to reference or use Protected Material at a deposition, hearing or other proceeding so that the other Parties can attempt to ensure that only authorized individuals who have signed the Declaration in the form annexed hereto as Exhibit A are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

**F.** Materials produced in some form other than documentary form and any tangible items may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by affixing in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**G.** Any Confidential Material or Highly Confidential Material that was exchanged by the Parties before execution of this Protective Order is also covered by the provisions of this Protective Order.

**H.** Notwithstanding any contrary provision of this Order, each Designating Party retains the right to re-designate documents and things, and deposition testimony and other oral disclosures, subject to Paragraph IX. Upon such re-designation, each Party and Non-Party shall in good faith endeavor to treat such written materials and oral disclosures in accordance with such designation from that time forward.

### III.    ACKNOWLEDGEMENT OF UNDER SEAL FILING PROCEDURE.

A.    The Parties further acknowledge, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006), Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002), Makar-Welbon v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

B.    Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. See Pintos v. Pacific Creditors Ass'n., 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

/ / /

**C.**    Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## IV.    USE OF MATERIALS AND DECLARATION.

**A.**    The Parties shall use all Protected Material and information derived from Protected Material solely, as applicable, in furtherance of the prosecution, defense, or attempted settlement of this Action.    All materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" must be stored and maintained by the Receiving Party in a manner no less secure than a Receiving Party would store and maintain its own confidential material or that of its clients.  Upon conclusion of this Action, a Receiving Party must comply with the provisions of Paragraph VIII below regarding return or destruction of Protected Material.

**B.**    Each Receiving Party, except the persons identified in Paragraph IV(A)-(B), (D), (G), and (I), shall execute a Declaration in the form annexed hereto as Exhibit A and shall agree to be bound by this Protective Order before receiving any Protected Material.  Counsel for each Party shall maintain the executed Declarations and need not provide copies to any other Party, unless there is a genuine dispute between the Parties concerning a person's handling of Protected Material, or except as expressly provided for herein.

**C.**    Notwithstanding any contrary provision in this Protective Order, a Party is permitted to disclose Protected Material to the extent required by a valid subpoena or other valid legal process, provided that the procedures in this Paragraph C are followed.  The Party that has received a valid subpoena or other valid legal process (the "Subpoenaed Party") in this Litigation must provide the Designating Party with

written notice of such subpoena or other legal process and include in such notification a copy of the subpoena or court order, via electronic mail or hand delivery, immediately upon receipt but in no event later than within five (5) business days of receiving the subpoena or a lesser period if ordered by the Court ("the Response Period"), in order to afford the Designating Party an opportunity to object. The Subpoenaed Party shall also inform the persons seeking discovery in writing (with copy to the Designating Party) that the information is subject to this Protective Order. If the Designating Party does not move for a protective order in this Court within the time allowed for production by the subpoena or request and give written notice of such motion to the Subpoenaed Party, the Subpoenaed Party may commence production of documents or proceed with a deposition in response to the request or subpoena. The Subpoenaed Party will not produce any Protected Material while a motion for a protective order brought by the Designated Party pursuant to this paragraph is pending or while an appeal from or request for appellate review of such motion is pending, unless a court of competent jurisdiction orders otherwise. In such case, production of Protected Material pursuant to a court order will not be deemed a violation of this Protective Order. However, nothing in this Protective Order should be interpreted as authorizing any Party to ignore or disobey a lawful order or directive from a court. The Designating Party shall bear the burden and expense of seeking protection of its Protected Material. The Subpoenaed Party must cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

## V.    DISCLOSURE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL MATERIAL.

Unless otherwise ordered by this Court or permitted in writing by a Designating Party, disclosure of Confidential Material may be made only to:

A.    This Court, including its secretaries, clerks, law clerks, and other staff;

B.    Outside Counsel of Record in this Action, and their employed or

retained support staff, secretaries, paralegals, legal assistants, and support services (including, without limitation, copy services, litigation consultants or vendors, including, but not limited to, document management services, graphics services, outside exhibit preparation companies, independent support services personnel, and database/coding service personnel);

**C.**    In-House Counsel for each Party in this Action, as well as the secretarial and clerical employees of each Party who work regularly with In-House Counsel, where such disclosure is for the sole purpose of assisting with this Action;

**D.**    Court reporters/stenographers, court videographers, and similar transcription services and their support staff (this category hereinafter referred to as "Court Reporters");

