Daniel A. Sasse (SBN: 236234)
DSasse@crowell.com
David C. Griffith (SBN: 329342)
DGriffith@crowell.com
Crowell & Moring LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614
Telephone: 949.263.8400
Facsimile: 949.263.8414

Anne M. Brafford (SBN: 237574)
AMBrafford@gmail.com
Law Practice of Anne Brafford
501 Main St., Ste F, No. 172
Huntington Beach, CA 92648
Telephone: 714.270.4277

*Attorneys for Plaintiff Christopher Kluwe*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CHRISTOPHER KLUWE,
Plaintiff,

v.

CAROLEE OGATA, in her individual and official capacities as Superintendent of Huntington Beach Union High School District et al.,

Defendants.

Case No. 8:25-cv-1648

**PLAINTIFF'S NOTICE OF MOTION TO DEEM ADMITTED PLAINTIFF'S REQUESTS FOR ADMISSIONS TO DEFENDANTS MORRIS AND OGATA (L.R. 37-2.2, FED. R. CIV. P. 36)**

Date: September 24, 2026
Time: 10:00 am
Crtrm: 6A
Judge: Magistrate Judge John D. Early

Discovery Cutoff: Sept. 30, 2026
Pre-Trial Conf.: Feb. 25, 2027
Trial Date: March 16, 2027

JURY DEMAND

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, on September 24, 2026, at 10:00 am, or as soon thereafter as counsel may be heard, Plaintiff Christopher Kluwe will and hereby moves for an Order deeming admitted Plaintiff's Requests for Admissions (RFAs) to Defendants Morris and Ogata. Plaintiff brings this motion pursuant to C.D. Cal. Local Rule 37-2 and Fed. R. Civ. P. 36(a)(6). By this motion, Plaintiff asks this Court to deem the outstanding RFAs admitted. The Motion is based on this Notice of Motion, the parties' Joint Stipulation prepared pursuant to C.D. Cal. L. R. 37, the Declaration of Anne Brafford, the Declaration of Mark Bresee, the accompanying [Proposed] Order, and argument as the Court may properly consider.

## I. INFORMATION REQUIRED BY THE COURT'S MAY 7TH ORDER

In an Order of May 7, 2026, Magistrate Judge John D. Early ordered that if "any further discovery motions are contemplated" that:

> The moving party in the notice of any such motion is ORDERED to identify the date, time, and length of the discussions between the parties on the issue of the appointment of a discovery Special Master and identify any agreements reached.

*See* Order of May 7, 2026, ECF No. 129, p. 9. The parties also were ordered to confer in person about issues raised in any letter served under L.R. 37-1. The court ordered that, "if a discovery motion is filed, the moving party" is to:

> set forth in the Notice of Motion the date of each such in-person meeting, the names of counsel who attended, where it took place, how long it lasted, what issues were discussed, what proposals were offered to resolve or narrow the disputes, and what responses were provided to such offers.

*See id*. The information responsive to this Order is provided below.

### A. Conferences Concerning Special Master Appointment

At the Court's direction, the parties conferred in person in Orange County at Plaintiff's counsel's offices, 3 Park Plaza, 20th Fl, Irvine California 92614 and again at Defendants' counsel's offices, 20 Pacifica, Suite 1100, Irvine, California 92618.

The parties met at 9:00 am on Monday, May 18, 2026, and met for over four hours discussing the appointment of a Special Master as well as many discovery disputes. Counsel for Plaintiff, Daniel Sasse and David Griffith, were present in person; Anne Brafford and Natalia Rojas-England attended via Teams videoconference. Defense counsel, Mark Bresee, attended in person.

The parties met and conferred again at 9:00 am on Thursday August 6, 2026, for less than an hour to discuss additional discovery disputes as well as the parameters of a potential discovery Special Matter. Counsel for Plaintiff, Daniel Sasse and David Griffith, were present in person. Defense counsel, Mark Bresee, attended in person.

