Daniel A. Sasse (State Bar No. 236234)
DSasse@crowell.com
David C. Griffith (State Bar No. 329342)
DGriffith@crowell.com
Crowell & Moring LLP
3 Park Plaza, 20th Floor,
Irvine, CA 92614
Telephone: 949.263.8400
Facsimile: 949.263.8414

Anne M. Brafford (SBN: 237574)
AMBrafford@gmail.com
Law Practice of Anne Brafford
501 Main St., Ste F, No. 172
Huntington Beach, CA 92648
Telephone: 714.270.4277

Attorneys for Plaintiff Christopher Kluwe

*(Additional Counsel Listed on Signature Page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CHRISTOPHER KLUWE,

Plaintiff,

v.

CAROLEE OGATA, in her individual and official capacities as Superintendent of Huntington Beach Union High School District et al.,

Defendants.

Case No. 8:25-cv-1648

**JOINT *EX PARTE* APPLICATION TO MODIFY THE SCHEDULING ORDER OR, ALTERNATIVELY, SCHEDULE A PRE-TRIAL CONFERENCE**

JURY DEMAND

Pursuant to L.R. 7-19, L.R. 16-4, Fed. R. Civ. P. 16, the parties jointly move this Court for an order modifying the Court's Scheduling Order and Standing Order related to motions for summary judgment ("MSJs") under Fed. R. Civ. P. 56, moving the trial date to May 25, 2027, and adjusting other deadlines accordingly as set forth in the worksheet below. Alternatively, if the Court disagrees with the parties' proposed modifications, they request a Pretrial Conference pursuant to Fed. R. Civ. P. 16(a) on September 17, 2026 at 10:00 a.m. (or as soon as the Court is available) to address the Court's concerns and consider other options.

As discussed below, the parties jointly seek a modification of the Scheduling Order to extend the time for MSJ briefing, to continue the trial date to accommodate the new MSJ schedule, to propose a briefing framework that avoids the burden of full cross-motions for summary judgment but does not curtail the parties' rights under Fed. R. Civ. P. 56, and to enlarge the word count for MSJ briefs. The parties have conferred about the subject matter of this Motion and jointly agree to the proposal below and the need for ex parte relief.

## I. PROCEDURAL BACKGROUND

Plaintiff filed his Complaint and First Amended Complaint ("FAC") in this matter on July 28, 2025 and February 3, 2026, respectively. The FAC alleges violations of the First Amendment and Due Process clause of the federal constitution under 42 U.S.C. §1983. On September 25, 2025, the Court entered a Scheduling Order. ECF No. 39. On March 4, 2026, the Court extended the expert discovery deadlines. ECF No. 101. On March 31, 2026, the Court modified the Scheduling Order to permit more time for discovery—setting September 30, 2026 as the non-expert discovery cutoff. ECF No. 109.

The Scheduling Order sets December 3, 2026 as the last day to hear MSJ motions. It sets the default briefing schedule to require filings 42 days (for the MSJ), 28 days (for the opposition), and 21 days (for the reply) before the hearing. To comply with this schedule, the last date for filing MSJs is October 22, 2026.

## II. REQUESTED MODIFICATIONS

With the approaching discovery cutoff, both parties have been able to assess summary judgment potential—and both parties desire to file MSJs. The Court's Standing Order (p. 9) does not permit cross-motions for summary judgment without the Court's permission and directs the parties to confer about which party will move and which party will oppose. If each side moved for summary judgment as permitted by Fed. R. Civ. P. 56, each would have the right to a reply brief. To streamline the briefing to make it manageable for the Court without curtailing either side's entitlement under Fed. R. Civ. P. 56, the parties propose a framework in which Defendants are the moving parties and Plaintiff is allowed to file a response to their reply—which the Court may authorize under L.R. 7-10. The parties have agreed that Plaintiff's opposition brief will both oppose Defendants' MSJ and include his arguments for affirmatively granting MSJ to Plaintiff. Defendants' reply will support their own opening motion and oppose Plaintiff's affirmative MSJ arguments. Plaintiff's response to Defendants' reply will support his affirmative arguments for MSJ. The parties will prepare papers in a fashion that will assist the Court in processing and analyzing the volume of material, as instructed by the Court's Standing Order (pp. 9-10).

At the end of this Motion, the parties have set forth a proposal that includes this briefing framework. It also modifies the Scheduling Order to extend the time for summary judgment briefing, continues the trial date to accommodate the new summary schedule, and enlarges the word count for summary judgment briefs. It also proposes to modify all remaining trial-related deadlines in the Scheduling Order to align with the proposed extension of the MSJ briefing and hearing.