**E.**    Any Expert (as defined in this Order) of a Party, including all Non-Party personnel and support staff assisting such Expert, to whom disclosure is reasonably necessary for purposes of the Action and who has signed the Declaration in the form annexed hereto as Exhibit A;

**F.**    Any mediators engaged by the Parties, and their support staff;

**G.**    Any person that counsel for a Party has a good-faith basis to believe prepared, received, reviewed, or had knowledge about the subject matter of the Confidential Material or whose conduct is covered by this Protective Order;

**H.**    Current or former officers, directors, and employees of a Party where the current and former officers, directors, and employees are reasonably believed to have had access to the Protected Material in the course of his or her employment, or a person designated as a Rule 30(b)(6) witness by the Designating Party, and to the extent that designee is not otherwise covered by this Protective Order and has signed Exhibit A;

**I.**    To Mr. Epting's immediate family or to a personal advisor, that is disclosed to the Parties, and has signed Exhibit A;

**J.**    The author or recipient of a document containing the information; and

**K.**  Any deponent or witness, during the course of sworn testimony in this Action, whom counsel (i) believes in good faith has previously seen the document or (ii) has objective reason to believe possesses knowledge of the subject matter of the confidential information, subject to the Disclosing Party's consent, which shall not be unreasonably withheld.  If a dispute arises during a deposition concerning whether a witness may be shown particular document(s), and the Parties themselves cannot reach an agreement, the Parties shall attempt to contact the Court for immediate resolution.  If, despite such efforts, no agreement can be reached, the Parties may seek a later Court determination, and the examining party reserves all rights, including the right to ask the Court to re-open the deposition at the expense of the Party who prevents the initial questioning from taking place.  Persons authorized to view Confidential Material under this sub-paragraph are not permitted to retain copies of such materials.

Access to Highly Confidential Material shall not be permitted to a Party, other than the Producing Party.

Access to Highly Confidential Material shall be permitted only to the following persons or entities.

**A.** This Court, including its secretaries, clerks, law clerks, and other staff;

**B.** Outside Counsel of Record in this Action, and their employed or retained support staff, secretaries, paralegals, legal assistants, and support services (including, without limitation, copy services, litigation consultants or vendors, including, but not limited to, document management services, graphics services, outside exhibit preparation companies, independent support services personnel, and database/coding service personnel);

**C.** Court reporters/stenographers, court videographers, and similar transcription services and their support staff (this category hereinafter referred to as "Court Reporters");

**D.** Any Non-Party Expert, including all Non-Party personnel and support staff

assisting such Expert, to whom disclosure is reasonably necessary for purposes of the Action and who has signed the Declaration in the form annexed hereto as Exhibit A;

**E.** Any mediators engaged by the Parties, and their support staff.

## VI.   CHALLENGES TO DESIGNATIONS.

A Receiving Party is under no obligation to challenge the propriety of a Confidential or Highly Confidential designation at the time the designation is made, and may challenge such designation at any time that is consistent with the Court's Scheduling Order. However, once a party determines a challenge is warranted, it should make a prompt challenge, and no party should unreasonably delay raising such challenges.  In the event that a Party disagrees with a Confidential or Highly Confidential designation made by another Party or a Non-Party, the following procedure shall be used:

**A.**    The Party disputing a designation of material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall, in writing, notify the Producing Party or Producing Non-Party that it is disputing the designation (the "Challenge Notice") and requesting a meet and confer pursuant to Local Rule 37-1 et seq.  To avoid ambiguity as to whether a challenge has been made, the Challenge Notice must recite that the challenge to confidentiality is being made in accordance with this Order.  The Challenge Notice shall also: (i) identify the specific materials in dispute by exact Bates number(s) (or by other identification if Bates number(s) are not on said materials), or by describing the category of documents to be challenged where appropriate; and (ii) specify the reasons the Party believes the materials are not entitled to Protected Material treatment under this Protective Order or the Federal Rules of Civil Procedure.  The Producing Party or Producing Non-Party shall confer with the Challenging Party within ten days after service of the Challenge Notice in compliance with Local Rule 37-1 et seq. If the Producing Party or Producing Non-Party does not confer with the Challenging Party  within ten (10) days after service

of the Challenge Notice, the materials will be presumptively determined to be non-confidential and not subject to confidential treatment under this Protective Order or the Federal Rules of Civil Procedure. If a large number of designations are challenged at once, the Producing Party or Producing Non-Party may request additional time to respond.