**B. Agreements Reached Concerning Special Master Appointment**

The May 7th Order directs the moving party to "identify any agreements reached" about a Special Master appointment. The parties agree that a Special Master is unwarranted. They have reached agreement about most matters material to such an appointment under Fed. R. Civ. P. 53 in the event the Court appoints a Special Master over their objection. Details are set forth in the Joint Stipulation in Support of Plaintiff's Motion to Compel. Agreements include:

- The parties have agreed to Honorable Suzanne Segal as a Special Master.
- The parties have agreed to most of the Special Master duties and authority, including resolving discovery disputes, establishing procedures for doing so, and imposing sanctions. The parties have a difference of opinion on a Special Master's *ex parte* communications when informally trying to resolve discovery disputes.
- The parties agree on the form and filing of the Special Master's rulings.
- The parties agree on a framework for compensation of the Special Master and allocation of costs.

**B. Details of the Parties' L.R. 37 Communications**

The May 7th Order directed the moving party to provide details about the in-

person meetings under L.R. 37 to try to resolve the pending discovery disputes. This Motion focuses on deficiencies in responses to Plaintiff's Requests for Admissions ("RFAs") by Defendants Morris and Ogata. Plaintiff served them on June 25, 2025. Defendants responded insufficiently on July 29, 2026. The L.R. 37 correspondence related to these disputes are attached as exhibits to the Declaration of Anne Brafford in Support of Plaintiff's Motion re: RFAs.

**Defendant Morris.** During relevant events, Defendant Daniel Morris was the Principal of Edison High School and was a primary decisionmaker for discharging Plaintiff on February 27, 2026. Of the 52 RFAs served on Defendant Morris, Plaintiff identified deficiencies in eleven responses—RFAs 10, 14-16, 24, 26-28, 30, 45, and 48. On July 31, 2026, Plaintiff served an L.R. 37 letter on Defendants concerning those issues.

On August 10, 2026, the parties met in person at Plaintiff's counsel's office in Irvine. The attorneys present were Plaintiff's counsel Anne Brafford, Daniel Sasse, and David Griffith and Defendants' counsel Mark Bresee. The meeting lasted about an hour.

For many of the RFAs (i.e., RFAs 14-16, 24, 30, 45, 48), Defendants were not prepared to meaningfully confer. According to Defendants, Mr. Morris and School District personnel, who are expected to have information necessary to respond, have had limited availability since the RFAs were served on June 25, 2026. For such requests, the parties discussed Plaintiff's issues with the Responses, and Defendants stated that they would follow up with witnesses in the coming week and provide updates or amended responses by August 16, 2026. For the remaining disputes (RFAs 26-28), Plaintiff disagreed with Defendant's "denial" based on objections that the RFAs call for a legal conclusion. Defendants committed to amending RFA 28 but not RFAs 26-27. During the August 10th meeting, Defendants provided a case citation in support of their position as to RFAs 26-27. On August 11, 2026, Plaintiff provided a letter contesting Defendants' authority.

On August 15, 2026, Defendants emailed Plaintiff stating that they would be unable to provide any updates/amended responses on August 16th after all due to witness availability. Defendants stated that updates would be provided by the following Wednesday, August 19th.

On Sunday, August 16, 2026, Plaintiff emailed Defendants explaining that all of Plaintiff's Joint Stipulations must be served on Defendants by August 25, 2026, in order to obtain a hearing date before the discovery cutoff—and, therefore, more delays were unworkable.

On Monday, August 17, 2026, the parties met to confer about Defendant Ogata's Responses. They discussed the schedule for submitting discovery disputes to the Court for resolution given the discovery cutoff. At that time, Defendants stated that they would provide amended responses as they become available during the week of August 17th and that all updates would be provided by no later than August 23, 2026. No amended responses were provided during the week of August 17th.

On August 23, 2026, Defendants provided amended responses for some of the RFAs in dispute. They stated that more time was needed to amend the responses to Morris RFAs 14, 15 and 16.