## III. GOOD CAUSE EXISTS FOR THE REQUESTED RELIEF

Pursuant to Fed. R. Civ. P. 16(b)(4), a Scheduling Order may be modified by "good cause with the judge's consent." Motions to modify a Scheduling Order under Fed. R. Civ. P. 16(b)(4) should be granted upon a showing that the pretrial

schedule "cannot be reasonably met despite the diligence of the party seeking the extension." *Gill v. Chipotle Mexican Grill, Inc.*, 2025 WL 2046445, at *1 (C.D. Cal. July 21, 2025) (*citing Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)) (Slaughter, J.). The district court has broad discretion to supervise the pretrial phase of litigation and grant relief. *See Thompson v. BMW of N. Am., LLC*, 334 F.R.D. 230, 232-233 (C.D. Cal. 2020). Here, the parties jointly move to modify the Scheduling Order and for related relief.

The Court's Standing Order permits the parties to stipulate to a modified briefing schedule for summary judgment so long as it provides the Court with at least 21 days between the Reply deadline and the hearing date. However, the Standing Order does not indicate that the parties can stipulate to a new trial date. Therefore, the parties jointly seek both and related relief. For the following reasons, good cause exists to modify the framework and schedule for MSJ briefing, to continue the trial date to accommodate the modified schedule, and to enlarge the word count for the MSJ briefing.

<u>First,</u> both sides desire to file MSJs, the Court does not permit cross-motions for MSJ without permission, and neither side wishes to give up a reply brief. The proposed briefing framework streamlines briefing to make it more manageable for the Court without curtailing any parties' Fed. R. Civ. P. 56 entitlements.

<u>Second</u>, the claims in this case involve many issues of law, making cross-motions for summary judgment particularly appropriate. If these issues are not briefed and addressed through the summary judgment process, the parties would need to set a separate hearing date and briefing schedule for the Court to resolve these issues before a jury trial of any issues appropriate for the jury. The parties believe this process will be more efficient for the Court and is an appropriate use of the summary judgement process.

Plaintiff's First and Second Causes of Action are First Amendment claims. They assert that (a) Defendants unlawfully discharged Plaintiff because of highly-

protected political speech in an off-duty social media post, (b) Defendants engaged in an unlawful pattern of retaliatory acts culminating in a false, defamatory press release about his discharge because Plaintiff complained that he was unlawfully discharged, and (c) the District's standards for professionalism and appropriate conduct violate the First Amendment—facially and as applied. The Third Cause of Action contends that Defendants deprived Plaintiff of his liberty interest in his reputation by publishing a false, stigmatizing press release about his discharge without due process in violation of the Fourteenth Amendment. Defendants contest these assertions.

For the First Amendment claims, Defendants' liability for taking adverse actions against Plaintiff because of his speech is governed by the balancing test established by *Pickering v. Bd. of Ed. of Twp. High Sch. Dist.,* 391 U.S. 563 (1968). Under that framework, the Court must determine: (a) the weight of Plaintiff's free speech interest based on the extent to which the First Amendment protects his speech (i.e., the more substantially his speech relates to political, social, or other community concerns, the heavier its weight), (b) the weight of Defendants' legitimate administrative interests on which they rely to justify their adverse actions, and (c) whether Defendants prove that their legitimate administrative interests that underpinned their actions outweigh Plaintiff's free speech interests. The *Pickering* inquiry is a question of law for the Court. *Damiano v. Grants Pass Sch. Dist*, 140 F.4th 1117, 1136, 1138 (9th Cir. 2025) (whether the government's interests outweigh an employee's right to engage in the expressive activity is "a question of law for the court to decide," although the *Pickering* elements may "still implicate factual disputes that preclude the court from resolving the test at the summary judgment stage); *see also Eng v. Cooley*, 552 F.3d 1062, 1071 (9th Cir. 2009) ("Although the *Pickering* balancing inquiry is ultimately a legal question, like the private citizen inquiry, its resolution often entails underlying factual disputes"). In this case many of the basic facts relevant to *Pickering* balancing are

not genuinely in dispute.