**B.** If counsel for the Parties are unable to resolve the dispute, the parties shall prepare a Joint Stipulation in accordance with Local Rule 37-2 et seq. The Producing Party or Producing Non-Party will have the burden of proof to establish the propriety of its designations of material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". The Challenging Party shall not make frivolous challenges or those otherwise made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties). Any challenge found to be frivolous or otherwise made for an improper purpose may expose the Challenging Party to sanctions. Unless the Producing Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VII. HANDLING OF PROTECTED MATERIALS.

A Receiving Party agrees to undertake reasonable efforts to maintain the confidentiality of Protected Materials. Persons who have been shown Protected Material pursuant to this Protective Order and have not otherwise obtained or maintained the material in the normal course of business shall not retain copies of such Protected Material or documents that reflect Protected Material. Within sixty days after such time as this Action is concluded, by either the later of (1) dismissal of all claims and defenses in the Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law, counsel will,

at their option, return or undertake commercially reasonable efforts to destroy all
Protected Material (including but not limited to copies in the possession or control of
any Expert or employee).  Whether the Protected Material is returned or destroyed,
the Receiving Party must submit a written certification to the Producing Party (and,
if not the same person or entity, to the Designating Party) by the 60-day deadline that
(1) states that all the Protected Material that was returned or destroyed and (2) affirms
that the Receiving Party has not retained any copies, abstracts, compilations,
summaries or any other format reproducing or capturing any of the Protected
Material.  Notwithstanding this provision, as to those materials that contain, reflect,
incorporate, attach, or reference attorney work product, counsel of record for the
Parties shall be entitled, without violating this Protective Order, to retain such work
product in their files, so long as the terms of this Protective Order will continue to
govern any such retained materials.  In addition, counsel shall be entitled, without
violating this Protective Order, to retain pleadings, affidavits, motions, briefs, expert
reports (and exhibits thereto), correspondence (including internal correspondence
and email (and attachments)), any other papers filed with the Court (including
exhibits), deposition transcripts, the trial record (including exhibits), and papers
necessary to comply with professional obligations (insurance coverage, malpractice
defense, and fee petitions) even if such materials contain Protected Material, so long
as this Protective Order will continue to govern any such retained materials.  If a
Party to this Action settles and/or otherwise is dismissed from this Action before the
conclusion of this Action (the "Dismissed Party"), then the Dismissed Party must
follow the requirements set forth in this Paragraph.  The Dismissed Party must either
return or destroy all Protected Material received in the Action, as set forth above,
within 60 days of settling and/or being dismissed from the Action. Any other Party
remaining in the Action is not required to return any Protected Material received from
the Dismissed Party until this Action are concluded, as set forth above.  For the

avoidance of doubt, nothing in this Paragraph obligates any Party to destroy its own Protected Material at the close of this Action or at any other time.

**VIII. INADVERTENT FAILURE TO DESIGNATE.**

In the event that Protected Material is inadvertently produced without having been previously marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", the Receiving Party shall, upon a written request from the Designating Party, treat and preserve such document, paper, or thing in accordance with the confidentiality designation that the Designating Party states should have been affixed to it.  The Designating Party must then, within ten days of its written request, or such other time as agreed by the Parties, reproduce the document, paper, or thing with the appropriate confidentiality designation.  The Receiving Party shall then replace the incorrectly designated materials with the newly designated materials and shall, within ten days of receipt of the replacement set, return the non-designated material, or confirm in writing that all copies of it have been destroyed.  The inadvertent failure of a Producing Party or Producing Non-Party to designate a document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time of production will not operate as a waiver of the rights and protections afforded by this Protective Order, either as to specific information in the document or as to any other information relating thereto or on the same or related subject matter.  No Party will be deemed to have violated this Protective Order if, before notification of any later designation, such material has been disclosed or used in a manner inconsistent with the later designation.  Once a designation is made, however, the relevant documents or materials must be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL in accordance with this Protective Order.  If material inadvertently not designated is, at the time of the later designation, already filed with a court on the public record, the Producing Party or Producing Non-Party that failed to make the designation will, at its discretion, move for appropriate relief.