**Defendant Ogata.** Defendant Carolee Ogata is the Superintendent of the HBUHSD. She was involved in the decisions to discharge Plaintiff on February 27, 2026, and led the preparation of the defamatory press release issued on March 3, 2026, accusing Plaintiff of promoting violence. Of the 33 RFAs served on Defendant Ogata, Plaintiff identified deficiencies in nine responses—RFAs 1, 3-6, 12, 27-28, and 31. On August 7, 2026, Plaintiff served an L.R. 37 letter on Defendants. On August 17, 2026, the parties met in person at Defendants' counsel's office in Irvine. The attorneys present were Plaintiff's counsel Anne Brafford, Daniel Sasse, and David Griffith and Defendants' counsel Mark Bresee. The meeting lasted about an hour.

For several of the RFAs (i.e., RFAs 12, 27, 28), Defendants were not prepared to meaningfully confer. According to Defendants, Ms. Ogata had limited availability since Plaintiff's letter of August 7th identifying issues in her Responses. For such requests, the parties discussed Plaintiff's issues with the Responses, and Defendants stated that they would follow up with Ms. Ogata in the coming week and provide an update or amended responses. For RFAs 3-6, Plaintiff disagreed with Defendants' "denial" based on objections that the RFAs call for a legal conclusion. Defendants committed to amending RFAs 4-6 but not RFA 3. Defendants agreed to amend the responses to RFAs 1 and 31. On August 17th, Plaintiff sent Defendants a letter that summarized the outcome of the meeting.

During the August 17th meeting, the parties also discussed Morris RFA 11, which was addressed in the letter of August 7, 2026. During the in-person meeting, the parties exchanged views about whether Morris RFA 11 was properly denied in good faith and whether Rule 36 required at least a partial admission. Plaintiff provided a follow-up letter on this topic and others on August 17, 2026.

As noted above, Defendants stated that they would provide amended responses as they become available during the week of August 17th and that all updates would be provided by August 23, 2026. No amended responses were served the week of August 17th. On August 23, Defendants provided Amended Responses for some of Ogata's RFAs but not Ogata RFAs 12, 27, and 28.

On August 23-24, 2026, the parties exchanged emails about the status of the outstanding amended responses for Defendants and Morris. Defendants stated that Ogata' outstanding amended responses might be provided by August 25th but that Morris' outstanding amended responses would not be.

In an email on August 25th, Defendants stated that none of the outstanding amended responses for Ogata or Morris would be provided by August 25th—thus requiring Plaintiff to file a Joint Stipulation pursuant to L.R. 37 in order for it to be timely heard before the discovery cutoff. These RFAs were served two months ago,

and there appears to be no reasonable basis for Defendants' lengthy delay.

Also on August 25th, Defendants served 47 Requests for Production of Documents under Fed. R. Civ. 34—the first written discovery requests that Defendants have served in this case. It appears that, rather than providing the promised amended RFA Responses for Defendants Ogata and Morris, Defendants worked on preparing and serving last-minute written discovery.

On August 26, 2025, Defendant Ogata served supplemental responses to RFAs Nos. 12, 27, and 28. The supplemental responses are not in issue for this Motin to Compel Re: RFA Responses because they were served after Plaintiff served his portion of the Joint Stipulation. As of the filing of this Notice of Motion and Joint Stipulation, Defendant Morris has not served supplemental RFA responses.

Dated: September 3, 2026

CROWELL & MORING LLP

By: */s/ Daniel A. Sasse*
Daniel A. Sasse
David C. Griffith

*Attorneys for Plaintiff Christopher Kluwe*

Dated: September 3, 2026

LAW PRACTICE OF ANNE BRAFFORD

By: */s/ Anne M. Brafford*
Anne M. Brafford

*Attorneys for Plaintiff Christopher Kluwe*

Dated: September 3, 2026

ACLU Foundation of Southern California

By: */s/ Peter Eliasberg*
Peter Eliasberg
Jonathan Markovitz

*Attorneys for Plaintiff Christopher Kluwe*

**FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-4.3.4(a)(2), I certify that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Daniel A. Sasse*
Daniel A. Sasse

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2026 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to Counsel for all Parties, who are CM/ECF registrants.

*/s/ Daniel A. Sasse*
Daniel A. Sasse