For Plaintiff's Due Process claim, Defendants' discovery responses indicate that one of their arguments on summary judgment will be that Plaintiff was not entitled to a ***pre***-deprivation hearing before Defendants' publication of the press release and that Plaintiff waived his entitlement to a ***post***-deprivation hearing. Questions about the timing and extent of procedural safeguards necessary to satisfy due process requirements are questions of law for the Court, "given the exigencies and circumstances of any particular case, according to the three part balancing test outlined in *Mathews v. Eldridge*, 424 U.S. 319." *See Vanelli v. Reynolds Sch. Dist. No. 7,* 667 F.2d 773, 778 (9th Cir. 1982). Whether a defendant's statements rise to the level of stigmatizing a plaintiff is a question of fact. *See Campanelli v. Bockrath*, 100 F.3d 1476, 1480 (9th Cir. 1996).

Further, all Defendants assert the affirmative defense of qualified immunity. A court "must grant [a defendant] qualified immunity unless [plaintiff] can show that [defendant] "violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Moonin v. Tice*, 868 F.3d 853, 860 (9th Cir. 2017). Thus, a central question for determining qualified immunity is whether plaintiff's constitutional rights were "clearly established" at the time of the constitutional violations. *Id*. The Ninth Circuit has explained that "whether a constitutional right was violated ... is a question of fact" for the jury, while "whether the right was clearly established ... is a question of law" for the judge. *Tortu v. L.V. Metro. Police Dep't*, 556 F.3d 1075, 1085 (9th Cir. 2009). The right must be clearly established not in the abstract but "in light of the specific context of the case." *Scott v. Harris*, 550 U.S. 372, 377 (2007). Whether a public official is entitled to qualified immunity is ultimately a question of law for the Court. *Nunez v. Davis,* 169 F.3d 1222, 1229 (9th Cir. 1999). Factual disputes relevant to the defense can make summary judgment inappropriate. *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1087 (9th Cir. 2000); *Nguyen v. Cnty. of San Bernardino*,

2021 WL 4551172, at *7-8 (C.D. Cal. Aug. 18, 2021). However, "the Court's qualified immunity jurisprudence has been toward resolving qualified immunity as a legal issue before trial whenever possible." *Morales v. Fry*, 873 F.3d 817, 823 (9th Cir. 2017). Here, factual disputes are not likely to dominate. For the First Amendment and Due Process claims, the question for the Court on the "clearly established" prong will be whether "existing precedent [has] placed the statutory or constitutional question beyond debate." *Dodge v. Evergreen Sch. Dist.*, 56 F.4th 767, 783 (9th Cir. 2022) (quoting *White v. Pauly*, 580 U.S. 73 (2017)). Therefore, Defendants' qualified immunity defenses will turn largely on issues of law for the Court.

Third, permitting a lengthier briefing schedule is warranted due to the number and complexity of issues, and the number of individual Defendants. Unlike garden-variety employment lawsuits against private employers, there is no respondeat superior liability for government employers. Further, the HBUHSD was dismissed as a defendant on the basis of sovereign immunity. As a result, Plaintiff must establish individual liability against each named Defendant to be eligible for damages. To do so, Plaintiff will be required to establish that each Defendant participated in his constitutional injuries. *Armstrong v. Reynolds,* 22 F.4th 1058, 1069 (9th Cir. 2022). Plaintiff will essentially be opposing five MSJs in a single brief while also affirmatively moving for summary judgment against them.[1]

Additionally, to be entitled to injunctive and declaratory relief against Defendants in their official capacities, Plaintiff is required to establish a theory of liability under *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658 (1978). Such theories are designed to show the government entity's direct liability for constitutional violations. They include that District employees involved in the unconstitutional decisions were acting pursuant to an official policy, District

[1] Plaintiff plans to dismiss Defendants Daniel Bryan, Rich Boyce, Matt White, Kayla Holmes, and Noel Anderson. Plaintiff previously dismissed Defendants Susan Henry, Owen Crosby, Jeff Starr, Diana Carey, Bonnie Castrey, and Christian Epting.

employees were acting as a "final policymaker," or final policymakers acquiesced in or ratified the challenged decisions. *See Lytle v. Carl*, 382 F.3d 978, 982-86 (9th Cir. 2004); *Christie v. Iopa*, 176 F.3d 1231, 1235-1237 (9th Cir. 1999). Accordingly, the number and complexity of the issues warrant more time for preparing briefs.

Fourth, an enlargement of the 7,000-word limit set forth in L.R. 11-6 and the Standing Order also is warranted. The need to address these complex, significant issues of constitutional law for claims and defenses involving five Defendants constitutes good cause for an enlargement of the word count for the MSJ briefing.