/ / /

## IX.    INADVERTENT DISCLOSURE OF PROTECTED MATERIAL BY RECEIVING PARTY.

If a Receiving Party learns that it has inadvertently disclosed Protected Material to any person or disclosed Protected Material in any circumstance not authorized by this Protective Order, including in the event of a security or data breach, the Receiving Party shall, as soon as is practicable but no later than within five business days: (i) notify in writing the Designating Party of the unauthorized disclosure; (ii) use its best efforts to retrieve all copies of the Protected Material; and (iii) inform the person or persons to whom unauthorized disclosure was made, to the extent the person or persons are identifiable, of all the terms of this Protective Order and have the person or persons execute a Declaration in the form annexed hereto as Exhibit A.   If Protected Material is used inadvertently during depositions in contravention of other provisions of this Protective Order, the Protected Material will not lose its confidential or highly confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use.  If such Protected Material is inadvertently disclosed to a deposition witness, and the witness has testified concerning that information, the witness may be examined and cross-examined with respect to the document(s) or information disclosed for the remainder of the deposition.

## X.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil\ Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or

information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## XI.  REQUEST TO A PARTY SEEKING NON-PARTY CONFIDENTIAL INFORMATION.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, custody, or control, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall: (a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; (b) promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and (c) make the information requested available for inspection by the Non-Party.  If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Party that received the discovery request may produce the Non-Party's responsive confidential information.  If the Non-Party timely seeks a protective order, the Party that received the discovery request shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Once a Non-Party files a motion for protective order, compliance deadlines will be tolled until the Court rules on the motion.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## XII.  INFORMATION FROM NON-PARTY SOURCES.

To the extent that any discovery requests pursuant to the Federal Rules of Civil Procedure are served on a Non-Party, the Party serving the discovery request(s) shall, at the time of service, provide the Non-Party with a copy of this Protective Order.  A

Non-Party may designate Protected Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the provisions of this Protective Order.

## XIII.  FILING PROTECTED MATERIAL WITH THE COURT.

A Party wishing to file Protected Material or information derived from Protected Material with the Court must comply with Local Rule 79-5, et seq., of the Local Rules of the United States District Court for the Central District of California.

## XIV.  FURTHER APPLICATION.

Nothing in this Protective Order precludes any Party, or any Non-Party from whom discovery has been requested, from applying to the Court for additional or different protective provisions with respect to specific material if the need arises during this Action.  The Court shall retain jurisdiction over the Parties, and over any person executing an undertaking to be bound by the terms of this Protective Order, during the pendency of this Action and for such time thereafter as is needed to carry out the terms of this Protective Order.

## XV.  MODIFICATION BY THE COURT OR THE PARTIES.

The Court retains the right to modify this Protective Order.  Furthermore, nothing herein shall prejudice the right of the Parties to stipulate (subject to Court approval) without further motion or to move to amend or modify this Protective Order for good cause.

## XVI.  RIGHT TO ASSERT OTHER OBJECTIONS.

No Party waives through entry of this Order any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order, including but not limited to the right to raise proportionality principles and objections to burden.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order.

## XVII. USE BY PARTY OF ITS OWN MATERIALS.

Nothing in this Protective Order prevents a Party from using its own Protected Materials in any way that it sees fit, without prior consent of any person or the Court,

provided that public disclosure by a Party of its own Protected Material will constitute the Party's waiver of the designation of that document for its use by any Party in this Action.

## XVIII.    RIGHT OF A PARTY TO USE INDEPENDENTLY OBTAINED DOCUMENTS.

Nothing in this Order shall impose any restrictions on the use or disclosure by a Party of documents, material, or information obtained by such Party independent of formal discovery proceedings in this Action.

## XIX.  VIOLATIONS.

The Court has jurisdiction to enforce this Protective Order and to grant relief, as authorized by law or in equity, for any violations thereof.

## XX.  SURVIVAL OF OBLIGATIONS.

The obligations imposed by this Protective Order survive the termination of this Action.

IT IS SO ORDERED.

DATED: December 19, 2025

_____
JOHN D. EARLY
United States Magistrate Judge

**EXHIBIT A**

**DECLARATION UNDER PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATERIAL**

I, _____ am

employed

by _____. I acknowledge and certify

that:

          1.     I have read the Protective Order *Christopher Kluwe v.*

*Huntington Beach Union High School District, et al.*, No. 8:25-cv-01648-

FWS-JDEx (C.D. Cal.), and agree to be bound by its terms; and

          2.     I agree to be subject to the jurisdiction of this Court for the sole

purpose of having the terms of the Protective Order enforced.


Date: _____     Signature: _____

                                       Address: _____