Fifth, good cause exists for continuing the trial date for reasons separate from the MSJ briefing schedule. Earlier in this case, the Court dismissed the Huntington Beach Union High School District (HBUHSD) with prejudice on the basis of sovereign immunity. Plaintiff's appeal of that ruling is pending in the Ninth Circuit. It is fully briefed and set for oral argument on November 18, 2026. Therefore, the parties have proposed to continue the trial date from March 16, 2027 to May 25, 2027 to allow more time for a Ninth Circuit decision and to address issues if there is a reversal and remand. The question of the HBUHSD's sovereign immunity does not affect the MSJ arguments by or against the individual Defendants.

## IV. GOOD CAUSE EXISTS FOR EX PARTE RELIEF

The parties have met and conferred in good faith, and agreed to the requested relief, but cannot stipulate to the requested changes and do not have sufficient time to present a motion to the Court in time for the required relief. Accordingly, *ex parte* relief is appropriate pursuant to *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492-93 (C. D. Cal. 1995).

## V. PROPOSED MSJ BRIEFING FRAMEWORK

For good cause shown, the parties respectfully request that the Court grant the parties' Motion to modify the Scheduling Order and word-count for MSJ briefing as follows:

| **Event** | **Date** | **Word Limit** |
|---|---|---|
| Defendants' MSJ | October 22, 2026 | 12,000 words |
| Plaintiff's Opposition to Defendants' MSJ, including Plaintiff's Affirmative MSJ Issues | November 17, 2026 | 24,000 words |
| Defendants' Opposition to Plaintiff's Affirmative MSJ Issues and Reply to Plaintiff's Opposition to Defendants' MSJ | December 8, 2026 | 19,000 words |
| Plaintiff Reply to Defendants' Opposition to Plaintiff's Affirmative MSJ Issues | December 24, 2026 | 7,000 words |
| Hearing Date on MSJ | January 21, 2027 | |

The parties have also agreed to modify the remaining Scheduling Order deadlines to align with the proposed extension of the MSJ briefing and hearing, and the continuance of the trial as set forth below. Any deadline not addressed in the charts remain the same as in the Court's prior Scheduling Order (ECF 109).

| **Event** | **Current Date** | **Proposed Date** |
|---|---|---|
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>[ X ] Magistrate Judge | December 17, 2026 | February 18, 2027 |
| Trial Filings (first round)<br>• Motions in Limine with Proposed Orders Memoranda of Contentions of Fact & Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement | February 3, 2027 | April 7, 2027 |

| | | |
|---|---|---|
| • Proposed Findings of Fact & Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations containing Direct Testimony, if ordered (bench trial only) | | |
| Trial Filings (second round)<br>• Oppositions to Motions in Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Additional Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | February 10, 2027 | April 14, 2027 |
| Pretrial Conference & Hearing on Motions in Limine<br>[Thursday at 8:30 a.m.]<br>(requesting 26 days instead of 19) | February 25, 2027 | April 29, 2027 |
| Jury Trial (4 days, excluding voir dire)<br>[Tuesday at 8:00 a.m.] | March 16, 2027 | May 25, 2027 |

## VI. CONCLUSION

For the foregoing reasons, the parties respectfully request an Order granting

the requested *ex parte* relief.

Dated: September 14, 2026

CROWELL & MORING LLP

By: */s/ Daniel A. Sasse*
Daniel A. Sasse
David C. Griffith

*Attorneys for Plaintiff Christopher Kluwe*

Dated**:** September 14, 2026

LAW PRACTICE OF ANNE BRAFFORD

By: */s/ Anne M. Brafford*
Anne M. Brafford

*Attorneys for Plaintiff Christopher Kluwe*

Dated**:** September 14, 2026

ACLU Foundation of Southern California

By: */s/ Peter Eliasberg*
Peter Eliasberg
Jonathan Markovitz

*Attorneys for Plaintiff Christopher Kluwe*

Dated**:** September 14, 2026

Atkinson, Andelson, Loya, Ruud & Romo

By: */s/ Mark Bresee*
Mark R. Bresee

*Attorneys for Defendants*

## FILER'S ATTESTATION

Pursuant to Civil L.R. 5-4.3.4(a)(2), I certify that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Daniel A. Sasse*
Daniel A. Sasse

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to Counsel for all Parties, who are CM/ECF registrants.

*/s/ Daniel A. Sasse*
Daniel A. Sasse